## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## GREENVILLE DIVISION

EDEN ROGERS, *et al.*

           Plaintiffs,

   v.

UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES, *et al.*,

           Defendants.

Case No. 6:19-cv-1567 (TMC)

## FEDERAL DEFENDANTS' ANSWER

Defendants United States Department of Health and Human Services ("HHS"); Administration for Children and Families ("ACF"); Alex Azar, II, in his official capacity as Secretary of HHS; Lynn Johnson, in her official capacity as Assistant Secretary for ACF; and Scott Lekan, in his official capacity as Principal Deputy Assistant Secretary of ACF[1] (collectively the "Federal Defendants"), submit their Answer to the Complaint, ECF No. 1.

The opening, unnumbered paragraph of the Complaint consists of Plaintiffs' characterization of this suit to which no response is required but, to the extent a response may be deemed required, is denied, except to admit that this paragraph accurately identifies the parties to this action at the time the Complaint was filed.

Federal Defendants respond to the numbered paragraphs of the Complaint as follows:

1.     Denied, except to admit that Plaintiffs are seeking declaratory and injunctive relief against Defendants in their official capacities.

---

[1] Per Rule 25(d), Mr. Lekan is automatically substituted as a party to this action because he is the current holder of this position. *See* Fed. R. Civ. P. 25(d).

2.      Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2.

3.      Federal Defendants deny the allegations in the second and third sentences of Paragraph 3, except to admit that in a letter dated February 27, 2018, the Governor of South Carolina requested from HHS a specified "deviation or waiver" from 45 C.F.R. § 75.300(c) and (d), and that HHS provided South Carolina with a letter conveying that it had granted a conditional exception from enforcement of the religious non-discrimination provision of section 75.300(c) on January 23, 2019.  Federal Defendants respectfully refer the Court to those documents for a complete and accurate statement of their contents.  Federal Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the remainder of Paragraph 3, which makes allegations about another party to this litigation.

4.      Federal Defendants deny the first sentence of Paragraph 4.  Federal Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the remainder of Paragraph 4.

5.      Denied.

6.      Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the second sentence of Paragraph 6. Federal Defendants deny the remainder of Paragraph 6.

7.      Denied.

8.      Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8.

9.      The first sentence of Paragraph 9 is admitted.  As to the second sentence of Paragraph 9, Federal Defendants admit they provide funds to the State of South Carolina pursuant

to Title IV-E of the Social Security Act for the purposes provided in that statute and implementing regulations.

10.     Admitted.

11.     The first sentence of Paragraph 11 is admitted.  As to the second sentence of Paragraph 11, Federal Defendants admit they provide funds to the State of South Carolina pursuant to Title IV-E of the Social Security Act for the purposes provided in that statute and implementing regulations.

12.     Admitted.

13.     Paragraph 13 is denied, except to admit that Scott Lekan, in his official capacity as Principal Deputy Assistant Secretary for ACF, is a defendant in this action.

14.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14, except to admit that Henry McMaster is Governor of South Carolina.

15.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15, except to admit that Michael Leach is Director of the South Carolina Department of Social Services.

16.     Paragraph 16 consists of legal conclusions to which no response is required but, to the extent a response is deemed required, is denied.

17.     Paragraph 17 consists of legal conclusions to which no response is required but, to the extent a response is deemed required, is denied.

18.     Paragraph 18 consists of legal conclusions to which no response is required but, to the extent a response is deemed required, is denied.

19.     Paragraph 19 consists of legal conclusions to which no response is required but, to the extent a response is deemed required, is denied, except to admit that venue is proper in this District as to the Federal Defendants assuming the truth of the allegations in the Complaint.

20.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20.

21.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21.

22.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22.

23.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23.

24.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24.

25.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25.

26.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26, which makes certain assertions about provisions of state law.  Federal Defendants respectfully refer the Court to the cited regulations and statutes for a complete and accurate statement of their contents.

27.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27, which makes certain assertions about provisions of state law.  Federal Defendants respectfully refer the Court to the cited regulations for a complete and accurate statement of their contents.

28.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28, which makes certain assertions about provisions of state law.  Federal Defendants respectfully refer the Court to the cited regulation for a complete and accurate statement of its contents.

29.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29, which makes certain assertions about provisions of state law.  Federal Defendants respectfully refer the Court to the cited regulation for a complete and accurate statement of its contents.

30.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30, which makes certain assertions about South Carolina policy.  Federal Defendants respectfully refer the Court to the cited manual for a complete and accurate statement of its contents.

31.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31, which makes certain assertions about South Carolina policy.  Federal Defendants respectfully refer the Court to the cited manual for a complete and accurate statement of its contents.

32.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32, which makes certain assertions about South Carolina policy.  Federal Defendants respectfully refer the Court to the cited manual for a complete and accurate statement of its contents.

33.     The first sentence of Paragraph 33 is admitted.  Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the last sentence of Paragraph 33, except to admit that they provide federal funds to South Carolina pursuant to Title

IV-E of the Social Security Act for the purposes provided in that statute and implementing regulations.

34.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34, except to admit that certain requirements of federal law apply to South Carolina in relation to its receipt of federal funds under Title IV-E of the Social Security Act and that that statute contains the provisions cited in the second sentence of the paragraph.  Federal Defendants respectfully refer the Court to the cited provisions for a complete and accurate statement of their contents.

35.     Paragraph 35 contains legal conclusions and Plaintiffs' characterization of regulations, to which no response is required.  To the extent a response is deemed required, Federal Defendants admit that faith-based organizations are generally permitted to participate in HHS programs, admit that the cited regulation contains the quoted material, and deny the remainder of the paragraph.  Federal Defendants respectfully refer the Court to the cited provisions for a complete and accurate statement of their contents.

36.     Paragraph 36 contains a legal conclusion and Plaintiffs' characterization of a regulation, to which no response is required.  To the extent a response is deemed required, Federal Defendants deny the allegations in Paragraph 36, except to admit that the cited regulation contains the quoted material and that certain "explicitly religious activities" by federal grantees are prohibited in certain circumstances by federal law.  Federal Defendants respectfully refer the Court to the cited provisions for a complete and accurate statement of their contents.

37.     Admitted that 42 U.S.C. § 671(a)(18) contains the quoted material.

38.     Paragraph 38 contains legal conclusions and Plaintiffs' characterization of a regulation, to which no response is required.  To the extent a response is deemed required, Federal

Defendants deny the allegations in Paragraph 38, except to admit that the cited regulation contains the quoted material.

39.    Admitted.

40.    Admitted.

41.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41.

42.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42.

43.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43.

44.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44.

45.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45.

46.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46.

47.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47.

48.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48.

49.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49.

50.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50.

51.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51.

52.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52.

53.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53.

54.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54.

55.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 55.

56.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56.

57.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57.

58.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58.

59.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59.

60.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60.

61.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61.

62.     Federal Defendants deny the allegations in Paragraph 62, except to admit that in a letter dated February 27, 2018, the Governor of South Carolina requested from HHS a specified "deviation or waiver" from 45 C.F.R. § 75.300(c) and (d).  Federal Defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents.

63.     Federal Defendants deny the allegations in Paragraph 63, except to admit that Federal Defendants received a letter from Lambda Legal and other organizations dated November 19, 2018, regarding the Governor's request for a deviation or waiver.  Federal Defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents.

64.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64, which makes allegations about another party to this litigation and a provision of state law.  Federal Defendants respectfully refer the Court to the cited Executive Order for a complete and accurate statement of its contents.

65.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65.

66.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66.

67.     In response to Paragraph 67, Federal Defendants admit they received a letter from Miracle Hill dated December 18, 2018 and respectfully refer the Court to that letter for a complete and accurate statement of its contents.

68.     Paragraph 68 is denied, except to admit that on January 23, 2019, a letter from then-Principal Deputy Assistant Secretary Wagner to Governor McMaster conveyed to South Carolina

that a conditional exception from the religious non-discrimination requirements of 45 C.F.R. § 75.300(c) had been granted.

69.    Paragraph 69 is denied, except to admit that the conditional exception approved on January 23, 2019 applies in certain circumstances specified in the letter informing Governor McMaster of that approval, to which Federal Defendants respectfully refer the Court for a complete and accurate statement of its contents.

70.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70.

71.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71.

72.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72.

73.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73.

74.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74.

75.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75.

76.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76.

77.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77.

78.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78.

79.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79.

80.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 80.

81.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 81.

82.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82.

83.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83.

84.     Denied.

85.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85.

86.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 86.

87.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 87.

88.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 88.

89.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 89.

90.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 90, except to specifically deny that any alleged action by Federal Defendants undermines the availability and diversity of foster family homes.

91.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 91.

92.     Denied.

93.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 93, except to specifically deny that any alleged action by Federal Defendants undermines the availability and diversity of foster family homes.

94.     The first sentence of Paragraph 94 is denied.  Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the remainder of Paragraph 94.

95.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 95, which makes allegations about another party to this litigation, except that Federal Defendants specifically deny that the conditional exception issued to South Carolina authorizes or enables the actions and outcomes alleged in this paragraph.

96.     Denied.

97.     In Paragraph 97, Plaintiffs reallege the prior paragraphs as if fully stated therein. Federal Defendants thus incorporate by reference here their answers to those paragraphs.

98.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 98, which makes allegations about another party to this litigation.

99.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 99, which makes allegations about another party to this litigation.

100.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 100, which makes allegations about another party to this litigation.

101.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 101, which makes allegations about another party to this litigation.

102.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 102, which makes allegations about another party to this litigation.

103.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 103, which makes allegations about another party to this litigation.

104.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 104, which makes allegations about another party to this litigation.

105.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 105, which makes allegations about another party to this litigation.

106.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 106, which makes allegations about another party to this litigation.

107.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 107, which makes allegations about another party to this litigation.

108.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 108, which makes allegations about another party to this litigation.

109.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 109, which makes allegations about another party to this litigation.

110.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 110, which makes allegations about another party to this litigation.

111.    Paragraph 111 contains a legal conclusion to which no response is required but, to the extent a response is deemed required, is denied.

112.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 112, which makes allegations about another party to this litigation.

113.    Paragraph 113 contains legal conclusions to which no response is required but, to the extent a response is deemed required, is denied.

114.    In Paragraph 114, Plaintiffs reallege the prior paragraphs as if fully stated therein. Federal Defendants thus incorporate by reference here their answers to those paragraphs.

115.    Denied.

116.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 116.

117.    Denied.

118.    Denied.

119.    Denied.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Paragraph 124 contains legal conclusions to which no response is required but, to the extent a response is deemed required, is denied.

125.    Paragraph 125 contains legal conclusions to which no response is required but, to the extent a response is deemed required, is denied.

126.    Paragraph 126 contains legal conclusions to which no response is required but, to the extent a response is deemed required, is denied.

127.    In Paragraph 127, Plaintiffs reallege the prior paragraphs as if fully stated therein. Federal Defendants thus incorporate by reference here their answers to those paragraphs.

128.    Paragraph 128 contains legal conclusions to which no response is required.  Federal Defendants respectfully refer the Court to the Fourteenth Amendment of the U.S. Constitution for a complete and accurate statement of its contents.

129.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 129, which makes allegations about another party to this litigation.

130.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 130, which makes allegations about another party to this litigation.

131.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 131, which makes allegations about another party to this litigation.

132.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 132, which makes allegations about another party to this litigation.

133.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 133, which makes allegations about another party to this litigation.

134.    Paragraph 134 contains legal conclusions to which no response is required but, to the extent a response is deemed required, is denied.

135.    Paragraph 135 contains legal conclusions to which no response is required but, to the extent a response is deemed required, is denied.

136.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 136, which makes allegations about another party to this litigation.

137.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 137, which makes allegations about another party to this litigation.

138.    Paragraph 138 contains legal conclusions to which no response is required but, to the extent a response is deemed required, is denied.

139.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 139, which makes allegations about another party to this litigation.

140.    Paragraph 140 contains legal conclusions to which no response is required but, to the extent a response is deemed required, is denied.

141.    In Paragraph 141, Plaintiffs reallege the prior paragraphs as if fully stated therein. Federal Defendants thus incorporate by reference here their answers to those paragraphs.

142.    Paragraph 142 contains legal conclusions to which no response is required.  Federal Defendants respectfully refer the Court to the Fifth Amendment of the U.S. Constitution for a complete and accurate statement of its contents.

143.    Denied.

144.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 144.

145.    Denied.

146.    Denied.

147.    Denied.

148.    Denied.

149.    Denied.

150.    Paragraph 150 contains legal conclusions to which no response is required but, to the extent a response is deemed required, is denied.

151.    Paragraph 151 contains legal conclusions to which no response is required but, to the extent a response is deemed required, is denied.

152.    Denied.

153.    Denied.

154.    Paragraph 154 contains legal conclusions to which no response is required but, to the extent a response is deemed required, is denied.

155.    Denied.

156.    Paragraph 156 contains legal conclusions to which no response is required but, to the extent a response is deemed required, is denied.

The final section of the Complaint, titled "Prayer for Relief," consists of Plaintiffs' request for relief, to which no response is required; to the extent a response is deemed required, Federal Defendants deny that Plaintiffs are entitled to the relief requested.

Each and every allegation of the Complaint not heretofore expressly responded to is hereby denied.

## DEFENSES

1.    Plaintiffs lack standing to sue the Federal Defendants.

2.    The Complaint fails to state a claim upon which relief can be granted.

WHEREFORE, having answered, Federal Defendants pray that:

1.    This Court enter judgment for Federal Defendants and dismiss this action with prejudice; and

2.      Federal Defendants be granted such further relief as the Court may deem just and proper.

Dated:  May 22, 2020                          Respectfully submitted,

                                              JOSEPH H. HUNT
                                              Assistant Attorney General

                                              PETER M. McCOY, JR.
                                              United States Attorney

                                              _/s/ Christie V. Newman_____
                                              CHRISTIE V. NEWMAN (#5473)
                                              Assistant United States Attorney
                                              1441 Main Street, Suite 500
                                              Columbia, SC 29201
                                              Telephone: (803) 929-3021
                                              Email: Christie.Newman@usdoj.gov

                                              MICHELLE BENNETT
                                              Assistant Branch Director

                                              CHRISTOPHER A. BATES
                                              Senior Counsel to the Assistant Attorney General

                                              JAMES R. POWERS (TX Bar No. 24092989)*
                                              Trial Attorney
                                              Federal Programs Branch
                                              U.S. Department of Justice, Civil Division
                                              1100 L Street, NW
                                              Washington, DC 20005
                                              Telephone:  (202) 353-0543
                                              Email:  james.r.powers@usdoj.gov

                                              *Admitted *pro hac vice*

                                              *Counsel for Federal Defendants*