## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## GREENVILLE DIVISION

| | | |
|---|---|---|
| Eden Rogers et al., | ) | |
| | ) | Civil Action No. 6:19-cv-01567-TMC |
| Plaintiffs, | ) | |
| v. | ) | **DEFENDANT HENRY MCMASTER'S** |
| | ) | **ANSWER TO THE COMPLAINT** |
| United States Department of Health and | ) | |
| Human Services, et al., | ) | |
| Defendants. | ) | |

Defendant Henry McMaster, in his official capacity as Governor of the State of South Carolina, expressly reserving the right to file motions under Rules 12 and/or 56 of the Federal Rules of Civil Procedure and to file any other dispositive motion, responds to Plaintiffs' Complaint by denying each and every allegation not hereinafter specifically admitted, demanding strict proof thereof, and further responds as follows:

### FOR A FIRST DEFENSE AND BY WAY OF AN ANSWER

#### Nature of the Action

1.      Governor McMaster denies all allegations set forth in Paragraph 1, including the factual allegations and the legal conclusions contained therein. Governor McMaster specifically denies the factual allegations and asserts that they consist of editorial comments, unwarranted inferences, and inflammatory arguments couched as facts, which are neither supported by the law nor the facts. Governor McMaster denies that qualified families have been excluded from fostering children in the public child welfare system, denies that would-be foster parents have been prevented from participating in the public child welfare system on the bases of religion and sexual orientation, and denies participating in any practice that harms vulnerable children.

2.      Governor McMaster denies all allegations set forth in Paragraph 2, including the factual allegations and the legal conclusions contained therein.  Governor McMaster specifically denies the allegation that a private third-party entity can or did "disqualify" any person or family

from serving as a foster parent.  Governor McMaster further denies the allegations' characterization of Miracle Hill Ministries ("Miracle Hill") as an "agency," and affirmatively states that Miracle Hill is a private, independent, third-party non-profit that is neither a state agency nor a governmental entity.  To the extent the allegations and legal conclusions contained in Paragraph 2 allege or imply any wrongdoing or liability on the part of Governor McMaster, the allegations or implications are denied.

3.     Governor McMaster denies all allegations set forth in Paragraph 3, including the factual allegations and the legal conclusions contained therein. Governor McMaster specifically denies the factual allegations and asserts that they are inflammatory assertions that are neither supported by the law nor the facts. To the extent the allegations of Paragraph 3 refer to and purport to summarize uncited documents, those documents speak for themselves and the allegations' characterizations and summaries of the documents and their context, motivation, meaning, and contents are denied.  To the extent the allegations and legal conclusions contained in Paragraph 3 allege or imply any wrongdoing or liability on the part of Governor McMaster, the allegations or implications are denied.

4.     Governor McMaster denies all allegations set forth in Paragraph 4, including the factual allegations and the legal conclusions contained therein. Governor McMaster specifically denies the factual allegations and asserts that they are inflammatory assertions that are neither supported by the law nor the facts. Governor McMaster denies that his actions have caused, or that there exists in South Carolina, a state foster care system in which the suitability of prospective foster parents is assessed based on religious requirements.  To the extent the allegations and legal conclusions contained in Paragraph 4 allege or imply any wrongdoing or liability on the part of Governor McMaster, the allegations or implications are denied.

5.     Governor McMaster denies all allegations set forth in Paragraph 5, including the factual allegations and the legal conclusions contained therein. Governor McMaster specifically denies the factual allegations and asserts that they are inflammatory assertions that are neither supported by the law nor the facts. Governor McMaster denies that Plaintiffs have been denied the opportunities to foster that are available to qualified persons, much less that his actions have caused such denial; that Plaintiffs have faced any barrier or impediment to fostering, much less that his actions have caused such barrier; and that Plaintiffs have been stigmatized or found to be inferior or less worthy than any other qualified persons, much less by him or as a result of his actions. To the contrary, Plaintiffs at all times have been and are still are welcome to seek licensure as foster parents from the South Carolina Department of Social Services ("SCDSS"), which evaluates and licenses all foster parents in the state, and which does so without regard to their religion, lack of religion, sexual orientation, or marital status.  To the extent the allegations and legal conclusions contained in Paragraph 5 allege or imply any wrongdoing or liability on the part of Governor McMaster, the allegations or implications are denied.

6.     Governor McMaster denies the allegations set forth in Paragraph 6, including the factual allegations and the legal conclusions contained therein. Governor McMaster admits only that the need for foster homes in South Carolina exceeds the number of available foster homes, but specifically denies the factual allegations in Paragraph 6 and asserts that they are inflammatory assertions that are neither supported by the law nor the facts. Governor McMaster denies that his actions or any fact or action alleged in the Complaint denies foster children access to foster homes; that his actions or any other fact or action alleged in the Complaint exacerbates any shortage of foster homes or prevents any qualified person from seeking and obtaining licensure as a foster parent; that his actions or any other fact or action alleged in the Complaint limits the availability and diversity of foster homes in South Carolina; and that his actions or any other fact or action alleged in the

Complaint elevate any private third-parties' interests above those of children in foster care. To the contrary, Governor McMaster asserts that his actions enlarge the number of available foster homes and expand their breadth and diversity, all without hindering any qualified person from being licensed and serving as a foster parent, and all to the benefit of the interests of children in foster care in the state. To the extent the allegations and legal conclusions contained in Paragraph 6 allege or imply any wrongdoing or liability on the part of Governor McMaster, the allegations or implications are denied.

7.     Governor McMaster denies the allegations set forth in Paragraph 7, including the factual allegations and the legal conclusions contained therein.  To the extent the allegations of Paragraph 7 contain legal conclusions, no response is required at this time, but to the extent a response is required, the conclusions are denied.  To the extent the allegations of Paragraph 7 contain factual assertions or allege or imply any wrongdoing or liability on the part of Governor McMaster, the allegations or implications are denied.

Parties

8.     Governor McMaster lacks sufficient information to admit or deny the allegations of Paragraph 8 and therefore denies those allegations.  Governor McMaster further denies Plaintiffs' alleged readiness and willingness to serve as foster parents because, on information and belief, Plaintiffs have knowingly declined to pursue opportunities available to them to seek licensure as foster parents by SCDSS and to serve as foster parents directly with SCDSS or with private agencies near them who are willing to assist them.

9.     Governor McMaster admits only that the United Stated Department of Health and Human Services ("HHS") is a federal agency.  Governor McMaster lacks sufficient information to admit or deny the allegations of Paragraph 9 regarding the duties with which HHS has been charged

or its operations or the administration of grants pursuant to federal law and therefore denies those allegations.

10.    Governor McMaster admits only that Alex Azar II is the Secretary of HHS. Governor McMaster lacks sufficient information to admit or deny the allegations of Paragraph 10 regarding Secretary Azar's responsibilities and authority and therefore denies those allegations. The remainder of Paragraph 10 contains legal conclusions to which no response is required.

11.    Governor McMaster admits only that the Administration for Children and Families ("ACF") is a division of HHS. Governor McMaster lacks sufficient information to admit or deny the allegations of Paragraph 11 regarding ACF's responsibilities and operations and therefore denies those allegations.

12.    Governor McMaster admits that Lynn Johnson is the Assistant Secretary for ACF. The remainder of Paragraph 12 contains legal conclusions to which no response is required.

13.    Governor McMaster admits that Steven Wagner is the Principal Deputy Assistant Secretary for ACF. The remainder of Paragraph 13 contains legal conclusions to which no response is required.

14.    Governor McMaster admits he is the Governor of the State of South Carolina and that SCDSS is a cabinet agency. The remainder of Paragraph 14 contains legal conclusions to which no response is required at this time. To the extent a response is required and to the extent the allegations contain factual assertions or legal conclusions that allege or imply any wrongdoing or liability on the part of Governor McMaster, the allegations or implications are denied.

15.    Governor McMaster admits that Michael Leach is the State Director of SCDSS. The remainder of Paragraph 15 contains legal conclusions to which no response is required at this time. To the extent a response is required and to the extent the allegations contain factual assertions or

legal conclusions that allege or imply any wrongdoing or liability on the part of Governor McMaster or Mr. Leach, the allegations or implications are denied.

Jurisdiction and Venue

16.    The allegations of Paragraph 16 contain legal conclusions to which no response is required at this time.

17.    The allegations of Paragraph 17 contain legal conclusions to which no response is required at this time.

18.    The allegations of Paragraph 18 contain legal conclusions to which no response is required at this time.

19.    The allegations of Paragraph 19 contain legal conclusions to which no response is required at this time.

Relevant Facts

**A.    Foster Care in South Carolina**

20.    To the extent the allegations in Paragraph 20 summarize, rely on, or quote from the documents or materials cited therein, those documents or materials speak for themselves, and Governor McMaster denies Plaintiffs' descriptions or characterizations of the documents or materials and their context, motivation, meaning, and contents.  To the extent the allegations of Paragraph 20 or the documents or materials cited therein allege or imply any wrongdoing or liability on the part of Governor McMaster, the allegations or implications are denied.  Governor McMaster further denies that the allegations of Paragraph 20 are relevant to the legal issues in this civil action and asserts that the allegations appear to be intended to distract from the actual issues in the case.

21.    To the extent the allegations in Paragraph 21 summarize, rely on, or quote from the documents or materials cited therein, those documents or materials speak for themselves, and Governor McMaster denies Plaintiffs' descriptions or characterizations of the documents or

6

materials and their context, motivation, meaning, and contents. To the extent the allegations of Paragraph 21 or the documents or materials cited therein allege or imply any wrongdoing or liability on the part of Governor McMaster, the allegations or implications are denied. Governor McMaster further denies that the allegations of Paragraph 21 are relevant to the legal issues in this civil action and asserts that the allegations appear to be intended to distract from the actual issues in the case.

22.     To the extent the allegations in Paragraph 22 summarize, rely on, or quote from the documents or materials cited therein, those documents or materials speak for themselves, and Governor McMaster denies Plaintiffs' descriptions or characterizations of the documents or materials and their context, motivation, meaning, and contents. To the extent the allegations of Paragraph 22 or the documents or materials cited therein allege or imply any wrongdoing or liability on the part of Governor McMaster, the allegations or implications are denied. Governor McMaster further denies that the allegations of Paragraph 22 are relevant to the legal issues in this civil action and asserts that the allegations appear to be intended to distract from the actual issues in the case.

23.     To the extent the allegations in Paragraph 23 summarize, rely on, or quote from the documents or materials cited therein, those documents or materials speak for themselves, and Governor McMaster denies Plaintiffs' descriptions or characterizations of the documents or materials and their context, motivation, meaning, and contents. To the extent the allegations of Paragraph 23 or the documents or materials cited therein allege or imply any wrongdoing or liability on the part of Governor McMaster, the allegations or implications are denied. Governor McMaster further denies that the allegations of Paragraph 23 are relevant to the legal issues in this civil action and asserts that the allegations appear to be intended to distract from the actual issues in the case.

24.     Governor McMaster denies the allegation in Paragraph 24 that the provision of foster care services is exclusively or traditionally a governmental function. Governor McMaster lacks sufficient information to admit or deny the practices of other States alleged in Paragraph 24.

Governor McMaster admits only that SCDSS licenses and contracts with private Child Placing Agencies ("CPAs") and that some CPAs recruit prospective foster parents and conduct private, unofficial, non-binding evaluations for their own purposes of a prospective foster parent's qualifications to apply to SCDSS for licensure as a foster parent. Governor McMaster denies the allegation that any CPA's recruiting, evaluation, or assessment efforts are funded by government funds. He further denies the allegation or implication that any CPA can or does "screen" or otherwise determine a prospective foster parent's suitability to obtain a foster care license. To the extent the allegations of Paragraph 23 or the documents or materials cited therein allege or imply any wrongdoing or liability on the part of Governor McMaster, the allegations or implications are denied.

25.     The allegations of Paragraph 25 are denied.

**B.     Applicable Statutes and Regulations**

26.     The allegations of Paragraph 26 contain legal conclusions to which no response is required at this time. Further, to the extent the allegations in Paragraph 26 summarize, rely on, or quote from statutes or regulations cited therein, those documents speak for themselves, and Governor McMaster denies Plaintiffs' descriptions or characterizations of the documents and their interpretations or meanings.

27.     The allegations of Paragraph 27 contain legal conclusions to which no response is required at this time. Further, to the extent the allegations in Paragraph 27 summarize, rely on, or quote from statutes or regulations cited therein, those documents speak for themselves, and Governor McMaster denies Plaintiffs' descriptions or characterizations of the documents and their interpretations or meanings.

28.     The allegations of Paragraph 28 contain legal conclusions to which no response is required. Further, to the extent the allegations in Paragraph 28 summarize, rely on, or quote from

statutes or regulations cited therein, those documents speak for themselves, and Governor McMaster denies Plaintiffs' descriptions or characterizations of the documents and their interpretations or meanings.

29.     The allegations of Paragraph 29 contain legal conclusions to which no response is required at this time.  Further, to the extent the allegations in Paragraph 29 summarize, rely on, or quote from statutes or regulations cited therein, those documents speak for themselves, and Governor McMaster denies Plaintiffs' descriptions or characterizations of the documents and their interpretations or meanings.

30.      Paragraph 30 makes no factual allegations and merely purports to quote from a selected excerpt of an SCDSS manual, to which no response is required at this time.  To the extent a response is required, and to the extent Plaintiffs allege or imply the cited material establishes any wrongdoing or liability on the part of Governor McMaster, the allegations or implications are denied.

31.     Paragraph 31 makes no factual allegations and merely purports to quote from a selected excerpt of an SCDSS manual, to which no response is required at this time.  To the extent a response is required, and to the extent Plaintiffs allege or imply the cited material establishes any wrongdoing or liability on the part of Governor McMaster, the allegations or implications are denied.

32.     Paragraph 32 makes no factual allegations and merely purports to quote from a selected excerpt of an SCDSS manual, to which no response is required at this time.  To the extent a response is required, and to the extent Plaintiffs allege or imply the cited material establishes any wrongdoing or liability on the part of Governor McMaster, the allegations or implications are denied.

33.     The allegations of Paragraph 33 contain legal conclusions to which no response is required at this time.  Further, to the extent the allegations in Paragraph 33 summarize, rely on, or quote from statutes or regulations cited therein, those documents speak for themselves, and Governor McMaster denies Plaintiffs' descriptions or characterizations of the documents and their

interpretations or meanings.  To the extent the concluding sentence of Paragraph 33 asserts a factual allegation it is denied as stated.  To the extent Plaintiffs allege or imply the cited material establishes any wrongdoing or liability on the part of Governor McMaster, the allegations or implications are denied.

34.     The allegations of Paragraph 34 contain legal conclusions to which no response is required at this time.  Further, to the extent the allegations in Paragraph 34 summarize, rely on, or quote from documents or materials cited or referenced therein, those documents or materials speak for themselves, and Governor McMaster denies Plaintiffs' descriptions or characterizations of the documents and their interpretations or meanings.  To the extent Plaintiffs characterizations or summaries of the documents or materials allege or imply any wrongdoing or liability on the part of Governor McMaster, the allegations or implications are denied. To the extent the concluding sentence of Paragraph 34 asserts a factual allegation or purports to repeat a factual assertion, it is denied.

35.     The allegations of Paragraph 35 contain legal conclusions to which no response is required at this time.  Further, to the extent the allegations in Paragraph 35 summarize, rely on, or quote from documents or materials cited or referenced therein, those documents or materials speak for themselves, and Governor McMaster denies Plaintiffs' descriptions or characterizations of the documents and their interpretations or meanings.  To the extent Plaintiffs characterizations or summaries of the documents or materials allege or imply any wrongdoing or liability on the part of Governor McMaster, the allegations or implications are denied.  To the extent Paragraph 35 alleges that federal regulations "prohibit[] religious discrimination in the provision of services," that allegation is both incorrect and is inconsistent with the cited regulation, and is, therefore, denied.

36.     The allegations of Paragraph 36 contain legal conclusions to which no response is required at this time.  Further, to the extent the allegations in Paragraph 36 summarize, rely on, or

quote from the regulation cited therein, the regulations speaks for itself, and Governor McMaster denies Plaintiffs' descriptions or characterizations of the regulation and its interpretation or meaning. To the extent Plaintiffs characterizations or summaries of the regulation allege or imply any wrongdoing or liability on the part of Governor McMaster, the allegations or implications are denied. Further, to the extent Paragraph 36 alleges that federal regulations "prohibit[] agencies that receive federal funds from engaging in 'explicitly religious activities' including proselytization," that allegation is both incorrect and is inconsistent with the cited regulation, and is, therefore, denied.

37.    The allegations of Paragraph 37 contain legal conclusions to which no response is required at this time.  Further, to the extent the allegations in Paragraph 37 summarize, rely on, or quote from the statute cited therein, the statute speaks for itself, and Governor McMaster denies Plaintiffs' descriptions or characterizations of the statute and its interpretation or meaning.  To the extent Plaintiffs characterizations or summaries of the statute allege or imply any wrongdoing or liability on the part of Governor McMaster, the allegations or implications are denied.

38.    The allegations of Paragraph 38 contain legal conclusions to which no response is required at this time.  Further, to the extent the allegations in Paragraph 38 summarize, rely on, or quote from the regulation cited therein, the regulations speaks for itself, and Governor McMaster denies Plaintiffs' descriptions or characterizations of the regulation and its interpretation or meaning. To the extent Plaintiffs characterizations or summaries of the regulation allege or imply any wrongdoing or liability on the part of Governor McMaster, the allegations or implications are denied.

39.    The allegations of Paragraph 39 contain legal conclusions to which no response is required at this time.  Further, to the extent the allegations in Paragraph 39 summarize, rely on, or quote from the regulation cited therein, the regulations speaks for itself, and Governor McMaster denies Plaintiffs' descriptions or characterizations of the regulation and its interpretation or meaning.

To the extent Plaintiffs characterizations or summaries of the regulation allege or imply any wrongdoing or liability on the part of Governor McMaster, the allegations or implications are denied.

40.    The allegations of Paragraph 40 contain legal conclusions to which no response is required at this time.  Further, to the extent the allegations in Paragraph 40 summarize, rely on, or quote from the regulation cited therein, the regulations speaks for itself, and Governor McMaster denies Plaintiffs' descriptions or characterizations of the regulation and its interpretation or meaning. To the extent Plaintiffs characterizations or summaries of the regulation allege or imply any wrongdoing or liability on the part of Governor McMaster, the allegations or implications are denied.

**C.    Miracle Hill Ministries**

41.    Governor McMaster admits that Miracle Hill is a non-profit organization in Greenville, South Carolina.  Governor McMaster lacks sufficient information to admit or deny the remainder of the allegations of Paragraph 41, and thus, to the extent a response is required, denies them.  To the extent the allegations in Paragraph 41 summarize, rely on, or quote from other documents or materials, those documents or material speak for themselves, and Governor McMaster denies Plaintiffs' descriptions or characterizations of the documents and their interpretations or meanings.  To the extent Paragraph 41 alleges or implies any wrongdoing or liability on the part of Governor McMaster, the allegations or implications are denied.

42.    To the extent the allegations in Paragraph 42 quote from and rely on the documents or materials cited therein, those documents or materials speak for themselves, and no response is required.  To the extent a response is required and to the extent Paragraph 42 alleges or implies any wrongdoing or liability on the part of Governor McMaster, the allegations or implications are denied.

43.    To the extent the allegations in Paragraph 43 relate to another party, person, or entity, Governor McMaster lacks sufficient information to admit or deny the allegations.  To the extent a response is required, the allegations in Paragraph 43 are denied as stated.

44.     To the extent the allegations in Paragraph 44 summarize, rely on, or quote from other documents or materials, those documents or material speak for themselves, and Governor McMaster denies Plaintiffs' descriptions or characterizations of the documents and their interpretations or meanings.  To the extent a response is required and to the extent Paragraph 44 or the material cited therein allege or imply any wrongdoing or liability on the part of Governor McMaster, the assertions, allegations, or implications are denied.

45.     The allegations in Paragraph 45 are denied.  Governor McMaster admits only that, as acknowledged in Paragraph 45 and elsewhere in the Complaint, prospective foster parents of any faith or no faith, and of any sexual orientation or marital status, have been, and continue to be, welcome to apply to SCDSS for licensure as foster parents and, if licensed, for placement of a foster child.

46.     The allegations in the first sentence of Paragraph 46 are denied.  Governor McMaster lacks sufficient information to admit or deny the allegations in the remainder of Paragraph 46.  To the extent the allegations of Paragraph 46 purport to summarize, rely on, or quote from other documents or materials, those documents or material speak for themselves, and Governor McMaster denies Plaintiffs' descriptions or characterizations of the documents and their interpretations or meanings.  To the extent a response is required, and to the extent Paragraph 46 or the material cited therein allege or imply any wrongdoing or liability on the part of Governor McMaster, the assertions, allegations, or implications are denied.

47.     To the extent the allegations in Paragraph 47 purport to summarize, rely on, or quote from other documents or materials, those documents or material speak for themselves, and Governor McMaster denies Plaintiffs' descriptions or characterizations of the documents and their interpretations or meanings.  To the extent a response is required, and to the extent Paragraph 47 or

the material cited therein allege or imply any wrongdoing or liability on the part of Governor McMaster, the assertions, allegations, or implications are denied.

48.    To the extent the allegations in Paragraph 48 purport to summarize, rely on, or quote from other documents or materials, those documents or material speak for themselves, and Governor McMaster denies Plaintiffs' descriptions or characterizations of the documents and their interpretations or meanings.  To the extent a response is required, and to the extent Paragraph 48 or the material cited therein allege or imply any wrongdoing or liability on the part of Governor McMaster, the assertions, allegations, or implications are denied.

49.    To the extent the allegations in Paragraph 49 purport to summarize, rely on, or quote from other documents or materials, those documents or material speak for themselves, and Governor McMaster denies Plaintiffs' descriptions or characterizations of the documents and their interpretations or meanings.  To the extent a response is required, and to the extent Paragraph 49 or the material cited therein allege or imply any wrongdoing or liability on the part of Governor McMaster, the assertions, allegations, or implications are denied.

50.    To the extent the allegations in Paragraph 50 purport to summarize, rely on, or quote from other documents or materials, those documents or material speak for themselves, and Governor McMaster denies Plaintiffs' descriptions or characterizations of the documents and their interpretations or meanings.  To the extent a response is required, and to the extent Paragraph 50 or the material cited therein allege or imply any wrongdoing or liability on the part of Governor McMaster, the assertions, allegations, or implications are denied.

51.    The first sentence of Paragraph 51 is denied.  To the extent the remainder of the allegations in Paragraph 51 purport to summarize, rely on, or quote from other documents or materials, those documents or material speak for themselves, and Governor McMaster denies Plaintiffs' descriptions or characterizations of the documents and their interpretations or meanings.

To the extent a response is required, and to the extent Paragraph 51 or the material cited therein allege or imply any wrongdoing or liability on the part of Governor McMaster, the assertions, allegations, or implications are denied.

52.    Governor McMaster lacks sufficient information to admit or deny the allegation in Paragraph 52, and, accordingly, denies them.  To the extent the allegations in Paragraph 52 purport to summarize, rely on, or quote from other documents or materials, those documents or material speak for themselves, and Governor McMaster denies Plaintiffs' descriptions or characterizations of the documents and their interpretations or meanings.  To the extent a response is required, and to the extent Paragraph 46 or the material cited therein allege or imply any wrongdoing or liability on the part of Governor McMaster, the assertions, allegations, or implications are denied.

53.    The allegations of Paragraph 53 are denied as stated.  To the extent the allegations in Paragraph 53 purport to summarize, rely on, or quote from other documents or materials, those documents or material speak for themselves, and Governor McMaster denies Plaintiffs' descriptions or characterizations of the documents and their interpretations or meanings.  To the extent a response is required, and to the extent Paragraph 53 or the material cited therein allege or imply any wrongdoing or liability on the part of Governor McMaster, the assertions, allegations, or implications are denied.

**D.    DSS's Response to [alleged] Discrimination by Miracle Hill**

54.    The allegations of Paragraph 54 are denied as stated.  To the extent the allegations in Paragraph 54 purport to summarize, quote from, or rely on uncited materials, those materials speak for themselves, and Governor McMaster denies Plaintiffs' descriptions or characterizations of the documents and their interpretations or meanings.  To the extent a response is required and to the extent Paragraph 54 or the materials cited therein contain factual inaccuracies or legal conclusions

or allege or imply any wrongdoing or liability on the part of Governor McMaster, the factual assertions, legal conclusions, allegations, or implications are denied.

55.     The allegations of Paragraph 55 are denied as stated.  To the extent the allegations in Paragraph 55 purport to summarize, quote from, or rely on uncited materials, those materials speak for themselves, and Governor McMaster denies Plaintiffs' descriptions or characterizations of the documents and their interpretations or meanings.  To the extent a response is required and to the extent Paragraph 55 or the materials cited therein contain factual inaccuracies or legal conclusions or allege or imply any wrongdoing or liability on the part of Governor McMaster, the factual assertions, legal conclusions, allegations, or implications are denied.

56.     In response to the allegations in Paragraph 56, Governor McMaster admits only that on January 27, 2018, SCDSS issued a temporary CPA license to Miracle Hill that was valid for six months.  The remainder of Paragraph 56 is denied.

57.     The allegations of Paragraph 57 are denied as stated.  To the extent the allegations in Paragraph 57 purport to summarize, quote from, or rely on uncited materials, those materials speak for themselves, and Governor McMaster denies Plaintiffs' descriptions or characterizations of the documents and their interpretations or meanings.  To the extent a response is required and to the extent Paragraph 57 or the materials cited therein contain factual inaccuracies or legal conclusions or allege or imply any wrongdoing or liability on the part of Governor McMaster, the factual assertions, legal conclusions, allegations, or implications are denied.

58.     The allegations of Paragraph 58 are denied as stated.  To the extent Paragraph 58 alleges or implies any wrongdoing or liability on the part of Governor McMaster, the allegations or implications are denied.

**E.     Governor McMaster's Request to HHS and Executive Order 2018-12**

59.     The allegations of Paragraph 59 are denied as stated.

60.    The allegations of Paragraph 59 are denied as stated.

61.    To the extent the allegations in Paragraph 61 summarize, quote from, or rely on uncited materials, those materials speak for themselves, and Governor McMaster denies Plaintiffs' descriptions or characterizations of the materials and their context, motivation, meaning, and contents.

62.    To the extent the allegations in Paragraph 62 quote from and rely on the cited document, that document speaks for itself, and Governor McMaster denies Plaintiffs' descriptions or characterizations of the document and its context, motivation, meaning, and contents.

63.    In response to the allegations in Paragraph 63, Governor McMaster lacks sufficient information regarding HHS' alleged knowledge to admit or deny the allegations of the first sentence and therefore denies it. To the extent the remainder of the allegations of Paragraph 63 quote from and rely on an uncited document, the document speaks for itself and, in any event, the allegations in Paragraph 63 and the document cited therein are denied, as are any allegations or implications of wrongdoing or liability on the part of Governor McMaster contained therein.

64.    In response to the allegations in Paragraph 64, Governor McMaster admits that on March 13, 2018, he issued Executive Order 2018-12.  To the extent the remainder of the allegations purport to quote from the language of that Executive Order, the document speaks for itself and no response is required.  Any remaining allegations or implications of Paragraph 64 are denied.

65.    In response to the allegations in Paragraph 65, Governor McMaster denies the first sentence of the allegations of Paragraph 65 as stated.  To the extent the remainder of the allegations of Paragraph 65 purport to describe and quote from an uncited document, the document speaks for itself and no response is required thereto.  Any remaining allegations or implications of Paragraph 65 are denied.

66.     In response to the allegations in Paragraph 66, Governor McMaster admits only that SCDSS issued a second temporary license to Miracle Hill.  The remainder of the allegations of Paragraph 66 are denied.

67.     To the extent the allegations in Paragraph 67 describe, summarize, quote from, or rely on the document cited therein, the document speaks for itself, and Governor McMaster denies Plaintiffs' descriptions or characterizations of the document and its context, motivation, meaning, and contents.

**F.     HHS Waiver**

68.     To the extent the allegations in Paragraph 68 describe, summarize, quote from, or rely on the document cited therein, the document speaks for itself, and Governor McMaster denies Plaintiffs' descriptions or characterizations of the document and its context, motivation, meaning, and contents.

69.     To the extent the allegations in Paragraph 69 describe, summarize, quote from, or rely on the document cited therein, the document speaks for itself, and Governor McMaster denies Plaintiffs' descriptions or characterizations of the document and its context, motivation, meaning, and contents.

70.     In response to the allegations in Paragraph 70, Governor McMaster admits only that SCDSS issued a regular, one-year license to Miracle Hill.  The remainder of the allegations of Paragraph 70 are denied.

71.     The allegations of Paragraph 71 are denied.

72.     Governor McMaster lacks sufficient information to admit or deny the allegations of Paragraph 72 and, therefore, denies them.  To the extent the allegations describe, summarize, quote from, or rely on the document cited therein, the document speaks for itself, and Governor McMaster denies Plaintiffs' descriptions or characterizations of the document and its context, motivation,

meaning, and contents, and SCDSS' response or non-response thereto. Any remaining portions of Paragraph 72 are denied. To the extent the allegations of Paragraph 72 and the documents cited therein allege or imply any wrongdoing or liability on the part of Governor McMaster, such allegations or implications are denied.

**G.    Plaintiffs Eden Rogers and Brandy Welch**

73.    Governor McMaster lacks sufficient information to admit or deny the allegations of Paragraph 73 and, therefore, denies them.

74.    Governor McMaster lacks sufficient information to admit or deny the allegations of Paragraph 74 and, therefore, denies them.

75.    Governor McMaster lacks sufficient information to admit or deny the allegations of Paragraph 75 and, therefore, denies them.

76.    Governor McMaster lacks sufficient information to admit or deny the allegations of Paragraph 76 and, therefore, denies them.

77.    Governor McMaster lacks sufficient information to admit or deny the allegations of Paragraph 77 and, therefore, denies them. Governor McMaster further denies Plaintiffs' alleged readiness and willingness to serve as foster parents because, on information and belief, Plaintiffs have knowingly declined to pursue opportunities available to them to seek licensure as foster parents by SCDSS and to serve as foster parents directly with SCDSS or with private agencies near them who are willing to assist them.

78.    Governor McMaster lacks sufficient information to admit or deny the allegations of Paragraph 78 and, therefore, denies them.

79.    Governor McMaster lacks sufficient information to admit or deny the allegations of Paragraph 79 and, therefore, denies them.

80. Governor McMaster lacks sufficient information to admit or deny the allegations of Paragraph 80 and, therefore, denies them.

81. Governor McMaster lacks sufficient information to admit or deny the allegations of Paragraph 81 and, therefore, denies them. To the extent the allegations in Paragraph 81 describe, summarize, quote from, or rely on the document cited therein, the document speaks for itself, and Governor McMaster denies Plaintiffs' descriptions or characterizations of the document and its context, motivation, meaning, and contents. Further, to the extent the allegations in Paragraph 81 or the document cited therein allege or imply wrongdoing or liability on the part of Governor McMaster, such allegations or implications are denied.

82. Governor McMaster lacks sufficient information to admit or deny the allegations of Paragraph 82 and, therefore, denies them. To the extent the allegations in Paragraph 82 describe, summarize, quote from, or rely on the document cited therein, the document speaks for itself, and Governor McMaster denies Plaintiffs' descriptions or characterizations of the document and its context, motivation, meaning, and contents. Further, to the extent the allegations in Paragraph 82 or the document cited therein allege or imply wrongdoing or liability on the part of Governor McMaster, such allegations or implications are denied.

83. Governor McMaster lacks sufficient information to admit or deny the allegations of Paragraph 83 and, therefore, denies them. To the extent the allegations in Paragraph 83 allege or imply wrongdoing or liability on the part of Governor McMaster, such allegations or implications are denied.

**H.     The [alleged] Impact of Defendants' Actions on Children in Foster Care**

84. The allegations of Paragraph 84 are denied.

85. To the extent the allegations in Paragraph 85 purport to describe, summarize, quote from, or rely on the document cited therein, the document speaks for itself, and Governor McMaster

denies Plaintiffs' descriptions or characterizations of the document and its context, motivation, meaning, and contents. To the extent that the allegations of Paragraph 85 or the materials cited therein allege or imply wrongdoing or liability on the part of Governor McMaster, such allegations or implications are denied. Governor McMaster further denies that the allegations of Paragraph 85 are relevant to the legal issues in this civil action and asserts that the allegations appear to be intended to distract from the actual issues in the case.

86.     To the extent the first sentence of Paragraph 86 purport to describe, summarize, quote from, or rely on the document cited therein, the document speaks for itself, and Governor McMaster denies Plaintiffs' descriptions or characterizations of the document and its context, motivation, meaning, and contents. The remainder of the allegations of Paragraph 86 are denied. To the extent that the allegations of Paragraph 86 or the materials cited therein allege or imply wrongdoing or liability on the part of Governor McMaster, such allegations or implications are denied. Governor McMaster further denies that the allegations of Paragraph 86 are relevant to the legal issues in this civil action and asserts that the allegations appear to be intended to distract from the actual issues in the case

87.     Paragraph 87 makes no factual allegations and merely purports to quote from a selected excerpt of an SCDSS manual, to which no response is required at this time. To the extent a response is required, and to the extent the allegations of Paragraph 87 imply the quoted material is relevant to the instant proceeding or allege or imply wrongdoing or liability on the part of Governor McMaster, such allegations or implications are denied.

88.     The allegations of Paragraph 88 are denied.

89.     The allegations of Paragraph 89 are denied.

90.     The allegations of Paragraph 90 are denied.

91.     The allegations of Paragraph 91 are denied.

92.     The allegations of Paragraph 92 are denied.

93.     The allegations of Paragraph 93 are denied.

94.     The allegations of Paragraph 94 are denied.

95.     The allegations of Paragraph 95 are denied.

96.     The allegations of Paragraph 96 are not directed against Governor McMaster and no response is required thereto.  To the extent a response is required, the allegations are denied.


COUNT I

First Amendment—Establishment Clause
U.S. Const. amends. I, XIV
(STATE DEFENDANTS)

97.     In response to Paragraph 97 of the Complaint, Governor McMaster realleges and incorporates all of the prior responses as if set forth verbatim.

98.     The allegations of Paragraph 98 are denied.

99.     The allegations of Paragraph 99 are denied.

100.    The allegations of Paragraph 100 are denied.

101.    In response to the allegations of Paragraph 101, Governor McMaster admits only that in early 2019, SCDSS issued a regular, annual CPA license to Miracle Hill.  The remainder of the allegations of Paragraph 101 are denied.

102.    The allegations of Paragraph 102 are denied.  Governor McMaster admits only that SCDSS continues to uphold any obligations it owes to Miracle Hill to the extent required and/or permitted by law.

103.    The allegations of Paragraph 103 are denied.

104.    The allegations of Paragraph 104 are denied.

105.    The allegations of Paragraph 105 are denied.

106.    The allegations of Paragraph 106 are denied.

107.    The allegations of Paragraph 107 are denied.

108.    The allegations of Paragraph 108 are denied.

109.    The allegations of Paragraph 109 are denied.

110.    The allegations of Paragraph 110 are denied.

111.    The allegations of Paragraph 111 are denied.

112.    The allegations of Paragraph 112 are denied.

113.    The allegations of Paragraph 113 are denied.


COUNT II

First Amendment—Establishment Clause
U.S. Const. amend. I
(FEDERAL DEFENDANTS)

114.    In response to Paragraph 114 of the Complaint, Governor McMaster realleges and incorporates all of the prior responses as if set forth verbatim.

115.    The allegations of Paragraph 115 are asserted against other defendants and no response is required thereto.  To the extent a response is required, the allegations are denied.

116.    The allegations of Paragraph 116 are asserted against other defendants and no response is required thereto.  To the extent a response is required, the allegations are denied.

117.    The allegations of Paragraph 117 are asserted against other defendants and no response is required thereto.  To the extent a response is required, the allegations are denied.

118.    The allegations of Paragraph 118 are asserted against other defendants and no response is required thereto.  To the extent a response is required, the allegations are denied.

119.    The allegations of Paragraph 119 are asserted against other defendants and no response is required thereto.  To the extent a response is required, the allegations are denied.

120.    The allegations of Paragraph 120 are asserted against other defendants and no response is required thereto.  To the extent a response is required, the allegations are denied.

121.    The allegations of Paragraph 121 are asserted against other defendants and no response is required thereto.  To the extent a response is required, the allegations are denied.

122.    The allegations of Paragraph 122 are asserted against other defendants and no response is required thereto.  To the extent a response is required, the allegations are denied.

123.    The allegations of Paragraph 123 are asserted against other defendants and no response is required thereto.  To the extent a response is required, the allegations are denied.

124.    The allegations of Paragraph 124 are asserted against other defendants and no response is required thereto.  To the extent a response is required, the allegations are denied.

125.    The allegations of Paragraph 125 are asserted against other defendants and no response is required thereto.  To the extent a response is required, the allegations are denied.

126.    The allegations of Paragraph 126 are asserted against other defendants and no response is required thereto.  To the extent a response is required, the allegations are denied.

COUNT III

Fourteenth Amendment—Equal Protection
U.S. Const. amend. XIV
(STATE DEFENDANTS)

127.    In response to Paragraph 127 of the Complaint, Governor McMaster realleges and incorporates all of the prior responses as if set forth verbatim.

128.    The allegations of Paragraph 128 state a legal conclusion to which no response is required at this time.  To the extent a response is required, and to the extent Paragraph 128 alleges or implies any wrongdoing or liability on the part of Governor McMaster, the allegations or implications are denied.

129.    The allegations of Paragraph 129 are denied.

130.    The allegations of Paragraph 130 are denied.

131.    The allegations of Paragraph 131 are denied.

132.    The allegations of Paragraph 132 are denied.

133.    The allegations of Paragraph 133 are denied.

134.    The allegations of Paragraph 134 are denied.

135.    The allegations of Paragraph 135 are denied.

136.    The allegations of Paragraph 136 are denied.  Governor McMaster further states that he at all times had constitutionally adequate, rational, legitimate, justifiable, good faith, and/or compelling bases for his actions.

137.    The allegations of Paragraph 137 are denied.

138.    The allegations of Paragraph 138 are denied.

139.    The allegations of Paragraph 139 are denied.

140.    The allegations of Paragraph 140 are denied.


COUNT IV

Fifth Amendment—Equal Protection
U.S. Const. amend. V
(FEDERAL DEFENDANTS)

141.    In response to Paragraph 141 of the Complaint, Governor McMaster realleges and incorporates all of the prior responses as if set forth verbatim.

142.    The allegations of Paragraph 142 state a legal conclusion to which no response is required.  To the extent a response is required, and to the extent Paragraph 142 alleges or implies any wrongdoing or liability on the part of Governor McMaster, the allegations or implications are denied.

143.    The allegations of Paragraph 143 are asserted against other defendants and no response is required thereto.  To the extent a response is required, the allegations are denied.

144.    The allegations of Paragraph 144 are asserted against other defendants and no response is required thereto.  To the extent a response is required, the allegations are denied.

145.    The allegations of Paragraph 145 are asserted against other defendants and no response is required thereto.  To the extent a response is required, the allegations are denied.

146.    The allegations of Paragraph 146 are asserted against other defendants and no response is required thereto.  To the extent a response is required, the allegations are denied.

147.    The allegations of Paragraph 147 are asserted against other defendants and no response is required thereto.  To the extent a response is required, the allegations are denied.

148.    The allegations of Paragraph 148 are asserted against other defendants and no response is required thereto.  To the extent a response is required, the allegations are denied.

149.    The allegations of Paragraph 149 are asserted against other defendants and no response is required thereto.  To the extent a response is required, the allegations are denied.

150.    The allegations of Paragraph 150 are asserted against other defendants and no response is required thereto.  To the extent a response is required, the allegations are denied.

151.    The allegations of Paragraph 151 are asserted against other defendants and no response is required thereto.  To the extent a response is required, the allegations are denied.

152.    The allegations of Paragraph 152 are asserted against other defendants and no response is required thereto.  To the extent a response is required, the allegations are denied.

153.    The allegations of Paragraph 153 are asserted against other defendants and no response is required thereto.  To the extent a response is required, the allegations are denied.

154.    The allegations of Paragraph 154 are asserted against other defendants and no response is required thereto.  To the extent a response is required, the allegations are denied.

155.     The allegations of Paragraph 155 are asserted against other defendants and no response is required thereto.  To the extent a response is required, the allegations are denied.

156.     The allegations of Paragraph 156 are asserted against other defendants and no response is required thereto.  To the extent a response is required, the allegations are denied.

<u>Prayer for Relief</u>

157.     Governor McMaster denies that the relief requested in paragraphs A through G of Plaintiffs' Prayer for Relief, appearing on page 38 of the Complaint, should be awarded.  Governor McMaster further denies any wrongdoing or liability alleged or implied by the allegations contained in Plaintiffs' Prayer for Relief.  Governor McMaster expressly denies that this Court should issue any declaration or injunction requested by Plaintiffs and expressly denies Plaintiffs are entitled to recover any damages, fees, costs, or any other and further relief.

**FOR A SECOND DEFENSE**

158.     Plaintiffs' Complaint should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of standing, the absence of a constitutional case or controversy, and/or the absence of ripe claims.

**FOR A THIRD DEFENSE**

159.     Plaintiffs' Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to assert a cause of action upon which relief may be granted.

**FOR A FOURTH DEFENSE**

160.     Some or all of Plaintiffs' claims are barred by the doctrine of sovereign immunity.

**FOR A FIFTH DEFENSE**

161.     Governor McMaster in his official capacity is entitled to immunity under the Eleventh Amendment of the United States Constitution.

### FOR A SIXTH DEFENSE

162.    Governor McMaster in his official capacity is not a "person" amenable to suit under 42 U.S.C. § 1983.

### FOR A SEVENTH DEFENSE

163.    Governor McMaster at all times had constitutionally adequate, rational, legitimate, justifiable, good faith, and/or compelling bases for his actions alleged in the Complaint.

### FOR AN EIGHTH DEFENSE

164.    Any injury allegedly sustained by Plaintiffs as a result of matters alleged in the Complaint was a proximate result of one or more independent, efficient, and intervening causes.

### FOR A NINTH DEFENSE

165.    Any injury allegedly sustained by Plaintiffs as a result of matters alleged in the Complaint was a proximate result of the actions of other persons and/or entities.

### FOR A TENTH DEFENSE

166.    Any injury allegedly sustained by Plaintiffs as a result of matters alleged in the Complaint was not caused by or is not traceable to Governor McMaster.

### FOR AN ELEVENTH DEFENSE

167.    Any injury allegedly sustained by Plaintiffs as a result of matters alleged in the Complaint, without admitting same to be true, was due to and caused by Plaintiffs' own intentional, knowing, or negligence choices, actions, or omissions, which contributed to Plaintiffs' alleged injuries as a proximate cause thereof, and without which the alleged injuries would not have occurred, and these contributory choices, actions, or omissions bar Plaintiffs' claims and requested relief.

### FOR A TWELFTH DEFENSE

168.    Governor McMaster is entitled to Summary Judgment pursuant to Rule 56, Fed. R. Civ. P. as a matter of law.

### FOR A THIRTEENTH DEFENSE

169.    To the extent that Plaintiffs' claims or allegations are premised on or seek relief relating to alleged violations of state law, regulations, and policies, such claims and relief are barred by the terms, conditions and immunities set forth in the South Carolina Tort Claims Act, S.C. Code Ann. §§ 15-78-10, *et seq.*, including defenses granted or preserved by the Act, as well as by the terms, conditions, and immunities set forth in any other applicable statute limiting the liability of and damages available from the defendants.

### FOR A FOURTEENTH DEFENSE

170.    Some or all of Plaintiffs' claims are barred by claim preclusion, or issue preclusion, or both.

### FOR A FIFTEENTH DEFENSE

171.    Some or all of Plaintiffs' claims are barred by applicable statutes of limitations or repose.

### FOR A SIXTEENTH DEFENSE

172.    Some or all of Plaintiffs' claims are barred by equitable doctrines including but not limited to laches, estoppel, waiver, and unclean hands.

### FOR A SEVENTEENTH DEFENSE

173.    Some or all of Plaintiffs' claims are barred by the absence of any affirmative constitutional duty on the part of Governor McMaster to protect the life, liberty, property, and rights of its citizens against invasion by private actors or entities.

### FOR AN EIGHTEENTH DEFENSE

174.    To the extent not inconsistent, Governor McMaster incorporates by reference the affirmative defenses of any other defendant which may also be available to him.

**WHEREFORE**, having fully answered Plaintiffs' Complaint, Governor McMaster hereby prays to this Honorable Court as follows:

(a) For dismissal of Plaintiffs' Complaint with prejudice and an Order requiring Plaintiffs to pay the costs of this action, including reasonable attorneys' fees;

(b) For the costs of this action; and

(c) For such other and further relief as the Court may deem just and proper.

Respectfully submitted

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: _s/ Miles E. Coleman_____
        Miles E. Coleman
        Federal Bar No. 11594
        E-Mail: miles.coleman@nelsonmullins.com
        2 W. Washington Street / 4th Floor
        Greenville, SC 29201
        (864) 373-2352

        Jay T. Thompson
        Federal Bar No. 09846
        E-Mail: jay.thompson@nelsonmullins.com
        1320 Main Street / 17th Floor
        Post Office Box 11070 (29211-1070)
        Columbia, SC  29201
        (803) 799-2000

OFFICE OF THE ATTORNEY GENERAL

        Robert D. Cook, South Carolina Solicitor General
        Federal Bar No. 285
        E-Mail: bcook@scag.gov
        Post Office Box 11549
        Columbia, SC  29211
        (803) 734-3970

        *Attorneys for Governor Henry McMaster*

Greenville, South Carolina
May 22, 2020