# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

### GREENVILLE DIVISION

| | | |
|---|---|---|
| Eden Rogers and Brandy Welch, | ) | Civil Action No. |
| | ) | 6:19-cv-01567-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ANSWER** |
| United States Department of Health and | ) | |
| Human Services; Alex Azar, in his official | ) | **(DEFENDANT MICHAEL LEACH)** |
| capacity as Secretary of the United States | ) | |
| Department of Health and Human | ) | |
| Services; Administration for Children and | ) | |
| Families; Lynn Johnson, in her official | ) | |
| capacity as Assistant Secretary of the | ) | |
| Administration for Children and Families; | ) | |
| Steven Wagner, in his official capacity as | ) | |
| Principal Deputy Assistant Secretary of the | ) | |
| Administration for Children and Families; | ) | |
| Henry McMaster, in his official capacity as | ) | |
| Governor of the State of South Carolina; | ) | |
| and Michael Leach, in his official capacity | ) | |
| as State Director of the South Carolina | ) | |
| Department of Social Services, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |

Defendant Michael Leach, in his official capacity as State Director of the South Carolina Department of Social Services, expressly reserving the right to file motions under Rules 12 and/or 56 of the Federal Rules of Civil Procedure and to file any other dispositive motion, responds to Plaintiffs' Complaint by denying each and every allegation not hereinafter specifically admitted, demanding strict proof thereof, and further responds as follows:

**FOR A FIRST DEFENSE**

Nature of the Action

1.      Director Leach denies all allegations set forth in Paragraph 1, including the factual allegations and the legal conclusions contained therein. Director Leach specifically denies the factual allegations and asserts that they consist of editorial comments, unwarranted inferences, and inflammatory arguments couched as facts, which are neither supported by the law nor the facts. Director Leach denies that qualified families have been excluded from fostering children in the public child welfare system, denies that would-be foster parents have been prevented from participating in the public child welfare system on the bases of religion and sexual orientation, and denies participating in any practice that harms vulnerable children.

2.      Director Leach denies all allegations set forth in Paragraph 2, including the factual allegations and the legal conclusions contained therein.  Director Leach specifically denies the allegation that a private third-party entity can or did "disqualify" any person or family from serving as a foster parent.  Director Leach further denies the allegations' characterization of Miracle Hill Ministries ("Miracle Hill") as an "agency," and affirmatively states that Miracle Hill is a private, independent, third-party non-profit that is not a state agency or governmental entity. To the extent the allegations and legal conclusions contained in Paragraph 2 allege or imply any wrongdoing or liability on the part of Director Leach, the allegations or implications are denied.

3.      Director Leach denies all allegations set forth in Paragraph 3, including the factual allegations and the legal conclusions contained therein. Director Leach specifically denies the factual allegations and asserts that they are disingenuous and inflammatory, neither supported by the law nor the facts. To the extent the allegations of Paragraph 3 refer to and purport to summarize uncited documents, those documents speak for themselves and the allegations' characterizations

and summaries of the documents and their context, motivation, meaning, and contents are denied. To the extent the allegations and legal conclusions contained in Paragraph 3 allege or imply any wrongdoing or liability on the part of Director Leach, the allegations or implications are denied.

4.     Director Leach denies all allegations set forth in Paragraph 4, including the factual allegations and the legal conclusions contained therein. Director Leach specifically denies the factual allegations and asserts that they are inflammatory assertions that are neither supported by the law nor the facts. Director Leach denies that his actions have caused, or that there exists in South Carolina, a state foster care system in which the suitability of prospective foster parents is assessed based on religious requirements. To the extent the allegations and legal conclusions contained in Paragraph 4 allege or imply any wrongdoing or liability on the part of Director Leach, the allegations or implications are denied.

5.     Director Leach denies all allegations set forth in Paragraph 5, including the factual allegations and the legal conclusions contained therein. Director Leach specifically denies the factual allegations and asserts that they are inflammatory assertions that are neither supported by the law nor the facts. Director Leach denies that Plaintiffs have been denied the opportunities to foster that are available to qualified persons, much less that his actions have caused such denial; that Plaintiffs have faced any barrier or impediment to fostering, much less that his actions have caused such barrier; and that Plaintiffs have been stigmatized or found to be inferior or less worthy than any other qualified persons, much less by him or as a result of his actions. To the contrary, Plaintiffs at all times have been and are still are welcome to seek licensure as foster parents from the South Carolina Department of Social Services ("SCDSS"), which evaluates and licenses all foster parents in the state, and which does so without regard to their religion, lack of religion, sexual orientation, or marital status. To the extent the allegations and legal conclusions contained

in Paragraph 5 allege or imply any wrongdoing or liability on the part of Director Leach, the allegations or implications are denied.

6.      Director Leach denies the allegations set forth in Paragraph 6, including the factual allegations and the legal conclusions contained therein. Director Leach admits only that the need for foster homes in South Carolina exceeds the number of available foster homes, but specifically denies the factual allegations in Paragraph 6 and asserts that they are inflammatory assertions that are neither supported by the law nor the facts. Director Leach denies that his actions or any fact or action alleged in the Complaint denies foster children access to foster homes; that his actions or any other fact or action alleged in the Complaint exacerbates any shortage of foster homes or prevents any qualified person from seeking and obtaining licensure as a foster parent; that his actions or any other fact or action alleged in the Complaint limits the availability and diversity of foster homes in South Carolina; and that his actions or any other fact or action alleged in the Complaint elevate any private third-parties' interests above those of children in foster care. To the contrary, Director Leach asserts that his actions enlarge the number of available foster homes and expand their breadth and diversity, all without hindering any qualified person from being licensed and serving as a foster parent, and all to the benefit of the interests of children in foster care in the state. To the extent the allegations and legal conclusions contained in Paragraph 6 allege or imply any wrongdoing or liability on the part of Director Leach, the allegations or implications are denied.

7.      Director Leach denies the allegations set forth in Paragraph 7, including the factual allegations and the legal conclusions contained therein. To the extent the allegations of Paragraph 7 contain legal conclusions, no response is required at this time, but to the extent a response is required, the conclusions are denied. To the extent the allegations of Paragraph 7 contain factual

4

assertions or allege or imply any wrongdoing or liability on the part of Director Leach, the allegations or implications are denied.

Parties

8.    Director Leach lacks sufficient information to admit or deny the allegations of Paragraph 8 and therefore denies those allegations.  Director Leach further denies Plaintiffs' alleged readiness and willingness to serve as foster parents because, on information and belief, Plaintiffs have knowingly declined to pursue opportunities available to them to seek licensure as foster parents by SCDSS and to serve as foster parents directly with SCDSS or with private agencies near them who are willing to assist them.

9.    Director Leach admits only that the United Stated Department of Health and Human Services ("HHS") is a federal agency.  Director Leach lacks sufficient information to admit or deny the allegations of Paragraph 9 regarding the duties with which HHS has been charged or its operations or the administration of grants pursuant to federal law and therefore denies those allegations.

10.    Director Leach admits only that Alex Azar II is the Secretary of HHS.  Director Leach lacks sufficient information to admit or deny the allegations of Paragraph 10 regarding Secretary Azar's responsibilities and authority and therefore denies those allegations. The remainder of Paragraph 10 contains legal conclusions to which no response is required.

11.    Director Leach admits only that the Administration for Children and Families ("ACF") is a division of HHS.  Director Leach lacks sufficient information to admit or deny the allegations of Paragraph 11 regarding ACF's responsibilities and operations and therefore denies those allegations.

12.     Director Leach admits that Lynn Johnson is the Assistant Secretary for ACF. The remainder of Paragraph 12 contains legal conclusions to which no response is required.

13.     Director Leach admits that Steven Wagner is the Principal Deputy Assistant Secretary for ACF. The remainder of Paragraph 13 contains legal conclusions to which no response is required.

14.     Director Leach admits that Defendant McMaster is the Governor of the State of South Carolina and that SCDSS is a cabinet agency. The remainder of Paragraph 14 contains legal conclusions to which no response is required at this time. To the extent a response is required and to the extent the allegations contain factual assertions or legal conclusions that allege or imply any wrongdoing or liability on the part of Director Leach, the allegations or implications are denied.

15.     Director Leach admits that Michael Leach is the State Director of SCDSS. The remainder of Paragraph 15 contains legal conclusions to which no response is required at this time. To the extent a response is required and to the extent the allegations contain factual assertions or legal conclusions that allege or imply any wrongdoing or liability on the part of Director Leach or Mr. Leach, the allegations or implications are denied.

<u>Jurisdiction and Venue</u>

16.     The allegations of Paragraph 16 contain legal conclusions to which no response is required at this time.

17.     The allegations of Paragraph 17 contain legal conclusions to which no response is required at this time.

18.     The allegations of Paragraph 18 contain legal conclusions to which no response is required at this time.

19.     The allegations of Paragraph 19 contain legal conclusions to which no response is required at this time.

Relevant Facts

**A.     Foster Care in South Carolina**

20.     To the extent the allegations in Paragraph 20 summarize, rely on, or quote from the documents or materials cited therein, those documents or materials speak for themselves, and Director Leach denies Plaintiffs' descriptions or characterizations of the documents or materials and their context, motivation, meaning, and contents. To the extent the allegations of Paragraph 20 or the documents or materials cited therein allege or imply any wrongdoing or liability on the part of Director Leach, the allegations or implications are denied.  Director Leach further denies that the allegations of Paragraph 20 are relevant to the legal issues in this civil action and asserts that the allegations appear to be intended to distract from the actual issues in the case.

21.     To the extent the allegations in Paragraph 21 summarize, rely on, or quote from the documents or materials cited therein, those documents or materials speak for themselves, and Director Leach denies Plaintiffs' descriptions or characterizations of the documents or materials and their context, motivation, meaning, and contents. To the extent the allegations of Paragraph 21 or the documents or materials cited therein allege or imply any wrongdoing or liability on the part of Director Leach, the allegations or implications are denied.  Director Leach further denies that the allegations of Paragraph 21 are relevant to the legal issues in this civil action and asserts that the allegations appear to be intended to distract from the actual issues in the case.

22.     To the extent the allegations in Paragraph 22 summarize, rely on, or quote from the documents or materials cited therein, those documents or materials speak for themselves, and Director Leach denies Plaintiffs' descriptions or characterizations of the documents or materials

and their context, motivation, meaning, and contents. To the extent the allegations of Paragraph 22 or the documents or materials cited therein allege or imply any wrongdoing or liability on the part of Director Leach, the allegations or implications are denied. Director Leach further denies that the allegations of Paragraph 22 are relevant to the legal issues in this civil action and asserts that the allegations appear to be intended to distract from the actual issues in the case.

23.     To the extent the allegations in Paragraph 23 summarize, rely on, or quote from the documents or materials cited therein, those documents or materials speak for themselves, and Director Leach denies Plaintiffs' descriptions or characterizations of the documents or materials and their context, motivation, meaning, and contents. To the extent the allegations of Paragraph 23 or the documents or materials cited therein allege or imply any wrongdoing or liability on the part of Director Leach, the allegations or implications are denied. Director Leach further denies that the allegations of Paragraph 23 are relevant to the legal issues in this civil action and asserts that the allegations appear to be intended to distract from the actual issues in the case.

24.     Director Leach denies the allegation in Paragraph 24 that the provision of foster care services is exclusively or traditionally a governmental function. Director Leach lacks sufficient information to admit or deny the practices of other States alleged in Paragraph 24. Director Leach admits only that SCDSS licenses and contracts with private Child Placing Agencies ("CPAs") and that some CPAs recruit prospective foster parents and conduct private, unofficial, non-binding evaluations for their own purposes of a prospective foster parent's qualifications to apply to SCDSS for licensure as a foster parent. Director Leach denies the allegation that any CPA's recruiting, evaluation, or assessment efforts are funded by government funds. He further denies the allegation or implication that any CPA can or does "screen" or otherwise determine a prospective foster parent's suitability to obtain a foster care license. To the extent the allegations

of Paragraph 23 or the documents or materials cited therein allege or imply any wrongdoing or liability on the part of Director Leach, the allegations or implications are denied.

25.    The allegations of Paragraph 25 are denied.

**B.    Applicable Statutes and Regulations**

26.    The allegations of Paragraph 26 contain legal conclusions to which no response is required at this time. Further, to the extent the allegations in Paragraph 26 summarize, rely on, or quote from statutes or regulations cited therein, those documents speak for themselves, and Director Leach denies Plaintiffs' descriptions or characterizations of the documents and their interpretations or meanings.

27.    The allegations of Paragraph 27 contain legal conclusions to which no response is required at this time. Further, to the extent the allegations in Paragraph 27 summarize, rely on, or quote from statutes or regulations cited therein, those documents speak for themselves, and Director Leach denies Plaintiffs' descriptions or characterizations of the documents and their interpretations or meanings.

28.    The allegations of Paragraph 28 contain legal conclusions to which no response is required. Further, to the extent the allegations in Paragraph 28 summarize, rely on, or quote from statutes or regulations cited therein, those documents speak for themselves, and Director Leach denies Plaintiffs' descriptions or characterizations of the documents and their interpretations or meanings.

29.    The allegations of Paragraph 29 contain legal conclusions to which no response is required at this time. Further, to the extent the allegations in Paragraph 29 summarize, rely on, or quote from statutes or regulations cited therein, those documents speak for themselves, and

Director Leach denies Plaintiffs' descriptions or characterizations of the documents and their interpretations or meanings.

30.     Paragraph 30 makes no factual allegations and merely purports to quote from a selected excerpt of an SCDSS manual, to which no response is required at this time. To the extent a response is required, and to the extent Plaintiffs allege or imply the cited material establishes any wrongdoing or liability on the part of Director Leach, the allegations or implications are denied.

31.     Paragraph 31 makes no factual allegations and merely purports to quote from a selected excerpt of an SCDSS manual, to which no response is required at this time. To the extent a response is required, and to the extent Plaintiffs allege or imply the cited material establishes any wrongdoing or liability on the part of Director Leach, the allegations or implications are denied.

32.     Paragraph 32 makes no factual allegations and merely purports to quote from a selected excerpt of an SCDSS manual, to which no response is required at this time. To the extent a response is required, and to the extent Plaintiffs allege or imply the cited material establishes any wrongdoing or liability on the part of Director Leach, the allegations or implications are denied.

33.     The allegations of Paragraph 33 contain legal conclusions to which no response is required at this time. Further, to the extent the allegations in Paragraph 33 summarize, rely on, or quote from statutes or regulations cited therein, those documents speak for themselves, and Director Leach denies Plaintiffs' descriptions or characterizations of the documents and their interpretations or meanings. To the extent the concluding sentence of Paragraph 33 asserts a factual allegation it is denied as stated. To the extent Plaintiffs allege or imply the cited material establishes any wrongdoing or liability on the part of Director Leach, the allegations or implications are denied.

34.     The allegations of Paragraph 34 contain legal conclusions to which no response is required at this time. Further, to the extent the allegations in Paragraph 34 summarize, rely on, or quote from documents or materials cited or referenced therein, those documents or materials speak for themselves, and Director Leach denies Plaintiffs' descriptions or characterizations of the documents and their interpretations or meanings. To the extent Plaintiffs characterizations or summaries of the documents or materials allege or imply any wrongdoing or liability on the part of Director Leach, the allegations or implications are denied. To the extent the concluding sentence of Paragraph 34 asserts a factual allegation or purports to repeat a factual assertion, it is denied.

35.     The allegations of Paragraph 35 contain legal conclusions to which no response is required at this time. Further, to the extent the allegations in Paragraph 35 summarize, rely on, or quote from documents or materials cited or referenced therein, those documents or materials speak for themselves, and Director Leach denies Plaintiffs' descriptions or characterizations of the documents and their interpretations or meanings. To the extent Plaintiffs characterizations or summaries of the documents or materials allege or imply any wrongdoing or liability on the part of Director Leach, the allegations or implications are denied. To the extent Paragraph 35 alleges that federal regulations "prohibit[] religious discrimination in the provision of services," that allegation is both incorrect and is inconsistent with the cited regulation, and is, therefore, denied.

36.     The allegations of Paragraph 36 contain legal conclusions to which no response is required at this time. Further, to the extent the allegations in Paragraph 36 summarize, rely on, or quote from the regulation cited therein, the regulations speaks for itself, and Director Leach denies Plaintiffs' descriptions or characterizations of the regulation and its interpretation or meaning. To the extent Plaintiffs' characterizations or summaries of the regulation allege or imply any wrongdoing or liability on the part of Director Leach, the allegations or implications are denied.

11

Further, to the extent Paragraph 36 alleges that federal regulations "prohibit[] agencies that receive federal funds from engaging in 'explicitly religious activities' including proselytization," that allegation is both incorrect and is inconsistent with the cited regulation, and is, therefore, denied.

37.     The allegations of Paragraph 37 contain legal conclusions to which no response is required at this time. Further, to the extent the allegations in Paragraph 37 summarize, rely on, or quote from the statute cited therein, the statute speaks for itself, and Director Leach denies Plaintiffs' descriptions or characterizations of the statute and its interpretation or meaning. To the extent Plaintiffs characterizations or summaries of the statute allege or imply any wrongdoing or liability on the part of Director Leach, the allegations or implications are denied.

38.     The allegations of Paragraph 38 contain legal conclusions to which no response is required at this time. Further, to the extent the allegations in Paragraph 38 summarize, rely on, or quote from the regulation cited therein, the regulation speaks for itself, and Director Leach denies Plaintiffs' descriptions or characterizations of the regulation and its interpretation or meaning. To the extent Plaintiffs characterizations or summaries of the regulation allege or imply any wrongdoing or liability on the part of Director Leach, the allegations or implications are denied.

39.     The allegations of Paragraph 39 contain legal conclusions to which no response is required at this time. Further, to the extent the allegations in Paragraph 39 summarize, rely on, or quote from the regulation cited therein, the regulations speaks for itself, and Director Leach denies Plaintiffs' descriptions or characterizations of the regulation and its interpretation or meaning. To the extent Plaintiffs characterizations or summaries of the regulation allege or imply any wrongdoing or liability on the part of Director Leach, the allegations or implications are denied.

40.     The allegations of Paragraph 40 contain legal conclusions to which no response is required at this time. Further, to the extent the allegations in Paragraph 40 summarize, rely on, or

quote from the regulation cited therein, the regulations speaks for itself, and Director Leach denies

Plaintiffs' descriptions or characterizations of the regulation and its interpretation or meaning. To

the extent Plaintiffs characterizations or summaries of the regulation allege or imply any

wrongdoing or liability on the part of Director Leach, the allegations or implications are denied.

## C.    Miracle Hill Ministries

41.    Director Leach admits that Miracle Hill is a non-profit organization in Greenville,

South Carolina.  Director Leach lacks sufficient information to admit or deny the remainder of the

allegations of Paragraph 41, and thus, to the extent a response is required, denies them. To the

extent the allegations in Paragraph 41 summarize, rely on, or quote from other documents or

materials, those documents or material speak for themselves, and Director Leach denies Plaintiffs'

descriptions or characterizations of the documents and their interpretations or meanings. To the

extent Paragraph 41 alleges or implies any wrongdoing or liability on the part of Director Leach,

the allegations or implications are denied.

42.    To the extent the allegations in Paragraph 42 quote from and rely on the documents

or materials cited therein, those documents or materials speak for themselves, and no response is

required. To the extent a response is required and to the extent Paragraph 42 alleges or implies any

wrongdoing or liability on the part of Director Leach, the allegations or implications are denied.

43.    To the extent the allegations in Paragraph 43 relate to another person, party or

entity, Director Leach lacks sufficient information to admit or deny the allegations. To the extent

a response is required, Paragraph 43 is denied as stated.

44.    To the extent the allegations in Paragraph 44 summarize, rely on, or quote from

other documents or materials, those documents or material speak for themselves, and Director

Leach denies Plaintiffs' descriptions or characterizations of the documents and their interpretations

or meanings. To the extent a response is required and to the extent Paragraph 44 or the material cited therein allege or imply any wrongdoing or liability on the part of Director Leach, the assertions, allegations, or implications are denied.

45.     The allegations in Paragraph 45 are denied, except that Director Leach admits only that, as alleged in Paragraph 45 and elsewhere in the Complaint, prospective foster parents of any faith or no faith, and of any sexual orientation or marital status, have been, and continue to be, welcome to apply to SCDSS for licensure as foster parents and, if licensed, for placement of a foster child.

46.     The allegations in the first sentence of Paragraph 46 are denied.  Director Leach lacks sufficient information to admit or deny the allegations in the remainder of Paragraph 46. To the extent the allegations of Paragraph 46 purport to summarize, rely on, or quote from other documents or materials, those documents or material speak for themselves, and Director Leach denies Plaintiffs' descriptions or characterizations of the documents and their interpretations or meanings. To the extent a response is required, and to the extent Paragraph 46 or the material cited therein allege or imply any wrongdoing or liability on the part of Director Leach, the assertions, allegations, or implications are denied.

47.     To the extent the allegations in Paragraph 47 purport to summarize, rely on, or quote from other documents or materials, those documents or material speak for themselves, and Director Leach denies Plaintiffs' descriptions or characterizations of the documents and their interpretations or meanings. To the extent a response is required, and to the extent Paragraph 47 or the material cited therein allege or imply any wrongdoing or liability on the part of Director Leach, the assertions, allegations, or implications are denied.

48.     To the extent the allegations in Paragraph 48 purport to summarize, rely on, or quote from other documents or materials, those documents or material speak for themselves, and Director Leach denies Plaintiffs' descriptions or characterizations of the documents and their interpretations or meanings. To the extent a response is required, and to the extent Paragraph 48 or the material cited therein allege or imply any wrongdoing or liability on the part of Director Leach, the assertions, allegations, or implications are denied.

49.     To the extent the allegations in Paragraph 49 purport to summarize, rely on, or quote from other documents or materials, those documents or material speak for themselves, and Director Leach denies Plaintiffs' descriptions or characterizations of the documents and their interpretations or meanings. To the extent a response is required, and to the extent Paragraph 49 or the material cited therein allege or imply any wrongdoing or liability on the part of Director Leach, the assertions, allegations, or implications are denied.

50.     To the extent the allegations in Paragraph 50 purport to summarize, rely on, or quote from other documents or materials, those documents or material speak for themselves, and Director Leach denies Plaintiffs' descriptions or characterizations of the documents and their interpretations or meanings. To the extent a response is required, and to the extent Paragraph 50 or the material cited therein allege or imply any wrongdoing or liability on the part of Director Leach, the assertions, allegations, or implications are denied.

51.     The first sentence of Paragraph 51 is denied. To the extent the remainder of the allegations in Paragraph 51 purport to summarize, rely on, or quote from other documents or materials, those documents or material speak for themselves, and Director Leach denies Plaintiffs' descriptions or characterizations of the documents and their interpretations or meanings. To the extent a response is required, and to the extent Paragraph 51 or the material cited therein allege or

imply any wrongdoing or liability on the part of Director Leach, the assertions, allegations, or implications are denied.

52.    Director Leach lacks sufficient information to admit or deny the allegation in Paragraph 52, and, accordingly, denies them. To the extent the allegations in Paragraph 52 purport to summarize, rely on, or quote from other documents or materials, those documents or material speak for themselves, and Director Leach denies Plaintiffs' descriptions or characterizations of the documents and their interpretations or meanings. To the extent a response is required, and to the extent Paragraph 46 or the material cited therein allege or imply any wrongdoing or liability on the part of Director Leach, the assertions, allegations, or implications are denied.

53.    The allegations of Paragraph 53 are denied as stated. To the extent the allegations in Paragraph 53 purport to summarize, rely on, or quote from other documents or materials, those documents or material speak for themselves, and Director Leach denies Plaintiffs' descriptions or characterizations of the documents and their interpretations or meanings. To the extent a response is required, and to the extent Paragraph 53 or the material cited therein allege or imply any wrongdoing or liability on the part of Director Leach, the assertions, allegations, or implications are denied.

D.    **DSS's Response to [alleged] Discrimination by Miracle Hill**

54.    The allegations of Paragraph 54 are denied as stated. To the extent the allegations in Paragraph 54 purport to summarize, quote from, or rely on uncited materials, those materials speak for themselves, and Director Leach denies Plaintiffs' descriptions or characterizations of the documents and their interpretations or meanings. To the extent a response is required and to the extent Paragraph 54 or the materials cited therein contain factual inaccuracies or legal conclusions

or allege or imply any wrongdoing or liability on the part of Director Leach, the factual assertions, legal conclusions, allegations, or implications are denied.

55.     The allegations of Paragraph 55 are denied as stated. To the extent the allegations in Paragraph 55 purport to summarize, quote from, or rely on uncited materials, those materials speak for themselves, and Director Leach denies Plaintiffs' descriptions or characterizations of the documents and their interpretations or meanings. To the extent a response is required and to the extent Paragraph 55 or the materials cited therein contain factual inaccuracies or legal conclusions or allege or imply any wrongdoing or liability on the part of Director Leach, the factual assertions, legal conclusions, allegations, or implications are denied.

56.     In response to the allegations in Paragraph 56, Director Leach admits only that on January 27, 2018, SCDSS issued a temporary CPA license to Miracle Hill that was valid for six months. The remainder of Paragraph 56 is denied.

57.     The allegations of Paragraph 57 are denied as stated. To the extent the allegations in Paragraph 57 purport to summarize, quote from, or rely on uncited materials, those materials speak for themselves, and Director Leach denies Plaintiffs' descriptions or characterizations of the documents and their interpretations or meanings. To the extent a response is required and to the extent Paragraph 57 or the materials cited therein contain factual inaccuracies or legal conclusions or allege or imply any wrongdoing or liability on the part of Director Leach, the factual assertions, legal conclusions, allegations, or implications are denied.

58.     To the extent Paragraph 58 alleges or implies any wrongdoing or liability on the part of Director Leach, the allegations or implications are denied.

**E.     Director Leach's Request to HHS and Executive Order 2018-12**

59.     The allegations of Paragraphs 59 through 64 are asserted against other defendants and no response is required thereto. To the extent a response is required, the allegations are denied.

60.     In response to the allegations in Paragraph 65, Director Leach denies the first sentence of the allegations of Paragraph 65 as stated. To the extent the remainder of the allegations of Paragraph 65 purport to describe and quote from an uncited document, the document speaks for itself and no response is required thereto. Any remaining allegations or implications of Paragraph 65 are denied.

61.     In response to the allegations in Paragraph 66, Director Leach admits only that SCDSS issued a second temporary license to Miracle Hill. The remainder of the allegations of Paragraph 66 are denied.

62.     To the extent the allegations in Paragraph 67 describe, summarize, quote from, or rely on the document cited therein, the document speaks for itself, and Director Leach denies Plaintiffs' descriptions or characterizations of the document and its context, motivation, meaning, and contents.

**F.      HHS Waiver**

63.     To the extent the allegations in Paragraph 68 describe, summarize, quote from, or rely on the document cited therein, the document speaks for itself, and Director Leach denies Plaintiffs' descriptions or characterizations of the document and its context, motivation, meaning, and contents.

64.     To the extent the allegations in Paragraph 69 describe, summarize, quote from, or rely on the document cited therein, the document speaks for itself, and Director Leach denies Plaintiffs' descriptions or characterizations of the document and its context, motivation, meaning, and contents.

65.     In response to the allegations in Paragraph 70, Director Leach admits only that SCDSS issued a regular, one-year license to Miracle Hill. The remainder of the allegations of Paragraph 70 are denied.

66.     The allegations of Paragraph 71 are denied.

67.     To the extent the allegations of Paragraph 72 describe, summarize, quote from, or rely on the document cited therein, the document speaks for itself, and Director Leach denies Plaintiffs' descriptions or characterizations of the document and its context, motivation, meaning, and contents, and SCDSS's response or non-response thereto. Any remaining portions of Paragraph 72 are denied. To the extent the allegations of Paragraph 72 and the documents cited therein allege or imply any wrongdoing or liability on the part of Director Leach, such allegations or implications are denied.

### G.     Plaintiffs Eden Rogers and Brandy Welch

68.     Director Leach lacks sufficient information to admit or deny the allegations of Paragraph 73 and, therefore, denies them.

69.     Director Leach lacks sufficient information to admit or deny the allegations of Paragraph 74 and, therefore, denies them.

70.     Director Leach lacks sufficient information to admit or deny the allegations of Paragraph 75 and, therefore, denies them.

71.     Director Leach lacks sufficient information to admit or deny the allegations of Paragraph 76 and, therefore, denies them.

72.     Director Leach lacks sufficient information to admit or deny the allegations of Paragraph 77 and, therefore, denies them.  Director Leach further denies Plaintiffs' alleged readiness and willingness to serve as foster parents because, on information and belief, Plaintiffs

have knowingly declined to pursue opportunities available to them to seek licensure as foster parents SCDSS and to serve as foster parents directly with SCDSS or with private agencies near them who are willing to assist them.

73.     Director Leach lacks sufficient information to admit or deny the allegations of Paragraph 78 and, therefore, denies them.

74.     Director Leach lacks sufficient information to admit or deny the allegations of Paragraph 79 and, therefore, denies them.

75.     Director Leach lacks sufficient information to admit or deny the allegations of Paragraph 80 and, therefore, denies them.

76.     Director Leach lacks sufficient information to admit or deny the allegations of Paragraph 81 and, therefore, denies them. To the extent the allegations in Paragraph 81 describe, summarize, quote from, or rely on the document cited therein, the document speaks for itself, and Director Leach denies Plaintiffs' descriptions or characterizations of the document and its context, motivation, meaning, and contents. Further, to the extent the allegations in Paragraph 81 or the document cited therein allege or imply wrongdoing or liability on the part of Director Leach, such allegations or implications are denied.

77.     Director Leach lacks sufficient information to admit or deny the allegations of Paragraph 82 and, therefore, denies them. To the extent the allegations in Paragraph 82 describe, summarize, quote from, or rely on the document cited therein, the document speaks for itself, and Director Leach denies Plaintiffs' descriptions or characterizations of the document and its context, motivation, meaning, and contents. Further, to the extent the allegations in Paragraph 82 or the document cited therein allege or imply wrongdoing or liability on the part of Director Leach, such allegations or implications are denied.

78.     Director Leach lacks sufficient information to admit or deny the allegations of Paragraph 83 and, therefore, denies them. To the extent the allegations in Paragraph 83 allege or imply wrongdoing or liability on the part of Director Leach, such allegations or implications are denied.

**H.    The [alleged] Impact of Defendants' Actions on Children in Foster Care**

79.     The allegations of Paragraph 84 are denied.

80.     To the extent the allegations in Paragraph 85 purport to describe, summarize, quote from, or rely on the document cited therein, the document speaks for itself, and Director Leach denies Plaintiffs' descriptions or characterizations of the document and its context, motivation, meaning, and contents. To the extent that the allegations of Paragraph 85 or the materials cited therein allege or imply wrongdoing or liability on the part of Director Leach, such allegations or implications are denied.  Director Leach further denies that the allegations of Paragraph 85 are relevant to the legal issues in this civil action and asserts that the allegations appear to be intended to distract from the actual issues in the case.

81.     To the extent the first sentence of Paragraph 86 purport to describe, summarize, quote from, or rely on the document cited therein, the document speaks for itself, and Director Leach denies Plaintiffs' descriptions or characterizations of the document and its context, motivation, meaning, and contents. The remainder of the allegations of Paragraph 86 are denied. To the extent that the allegations of Paragraph 86 or the materials cited therein allege or imply wrongdoing or liability on the part of Director Leach, such allegations or implications are denied. Director Leach further denies that the allegations of Paragraph 86 are relevant to the legal issues in this civil action and asserts that the allegations appear to be intended to distract from the actual issues in the case

82.    Paragraph 87 makes no factual allegations and merely purports to quote from a selected excerpt of an SCDSS manual, to which no response is required at this time. To the extent a response is required, and to the extent the allegations of Paragraph 87 imply the quoted material is relevant to the instant proceeding or allege or imply wrongdoing or liability on the part of Director Leach, such allegations or implications are denied.

83.    The allegations of Paragraphs 88 through 95 are denied.

84.    The allegations of Paragraph 96 are not directed against Director Leach and no response is required thereto. To the extent a response is required, the allegations are denied.

COUNT I

First Amendment—Establishment Clause
U.S. Const. amends. I, XIV
(STATE DEFENDANTS)

85.    In response to Paragraph 97 of the Complaint, Director Leach realleges and incorporates all of the prior responses as if set forth verbatim.

86.    The allegations of Paragraph 98 through 100 are denied.

87.    In response to the allegations of Paragraph 101, Director Leach admits only that in early 2019, SCDSS issued a regular, annual CPA license to Miracle Hill. The remainder of the allegations of Paragraph 101 are denied.

88.    The allegations of Paragraph 102 are denied. Director Leach admits only that SCDSS continues to uphold any obligations it owes to Miracle Hill to the extent required and/or permitted by law.

89.    The allegations of Paragraphs 103 through 113 are denied.

COUNT II

First Amendment—Establishment Clause
U.S. Const. amend. I

(FEDERAL DEFENDANTS)

90.     In response to Paragraph 114 of the Complaint, Director Leach realleges and incorporates all of the prior responses as if set forth verbatim.

91.     The allegations of Paragraphs 115 through 126 are asserted against other defendants and no response is required thereto. To the extent a response is required, the allegations are denied.

COUNT III

Fourteenth Amendment—Equal Protection
U.S. Const. amend. XIV
(STATE DEFENDANTS)

92.     In response to Paragraph 127 of the Complaint, Director Leach realleges and incorporates all of the prior responses as if set forth verbatim.

93.     The allegations of Paragraph 128 state a legal conclusion to which no response is required at this time. To the extent a response is required, and to the extent Paragraph 128 alleges or implies any wrongdoing or liability on the part of Director Leach, the allegations or implications are denied.

94.     The allegations of Paragraph 129 through 136 are denied.  Director Leach further states that he at all times had constitutionally adequate, rational, legitimate, justifiable, good faith, and/or compelling bases for his actions.

95.     The allegations of Paragraph 137 through 140 are denied.

COUNT IV

Fifth Amendment—Equal Protection
U.S. Const. amend. V
(FEDERAL DEFENDANTS)

96.      In response to Paragraph 141 of the Complaint, Director Leach realleges and incorporates all of the prior responses as if set forth verbatim.

97.     The allegations of Paragraph 142 state a legal conclusion to which no response is required. To the extent a response is required, and to the extent Paragraph 142 alleges or implies any wrongdoing or liability on the part of Director Leach, the allegations or implications are denied.

98.     The allegations of Paragraph 143 through 156 are asserted against other defendants and no response is required thereto. To the extent a response is required, the allegations are denied.

<u>Prayer for Relief</u>

99.      Director Leach denies that the relief requested in paragraphs A through G of Plaintiffs' Prayer for Relief, appearing on page 38 of the Complaint, should be awarded.  Director Leach further denies any wrongdoing or liability alleged or implied by the allegations contained in Plaintiffs' Prayer for Relief.  Director Leach expressly denies that this Court should issue any declaration or injunction requested by Plaintiffs, and expressly denies Plaintiffs are entitled to recover any damages, fees, costs, or any other and further relief.

**FOR A SECOND DEFENSE**

100.     Plaintiffs' Complaint should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of standing, the absence of a constitutional case or controversy, and/or the absence of ripe claims.

**FOR A THIRD DEFENSE**

101.     Plaintiffs' Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to assert a cause of action upon which relief may be granted.

**FOR A FOURTH DEFENSE**

102.     Some or all of Plaintiffs' claims are barred by the doctrine of sovereign immunity.

**FOR A FIFTH DEFENSE**

103.    Director Leach in his official capacity is entitled to immunity under the Eleventh Amendment of the United States Constitution.

**FOR A SIXTH DEFENSE**

104.    Director Leach in his official capacity is not a "person" amenable to suit under 42 U.S.C. § 1983.

### FOR A SEVENTH DEFENSE

105.     Director Leach at all times had constitutionally adequate, rational, legitimate, justifiable, good faith, and/or compelling bases for his actions alleged in the Complaint.

### FOR AN EIGHTH DEFENSE

106.     Any injury allegedly sustained by Plaintiffs as a result of matters alleged in the Complaint was a proximate result of one or more independent, efficient, and intervening causes.

### FOR A NINTH DEFENSE

107.     Any injury allegedly sustained by Plaintiffs as a result of matters alleged in the Complaint was a proximate result of the actions of other persons and/or entities.

### FOR A TENTH DEFENSE

108.     Any injury allegedly sustained by Plaintiffs as a result of matters alleged in the Complaint was not caused by or is not traceable to Director Leach.

### FOR AN ELEVENTH DEFENSE

109.     Any injury allegedly sustained by Plaintiffs as a result of matters alleged in the Complaint, without admitting same to be true, was due to and caused by Plaintiffs' own intentional, knowing, or negligence choices, actions, or omissions, which contributed to Plaintiffs' alleged injuries as a proximate cause thereof, and without which the alleged injuries would not have occurred, and these contributory choices, actions, or omissions bar Plaintiffs' claims and requested relief.

### FOR A TWELFTH DEFENSE

110.     Director Leach is entitled to Summary Judgment pursuant to Rule 56, Fed. R. Civ. P. as a matter of law.

### FOR A THIRTEENTH DEFENSE

111.    To the extent that Plaintiffs' claims or allegations are premised on or seek relief relating to alleged violations of state law, regulations, and policies, such claims and relief are barred by the terms, conditions and immunities set forth in the South Carolina Tort Claims Act, S.C. Code Ann. §§ 15-78-10, et seq., including defenses granted or preserved by the Act, as well as by the terms, conditions, and immunities set forth in any other applicable statute limiting the liability of and damages available from the defendants.

### FOR A FOURTEENTH DEFENSE

112.    Some or all of Plaintiffs' claims are barred by claim preclusion, or issue preclusion, or both.

### FOR A FIFTEENTH DEFENSE

113.    Some or all of Plaintiffs' claims are barred by applicable statutes of limitations or repose.

### FOR A SIXTEENTH DEFENSE

114.    Some or all of Plaintiffs' claims are barred by equitable doctrines including but not limited to laches, estoppel, waiver, and unclean hands.

### FOR AN SEVENTEENTH DEFENSE

115.    Some or all of Plaintiffs' claims are barred by the absence of any affirmative constitutional duty on the part of Director Leach to protect the life, liberty, property, and rights of its citizens against invasion by private actors or entities.

### FOR AN EIGHTEENTH DEFENSE

116.    To the extent not inconsistent, Director Leach incorporates by reference the affirmative defenses of any other defendant which may also be available to him

**WHEREFORE**, having fully answered Plaintiffs' Complaint, Director Leach hereby prays as follows:

(a) For dismissal of Plaintiffs' Complaint with prejudice and an Order requiring Plaintiffs to pay the costs of this action, including reasonable attorneys' fees;

(b) For the costs of this action; and

(c) For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

DAVIDSON, WREN & DEMASTERS P.A.

*s/Kenneth P. Woodington*
WILLIAM H. DAVIDSON, II, #425
KENNETH P. WOODINGTON, #4741
1611 Devonshire Drive, 2nd Floor
Post Office Box 8568
Columbia, South Carolina 29202-8568
wdavidson@dml-law.com
kwoodington@dml-law.com
T: 803-806-8222
F: 803-806-8855

*Counsel for Defendant Leach*

Columbia, South Carolina

May 22, 2020

28