IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| EDEN ROGERS, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,<br><br>Defendants. | Case No. 6:19-cv-1567 (TMC) |

**FEDERAL DEFENDANTS' MOTION FOR PARTIAL RELIEF FROM ORDER TO CONDUCT MEDIATION**

Federal Defendants hereby respond to the Court's Order to Conduct Mediation, ECF No. 88, and move for partial relief from the Order as set forth herein. *See* ECF No. 88 at 2 (ordering that any party or counsel that believes it should not participate in this mediation "must advise the court in writing no later than ten days from the date of this order"). Federal Defendants have conferred with counsel for the other parties and none oppose Federal Defendants' proposal stated below.

The Court's Order to Conduct Mediation requires that a mediation be conducted in this case by November 16, 2020, and that it be attended by individuals with "full settlement authority" on behalf of each party or that such persons be available by telephone if permitted by the Court not to attend in person. *Id.* at 1. Federal Defendants are unable to practicably comply with the requirement that persons with full settlement authority attend mediation, whether in person or by phone.

In civil cases against the United States, settlement authority is committed by statute to the Attorney General, *see* 28 U.S.C. § 519, who in turn has delegated the authority to settle matters to various senior officials within the Department of Justice, depending on the nature of the case and proposed settlement, *see* 28 C.F.R. §§ 0.160-0.172. Settlement authority for the federal government is vested in few individuals in order to facilitate centralized decisionmaking within the Department of Justice. *See United States v. United States Dist. Court for the N. Mariana Islands*, 694 F.3d 1051, 1060 (9th Cir. 2012). In some instances, settlement authority may only be exercised by the Deputy Attorney General or Associate Attorney General themselves. *See* 28 C.F.R. §§ 0.160(d), 0.161(b).

It is not feasible for senior DOJ officials who possess final approval authority to attend every settlement conference in the various district courts of the United States. *See U.S. Dist. Court*, 694 F.3d at 1059–60. These officials carry a wide range of daily responsibilities and tasks that extend well beyond evaluating, approving, or rejecting settlement in civil litigation. The efforts of these individuals to fulfill their other responsibilities would be significantly hampered if they were required to attend every settlement conference for every case in which the Government is a party. Also, until the final terms of settlement are known, it may not be clear who the authorizing official would be in a particular case and, in some instances, more than one official may confer in connection with authorizing a particular settlement, both within the Department of Justice and the agencies named as defendants.

Therefore, Federal Defendants request that they be excused from the requirement that individuals with full settlement authority attend mediation in this litigation. That outcome is consistent with the Judicial Improvements Act of 1990, which authorized district courts to require the presence of persons with complete authority to bind the parties at settlement conferences. *See*

28 U.S.C. § 473(b)(5). In the Act, Congress expressly recognized the unique hardship such a requirement would impose on the Department of Justice. The Act therefore provides that "[n]othing in a [plan implemented by a district court] relating to the settlement authority provisions of this section shall alter or conflict with the authority of the Attorney General to conduct litigation on behalf of the United States, or any delegation of the Attorney General." 28 U.S.C. § 473(c).

Federal Defendants anticipate attending any future mediation through the undersigned counsel and co-counsel James R. Powers, both of whom have full authority to engage in mediation and to evaluate any proposed settlements and to make recommendations for settlement to relevant senior officials within the Department of Justice. DOJ trial counsel will also have authority to consult with and make recommendations to other government agencies whose operations could be affected by any proposed settlement.

For these reasons, Federal Defendants respectfully request that the Court excuse them from the requirement that persons with full settlement authority attend mediation in this litigation, whether in person or by phone. In the alternative, Federal Defendants request the Court find that Federal Defendants' proposal for participating in the mediation through DOJ trial counsel satisfies the Court's Order.

Dated: June 4, 2020

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

PETER M. McCOY, Jr.
United States Attorney

 /s/ Christie V. Newman
CHRISTIE V. NEWMAN (#5473)
Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, SC 29201
Telephone: (803) 929-3021

Email: Christie.Newman@usdoj.gov

MICHELLE BENNETT
Assistant Branch Director

CHRISTOPHER A. BATES
Senior Counsel to the Assistant Attorney General

JAMES R. POWERS (TX Bar No. 24092989)*
Trial Attorney
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW
Washington, DC 20005
Telephone:  (202) 353-0543
Email:  james.r.powers@usdoj.gov

*Admitted *pro hac vice*

*Counsel for Federal Defendants*