**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| EDEN ROGERS, *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*, <br><br> Defendants. | Case No. 6:19-cv-1567 (TMC) |

**FEDERAL DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR PROTECTIVE ORDER**

This case ultimately boils down to a simple question as to the Federal Defendants: did HHS violate the Constitution by issuing the January 2019 conditional exception regarding the participation of certain faith-based entities in South Carolina's foster care system? That discrete agency action will be supported by an administrative record that the agency anticipates producing by August 13, 2020. Per the Administrative Procedure Act and Congressional intent in passing that statute, this Court should not permit discovery to move forward at present but, rather, should ensure that discovery only occurs as to the Federal Defendants according to the narrow parameters permitted in challenges to agency action. Therefore, Federal Defendants' motion for protective order should be granted. *See* ECF No. 102.

But even if this case were a garden variety civil litigation involving private parties, this Court's intervention would be required because Plaintiffs are pursuing discovery that goes far beyond what is permitted by the Federal Rules of Civil Procedure. The requirement that discovery be relevant to a party's claim or defense is undoubtedly broad. But Plaintiffs have pressed that

1

requirement past the breaking point, pursuing information with no relationship at all to the South Carolina foster care system in which they seek to participate. That system is the focus of this lawsuit, and Plaintiffs' omnibus nationwide discovery requests cannot be squared with that focus.

Plaintiffs' memorandum in opposition fails to persuasively rebut these points. *See* Pls.' Opp'n, ECF No. 103 ("Opp'n"). Federal Defendants' motion should be granted.

## I. Discovery Against the Federal Defendants is Inappropriate Except in the Narrow Circumstances Permitted Under the Administrative Procedure Act.

Federal Defendants' opening brief demonstrated that this litigation should be governed by the judicial review provisions of the Administrative Procedure Act. Thus, consistent with the Supreme Court's instruction that the "power of federal courts of equity to enjoin unlawful executive action is subject to express and implied statutory limitations," discovery beyond the administrative record should not be permitted absent a heightened showing made after the production of the record, under the standards of the APA. *See Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 327 (2015) & Fed. Defs.' Mem. in Support of Mot. for Protective Order at 6–11, ECF No. 102-1 ("Mem.").

Plaintiffs' brief in opposition does not argue that they have made any such heightened showing, effectively conceding the issue for present purposes. *See* Opp'n at 12 (asserting it is "not yet clear whether the record will be complete or whether an exception to the bar on extra-record discovery would apply"). Accordingly, the only question before the Court at this point is whether this litigation should be governed by record review principles. Plaintiffs' arguments on this score are unavailing and should be rejected.

First, Plaintiffs fail to cite any persuasive authority indicating that they are entitled to full discovery under the Federal Rules of Civil Procedure in this challenge to agency action. Indeed, in line with arguments in the Government's opening brief, one of the lead cases cited in Plaintiffs'

2

brief—*State v. U.S. Department of Homeland Security*, ---F. Supp. 3d---, No. 19-cv-4975-PJH, 2020 WL 1557424 (N.D. Cal. Apr. 1, 2020), cited Opp'n at 5, 7—acknowledged that "even where plaintiffs have asserted constitutional claims, wide-ranging discovery is not blindly authorized at a stage in which such an administrative record is being reviewed." *State*, 2020 WL 1557424 at *16 (quoting *Tafas v. Dudas*, 530 F. Supp. 2d 786, 802 (E.D. Va. 2008)). And again consistent with Federal Defendants' position, the court in *State* only ordered discovery where the administrative record "shed[] no light" on the allegations made in support of Plaintiffs' constitutional claim. *Id.* at *15; *see also* Mem. at 10. Another of the cases Plaintiffs cite—*Grill v. Quinn*, No. CIV S-10-0757 GEB GGH PS, 2012 WL 174873, at *2 (E.D. Cal. Jan. 20, 2012), cited Opp'n at 7—also demonstrates that discovery in such cases is extraordinarily narrow and requires specific showings. In *Grill*, the Court did not order broad discovery, but instead ordered that the defendant "shall supplement the Administrative Record with documents specified" in the order. *Id.* at *5. The *Grill* court also permitted discovery "limited to the subject areas set forth above," based on the court's explicit finding that the existing record "give[s] rise to a possible inference that decisions were made on a basis" other than the one stated in the administrative record. *Id.* These cases are in accord with Federal Defendants' basic point: discovery should not proceed now, but should await production of the Administrative Record and a requirement that Plaintiffs make a heightened showing that discovery beyond the Administrative Record is needed.

Plaintiffs' other citations do little to advance their arguments. *See* Opp'n at 5–7. Two of the cases Plaintiffs cite fail to distinguish or even acknowledge the numerous authorities cited in both Parties' papers holding that, at the very least, discovery in challenges to agency action should be tightly circumscribed. *See Karnoski v. Trump*, No. C17-1297-MJP, 2018 WL 1880046, at * 1 (W.D. Wash. Apr. 19, 2018); *Miccosukee Tribe of Indians of Fla. v. United States*, No. 08-23001-

3

CIV, 2010 WL 337653, at *2 (S.D. Fla. Jan. 22, 2010). And one of the cases says nothing at all about the extent of permissible discovery. *See Bolton v. Pritzker*, No. C15-1607 MJP, 2016 WL 4555467, at *4 (W.D. Wash. Sept. 1, 2016).

Plaintiffs' citation of the Supreme Court's decision in *Webster v. Doe*, 486 U.S. 592 (1988), is similarly inapposite, as that case said nothing at all about the propriety of discovery in a case such as this. Rather, the cited portion of *Webster*, *see* Opp'n at 5, stands for the unremarkable proposition that there is no categorical bar on discovery against the federal government, 486 U.S. at 604. Federal Defendants do not dispute this; rather, Federal Defendants maintain that discovery is not appropriate when, as here, a plaintiff's challenge to agency action requires the court to "evaluat[e] the substance of an agency's decision made on an administrative record." *Bellion Spirits, LLC v. United States*, 335 F. Supp. 3d 32, 43 (D.D.C. 2018).

As for *Cook County, Illinois v. Wolf*, No. 19 C 6334, 2020 WL 2542155, at *10 (N.D. Ill. May 19, 2020), the district court in that case permitted discovery because the court believed there had been irregularities in the preparation of the administrative record and where it credited allegations of discriminatory animus. *See id.* at *10–12. Although the Government disagrees with that decision, it bears no resemblance to the situation here. Plaintiffs' only allegations of unlawful intent in this case are conclusory and do not raise any basis for discovery. *See* Fed. Defs.' Mem. in Support of Mot. to Dismiss at 24, ECF No. 50-1 (citing Compl. ¶ 122 & *Ashcroft v. Iqbal*, 556 U.S. 662, 680–81 (2009)).[1] And Federal Defendants have not even had an opportunity to produce the administrative record, let alone have Plaintiffs shown any irregularities in its assembly.

---

[1] This Court declined to decide whether Plaintiffs had adequately alleged the absence of a secular purpose in considering Federal Defendants' motions to dismiss because it held doing so was unnecessary in light of the Court's decision on prongs two and three of the *Lemon* test. Order at 31 n.6 (D.S.C. May 8, 2020), ECF No. 81.

4

Second, Plaintiffs' argument regarding the dispositive effect of *Department of Commerce v. New York*, 139 S. Ct. 2551 (2019), relies on a misapprehension of the procedural history in that litigation. Plaintiffs assert that the Supreme Court's decision in *Department of Commerce* did not pass upon the permissibility of discovery on constitutional claims regarding agency action because those claims were not before the Court. Opp'n at 7. But as Plaintiffs acknowledge, the constitutional claims in *Department of Commerce* were rejected by the district court only after trial and were present throughout the preceding litigation, including the discovery period. Thus, if adequately alleged constitutional claims could form a basis for discovery in a challenge to agency action, then the Supreme Court's statement in *Department of Commerce* that the district court should not have ordered discovery when it did would be wrong. *See Department of Commerce*, 139 S. Ct. at 2574 (holding order for discovery was "premature"). This is not a plausible interpretation of *Department of Commerce*, particularly where the Supreme Court expressly acknowledged that the plaintiffs there had raised constitutional challenges to the agency action in question, which were resolved only after trial. *See id.* at 2564 (stating that the district court "allowed the" Equal Protection Clause claim "to proceed"); *id.* (stating that the district court "held a bench trial and issued findings of fact and conclusions of law on respondents' statutory and equal protection claims").

Finally, Plaintiffs fail to adequately distinguish the numerous judicial decisions cited in the Government's opening brief that rejected requests for broad-ranging discovery in challenges to agency action. Plaintiffs respond to these authorities by relying almost exclusively on the fact that they have chosen not to pursue an APA challenge in this litigation. Opp'n at 10–11. But Plaintiffs offer no persuasive justification for permitting their strategic decision to displace Congressional intent in establishing record review principles for challenges to agency action. Instead, Plaintiffs

5

simply contend that a different rule should apply in cases where *both* APA and constitutional claims are present, as opposed to only constitutional claims. *See id.* Plaintiffs offer no rationale for such a rule. Indeed, when considering that scenario, it is unclear why a plaintiff's decision to bring a separate APA claim should preclude it from discovery on a constitutional claim if constitutional claims are subject to standard discovery procedures. Otherwise, the APA and the Federal Rules would create a harsh trap for the unwary, preventing litigants from full civil discovery by the mere decision to pursue multiple theories of relief.[2]

Federal Defendants' approach, by contrast, reconciles the various judicial decisions cited by the Parties, as well as Congressional intent in passing the APA, by ensuring that the availability of discovery does not turn on the unilateral strategic decisions of plaintiffs. Where a party challenges an agency action on an administrative record, whether under the APA's cause of action or directly under the Constitution, review should be limited to the administrative record except where the plaintiff can establish exceptional circumstances warranting supplementation of the record or limited discovery. Plaintiffs have not done that here and until they do so, discovery against the Federal Defendants should not go forward.

## II.     The Discovery Plaintiffs Seek Goes Well Beyond Rule 26.

Federal Defendants' opening brief also demonstrated that even if this Court believes that record review principles do not apply in this case, Plaintiffs' initial discovery requests far exceed the permissible scope of discovery under the Federal Rules. More specifically, Plaintiffs' requests regarding foster care programs and agencies in other states and as to programs other than federal

---

[2] Plaintiffs seem to posit that a different rule could apply where a person is "enmeshed in the administrative process" before bringing constitutional claims. Opp'n at 10–11. Plaintiffs offer no principled basis for this distinction or explanation of its scope. And the APA waives sovereign immunity for suits seeking nonmonetary relief on behalf of any "person suffering legal wrong because of agency action," whether that person is "enmeshed" or not in prior administrative proceedings. 5 U.S.C. § 702.

funding of state foster care under Title IV-E of the Social Security Act are not relevant to any claim or defense in this litigation. Protection is therefore warranted. *See* Mem. at 11–14.

Plaintiffs' response in opposition is premised in part on two apparent misunderstandings of Federal Defendants' argument. First, Plaintiffs contend that Federal Defendants fail to appreciate that Plaintiffs seek injunctive relief "that would apply to 'any state's federally funded child welfare system.'" Opp'n at 12. Plaintiffs seem to assert that their nationwide discovery requests are appropriate on this basis. But Plaintiffs do not explain how they have standing to seek such far-reaching relief or what violations of law they allege that would warrant such relief. Nor could they; this Court's decision on Defendants' motion to dismiss specifically rejected any assertion of taxpayer standing in this litigation, instead allowing only Plaintiffs' South Carolina-based claims to go forward. *See* Order at 18 (D.S.C. May 8, 2020), ECF No. 81. Thus, regardless of what Plaintiffs ask for in the Complaint, following this Court's ruling on Defendants' motion to dismiss this case is "limited to South Carolina." *Contra* Opp'n at 12.

Plaintiffs are also incorrect that Federal Defendants "have made no effort to" show that Plaintiffs' discovery requests are not proportional to the needs of the case. *See* Opp'n at 15. As explained in the Government's opening brief, one of the enumerated criteria for assessing proportionality is the "importance of the discovery in resolving the issues" in the case. Mem. at 11 (quoting Fed. R. Civ. P. 26(b)(1)). The importance of the discovery at issue in Federal Defendants' motion for a protective order is nil (or close to it) given its lack of relevance to Plaintiffs' claims. Thus, the burden that complying with Plaintiffs' nationwide discovery requests would entail necessarily "outweighs [the] likely benefit" of that discovery. *See* Fed. R. Civ. P. 26(b)(1).

7

Beyond these red herrings, Plaintiffs' opposition brief largely relies on an overbroad understanding of the scope of discovery, asserting that any matter within the "general subject matter of the litigation" may be discoverable. Opp'n at 13, 14. To begin, this understanding of the scope of discovery was rejected in the 2015 amendments to Rule 26, which "restore[d] proportionality as an express component of discovery and delete[d] the former provision authorizing the Court to order discovery of any matter relevant to the subject matter involved in the action." *Dickman v. Banner Life Ins. Co.*, No. RDB-16-192, 2017 WL 4342064, at *2 (D. Md. Sep. 28, 2017). Many of the cases cited by Plaintiffs predate this change and thus considered a different standard than the one to be utilized by this Court. *See* Opp'n at 13, 14 (citing cases).

In any event, even if one accepted that the proper standard in this case is relevance to the "general subject matter of the litigation," Plaintiffs' discovery requests still cannot be justified. For Plaintiffs' requests to be appropriate, one would need to define the "general subject matter" of this case to include regulation of grants to *any* State foster care system or consideration of *any* religious accommodation for *any* public or private foster-care agency *anywhere* in the United States. Rather than providing the tools to support their South Carolina-based claims, discovery in Plaintiffs' understanding would seem to confer on them a roving investigatory power akin to a congressional oversight committee.

Plaintiffs also do little to specifically defend the relevance of the requests for information that are the subject of Federal Defendants' motion. Plaintiffs vaguely assert that requests for information about regulation of foster care systems in other states or consideration of other requests for religious accommodation could "provid[e] important context" for their claims and could "shed light on" and "elucidate" Federal Defendants' decision-making. Opp'n at 13, 14. Plaintiffs do not even attempt to connect these fuzzy concepts to the elements of the claims they

8

are pursuing in this litigation. That is unsurprising; it is hard to discern the relevance of information about HHS's regulation of funding for Ohio's Title IV-E foster care system or HHS's consideration of a request for a religious accommodation by an HHS Office of Refugee Resettlement grantee providing residential services to unaccompanied children in Arizona, to name just two hypothetical examples of the myriad scenarios that would be responsive to Plaintiffs' broad requests. Plaintiffs certainly have not established any "reasonable likelihood" that these requests "will lead to discovery of evidence relevant" to Plaintiffs' challenge to the January 2019 conditional exception issued to South Carolina. *See Food Lion, Inc. v. United Food & Commercial Workers Int'l Union AFL-CIO-CLC*, 103 F.3d 1007, 1012–1013 (D.C. Cir. 1997).

## CONCLUSION

For the foregoing reasons, the Federal Defendants respectfully request that the Court enter a protective order prohibiting Plaintiffs from seeking discovery from the Federal Defendants in this case beyond the limitations of the Administrative Procedure Act, including a requirement that discovery may only be served with leave of Court obtained under APA standards after the Federal Defendants produce the administrative record. In the alternative, the Federal Defendants request that the Court enter a protective order as to RFP Nos. 5, 6, and 11–15—*see* ECF No. 102-2 at 10, 12, 13—as well as any other discovery requests now pending or that may be served seeking information related to any federal program or state other than the South Carolina foster care system funded under Title IV-E of the Social Security Act.

9

Dated: July 31, 2020

Respectfully submitted,

ETHAN P. DAVIS
Acting Assistant Attorney General

PETER M. McCOY, Jr.
United States Attorney

*/s/ Christie V. Newman*
CHRISTIE V. NEWMAN (#5473)
Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, SC 29201
Telephone: (803) 929-3021
Email: Christie.Newman@usdoj.gov

MICHELLE BENNETT
Assistant Branch Director

CHRISTOPHER A. BATES
Senior Counsel to the Assistant Attorney General

JAMES R. POWERS (TX Bar No. 24092989)*
Trial Attorney
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 353-0543
Email: james.r.powers@usdoj.gov

*Admitted *pro hac vice*

*Counsel for Federal Defendants*