# Exhibit 1

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| EDEN ROGERS and<br><br>BRANDY WELCH,<br><br>         Plaintiffs,<br><br> -against-<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES;<br><br>ALEX AZAR, in his official capacity as Secretary of the UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES;<br><br>ADMINISTRATION FOR CHILDREN AND FAMILIES;<br><br>LYNN JOHNSON, in her official capacity as Assistant Secretary of the ADMINISTRATION FOR CHILDREN AND FAMILIES;<br><br>SCOTT LEKAN, in his official capacity as Principal Deputy Assistant Secretary of the ADMINISTRATION FOR CHILDREN AND FAMILIES;<br><br>HENRY MCMASTER, in his official capacity as Governor of the STATE OF SOUTH CAROLINA; and<br><br>MICHAEL LEACH, in his official capacity as State Director of the SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES,<br><br>         Defendants. | Case No. 6:19-cv-01567-TMC<br><br>**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT HENRY MCMASTER** |

## PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs serve their First Set of Requests for Production (collectively, the "Requests" or "RFPs", and each individually, a "Request" or an "RFP"), dated June 2, 2020, on Henry McMaster, in his official capacity as Governor of the State of South Carolina. Plaintiffs hereby request that the Defendant produce the following documents and tangible things in their possession, custody or control in accordance with the definitions and instructions contained herein to the undersigned attorneys at the offices of Burnette Shutt McDaniel, 912 Lady Street, 2nd Floor, Columbia, SC 29202, within 30 days of service of this First Set of Requests for Production or as otherwise set forth in Rules 26 and 34 of the Federal Rules of Civil Procedure. Each of the document requests is to be read in accordance with the definitions and instructions that follow.

## DEFINITIONS

1. The term "ACF" shall mean the Administration for Children and Families and all of its offices, divisions and departments, including, but not limited to, the Administration on Children, Youth and Families, the Children's Bureau, and the Office of Regional Operations for Region 4.

2. The term "ACF Letter" shall mean the January 23, 2019 letter from ACF to South Carolina Governor Henry McMaster regarding "Request for Deviation or Exception from HHS Regulations 45 CFR § 75.300(c)".

3. The terms "and" and "or" as used herein, where the context permits, shall be construed to mean "and/or" as necessary to bring within the scope of these RFPs any information or Documents that might otherwise be construed to be outside their scope.

4. The term "any" is to be understood to include and encompass "all"; the word "all" also includes "each" and vice versa.

5. The term "Communication" means any transmittal and/or receipt of information, whether such was oral or written, and whether such was by chance, prearranged, formal or informal, and specifically includes, but is not limited to, conversations in person, telephone conversations, any Documents relating to any in-person or telephone conversations (including but not limited to any notes thereof), electronic communications (including email, instant messages and text messages), voicemail, letters, memoranda, statements, media releases, magazine and newspaper articles, and video and audio transmissions.

6. The term "concerning" when referring to any given subject matter, shall mean any document that constitutes, comprises, involves, contains, embodies, reflects, relates to, identifies, states, mentions, alludes to, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

7. The terms "Document" and "Documents" shall have the broadest meaning ascribed to them by Federal Rule of Civil Procedure 34. This includes copies that differ from the original in any way, including handwritten notations or other written or printed matter. It also includes information stored electronically, whether in a computer database or otherwise, regardless of whether such documents are presently also in non-electronic form. "Document" or "Documents" shall include, but are not limited to, any "Communication" as defined herein.

8. The term "DSS" shall mean the South Carolina Department of Social Services and all of its offices, divisions and departments.

9. The term "HHS" shall mean the United States Department of Health and Human Services and all of its offices, divisions and departments, including, but not limited to, the Administration for Children and Families, the Executive Secretariat, the Office of Civil Rights,

the Office of the General Counsel, the Office of Intergovernmental and External Affairs and the Office of the Secretary.

10. The term "HHS Grants Rule" shall mean the HHS regulations at 45 C.F.R. § 75.300(c) that prohibit subgrantees from selecting among prospective foster parents on the basis of, *inter alia*, their religion and sexual orientation.

11. The term "LGBT" shall mean individuals and/or couples who identify as lesbian, gay, bisexual and/or transgender.

12. The term "McMaster Executive Order" shall mean Governor McMaster's Executive Order No. 2018-12, issued on March 13, 2018.

13. The term "McMaster Request" shall mean the February 27, 2018 letter sent by Governor McMaster to the Acting Assistant Secretary of ACF for a "deviation or waiver" from the HHS Grants Rule on the basis that compliance with the HHS Grants Rule would conflict with a subgrantee's religious exercise.

14. The term "Nonenforcement Policy" shall mean HHS's Notification of Nonenforcement of Health and Human Services Grants Regulation, published at 84 Fed. Reg. 63,809 (Nov. 19, 2019), notifying the public that HHS would not enforce the HHS Grants Rule pending the finalization of a proposed rule to eliminate the HHS Grants Rule's provision that prohibits subgrantees from selecting among prospective foster parents on the basis of, *inter alia*, their religion and sexual orientation.

15. The term "Proposed Rulemaking" shall mean HHS's proposed rulemaking, published at 84 Fed. Reg. 63,831 (Nov. 19, 2019), to modify the HHS Grants Rule by eliminating the HHS Grants Rule's provision that prohibits subgrantees from selecting among prospective foster parents on the basis of, *inter alia*, their religion and sexual orientation.

16. The terms "relating to" or "related to" shall mean regarding, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, identifying, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, containing or constituting (in whole or in part).

17. The term "RFRA" shall mean the Religious Freedom Restoration Act, Pub. L. No. 103-141, 107 Stat. 1488 (November 16, 1993) (codified at 42 U.S.C. §§ 2000bb to 2000bb-4).

18. The terms "You" and "Your" shall mean the Office of the Governor of South Carolina, including all of its employees (including, but not limited to, Governor McMaster), offices, divisions and departments.

19. The singular form of any word shall be interpreted as plural and the plural as singular as necessary to bring within the scope of these RFPs any information or Documents that might otherwise be construed to be outside their scope.

## INSTRUCTIONS

1. Each Request shall be construed independently and not with reference to any other Request for the purpose of limitation or exclusion.

2. You are required to produce all responsive Documents in Your possession, custody or control, which includes Documents in the possession, custody or control of Your lawyers, agents and other representatives.

3. Each Document and thing requested shall be produced in its entirety. If a Document or thing responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

4. If any part of a Document or thing is responsive to any of the following requests, the entire Document or thing should be produced without deletion or redaction.

5. You shall supplement Your responses in accordance with Rule 26(e) of the Federal Rules of Civil Procedure within a reasonable time if You obtain or become aware of any further Documents and things responsive to these RFPs.

6. If You withhold any Document or thing from discovery on the basis of the attorney-client privilege, work-product protection or other ground of privilege or immunity, You shall describe in accordance with Federal Rule of Civil Procedure 45(e)(2) the nature of the privilege claimed, and provide the information required by Rule 45(e)(2), and describe the nature of the information in a manner that will enable Plaintiffs to assess the applicability of the claimed privilege or immunity.

7. If a Document exists and several copies or additional copies have been made that are non-identical (or are no longer identical by reason of any subsequent additions or notations or other modifications of such copy), each copy is to be construed as a separate Document.

8. If You are aware that a Document or thing once existed but has been destroyed, You shall state when the Document or tangible thing was destroyed, why it was destroyed and the circumstances under which it was destroyed.

9. Definitions or usages of words or phrases in these Requests are not intended to be, and shall not be, construed as admissions as to the meaning of words or phrases at issue in the action, and shall have no binding effect on Plaintiffs in this or in any other proceeding.

10. Unless otherwise stated in a specific Request, these Requests seek responsive information and Documents authored, generated, disseminated, drafted, produced, reproduced, received, obtained or otherwise created or distributed, concerning, or in effect during the period from January 1, 2017 to the present.

11. For the purpose of reading, interpreting or construing the scope of these Requests, the terms used shall be given their most expansive and inclusive interpretation.

12. You must answer each RFP separately and fully, unless it is objected to, in which event the reason for objection should be specifically and separately stated. If You object to part of a Request, You must produce all Documents responsive to the part of the Request to which You did not object.

13. You must produce responsive Documents as they have been kept in the usual course of business or organize or label them to correspond to these enumerated Requests.

14. You must produce responsive Documents in Your control pursuant to Your authority in Your official capacity, including all responsive Documents at the Office of the Governor.

15. If, in answering these Requests, You claim any ambiguity in interpreting either a Request or a definition or instruction applicable thereto, You should not use that claim as a basis for refusing to respond, but rather You shall set forth as part of Your response to such Request the language deemed to be ambiguous and the interpretation chosen to be used in responding to the Request.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** Documents concerning the McMaster Request, including, but not limited to, Communications between any person at Governor McMaster's office, including, but not limited to, Governor McMaster, and (i) any person at Miracle Hill, (ii) any person at HHS, (iii) any person at DSS, including, but not limited to, Michael Leach, (iv) any person at the office of any state or federal elected officials, (v) any member of the public or (vi) any other person at Governor McMaster's office, including, but not limited to, Governor McMaster.

**REQUEST NO. 2:** Documents concerning the McMaster Request and/or the granting thereof, including, but not limited to, Communications between any person at Governor McMaster's office, including, but not limited to Governor McMaster, and any person at HHS regarding the scope of the McMaster Request including, but not limited to, "follow-up telephone calls" clarifying that the McMaster Request sought "an exception from [HHS] regulations at 45 CFR § 75.300(c), prohibiting subgrantees from selecting among prospective foster parents on the basis of religion, to the extent that such prohibition conflicts with a subgrantee's religious exercise", as referenced in the ACF Letter.

**REQUEST NO. 3:** Documents concerning the McMaster Executive Order, including, but not limited to, Communications between any person at Governor McMaster's office, including, but not limited to, Governor McMaster, and (i) any person at Miracle Hill, (ii) any person at HHS, (iii) any person at DSS, including, but not limited to, Michael Leach, (iv) any person at the office of any state or federal elected officials, (v) any member of the public or (vi) any other person at Governor McMaster's office, including, but not limited to, Governor McMaster.

**REQUEST NO. 4:** Documents referencing the ACF Letter or reflecting Communications concerning the ACF Letter, including, but not limited to, interpretations of the ACF Letter or the scope of the exception granted by it.

**REQUEST NO. 5:** Documents referencing or reflecting Communications concerning any factual assertions in the ACF Letter regarding the South Carolina foster care program, including, but not limited to, the assertions that (i) there are more than 4,000 children in foster care in South Carolina, (ii) Miracle Hill recruits 15% of the families in the South Carolina foster care program, (iii) South Carolina would have difficulty continuing to place children in need of foster care without the participation of faith-based CPAs in the program and (iv) without the exception requested in the McMaster Request certain faith-based CPAs would have to abandon their religious beliefs or forego licensure and funding, which would cause a hardship to such organizations.

**REQUEST NO. 6:** Documents reflecting Communications between any person at Governor McMaster's office, including, but not limited to, Governor McMaster, and any person at DSS, including, but not limited to, Michael Leach, regarding revisions or additions, including all draft revisions, to the DSS Human Services Policy and Procedure Manual, or any other DSS policy or procedure, made after March 13, 2018 pursuant to the McMaster Executive Order.

**REQUEST NO. 7:** Documents reflecting Communications between any person at Governor McMaster's office, including, but not limited to, Governor McMaster, and any person at DSS, including, but not limited to, Michael Leach, regarding amendments or additions, including all draft revisions, to the South Carolina Code of Regulations with regard to foster care, made after March 13, 2018 pursuant to the McMaster Executive Order.

**REQUEST NO. 8:** Documents regarding licensing same-sex couples or LGBT people as foster parents, including, but not limited to, Communications among any persons at Governor McMaster's office, including, but not limited to, Governor McMaster; between any person at Governor McMaster's office, including, but not limited to, Governor McMaster, and DSS employees, including, but not limited to, Michael Leach; and between any person at Governor McMaster's office, including, but not limited to, Governor McMaster, and employees of HHS.

**REQUEST NO. 9:** Documents regarding DSS actions, including, but not limited to, notifications, letters, complaints, revocations of licenses or any other disciplinary measures, against any child placement agency ("CPA") or other South Carolina beneficiary of HHS funds for failure to abide by federal or state non-discrimination requirements, including the HHS Grants Rule from 2016 to the present. For the elimination of doubt, this RFP includes any and all Documents related to any DSS action against Miracle Hill.

**REQUEST NO. 10:** Documents concerning the Proposed Rulemaking, including, but not limited to, Communications between any person at Governor McMaster's office, including, but not limited to, Governor McMaster, and (i) any person at Miracle Hill, (ii) any person at HHS, (iii) any person at DSS, including, but not limited to, Michael Leach, (iv) any person at the office of any state or federal elected officials, (v) any member of the public or (vi) any other person at Governor McMaster's office, including, but not limited to, Governor McMaster.

**REQUEST NO. 11:** Documents concerning the Nonenforcement Policy, including, but not limited to, Communications between any person at Governor McMaster's office, including, but not limited to, Governor McMaster, and (i) any person at Miracle Hill, (ii) any person at HHS, (iii) any person at DSS, including, but not limited to, Michael Leach, (iv) any person at the office of any state or federal elected officials, (v) any member of the public or (vi)

any other person at Governor McMaster's office, including, but not limited to, Governor McMaster.

**REQUEST NO. 12:** Documents regarding religious accommodations for faith-based foster care or adoption agencies.

**REQUEST NO. 13:** Documents concerning the impact of the granting of the McMaster Request on (i) the availability of foster families, (ii) the diversity of eligible, willing and able foster families, (iii) the ability of non-Christian and/or LGBT families to serve as foster parents and (iv) individual exercise of religious freedom.

**REQUEST NO. 14:** Documents concerning the impact of the granting of the McMaster Executive Order on (i) the availability of foster families, (ii) the diversity of eligible, willing and able foster families, (iii) the ability of non-Christian and/or LGBT families to serve as foster parents and (iv) individual exercise of religious freedom.

**REQUEST NO. 15:** Documents concerning Miracle Hill's or any other CPA's practice of refusing to accept or approve prospective foster parents who are same-sex couples or LGBT individuals or to place children in foster care with such families.

**REQUEST NO. 16:** Documents concerning Miracle Hill's or any other CPA's practice of refusing to accept or approve prospective foster parents who practice a religion other than Protestant Christianity or who practice no religion at all, or to place children in foster care with such families.

**REQUEST NO. 17:** Documents from January 1, 2015 to the present concerning families who were denied services by Miracle Hill or any other CPA because they do not practice a particular religion or because they are same-sex couples or LGBT individuals, including, but not limited to, complaints made by those families.

**REQUEST NO. 18:** Documents sufficient to show that "Plaintiffs have knowingly declined to pursue opportunities available to them to seek licensure as foster parents by SCDSS and to serve as foster parents directly with SCDSS or with private agencies near them who are willing to assist them." (*See* Governor McMaster's Answer ¶¶ 8, 77.)

**REQUEST NO. 19:** A copy of Miracle Hill's written plan of compliance that DSS required as a condition of the temporary CPA license it issued to Miracle Hill on January 27, 2018.

**REQUEST NO. 20:** Documents sufficient to show any and all steps DSS has taken to prevent discrimination by Miracle Hill or any other CPA against prospective foster parents based on religion or sexual orientation.

**REQUEST NO. 21:** Documents sufficient to show any and all state and/or federal funding DSS distributed to all faith-based CPAs identified in Your response to RFP No. 1 for their foster care services from 2016 to the present.

**REQUEST NO. 22:** Documents concerning the requirement that Miracle Hill and any other subgrantee making use of the exception granted in the ACF Letter "refer potential foster parents that do not adhere to the subgrantee's religious beliefs to other subgrantees in the SC Foster Care Program, or to . . . the SC Foster Care Program staff themselves" (ACF Letter at 4), including, but not limited to, plans and processes for making such referrals, and evidence of such referrals since the exception took effect.

/s/ N. Shutt
_____
South Carolina Equality Coalition, Inc.
Nekki Shutt (Federal Bar No. 6530)
M. Malissa Burnette (Federal Bar No. 1616)
Burnette Shutt & McDaniel, P.A.
912 Lady Street, 2nd Floor
P.O. Box 1929

Columbia, SC 29202
(803) 904-7912
mburnette@burnetteshutt.law
nshutt@burnetteshutt.law

Susan K. Dunn (Federal Bar No. 647)
American Civil Liberties Union
of South Carolina Foundation
P.O. Box 20998
Charleston, SC 29413
(843) 282-7953
sdunn@aclusc.org

Peter T. Barbur (admitted *pro hac vice*)
Katherine D. Janson (admitted *pro hac vice*)
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000
pbarbur@cravath.com
kjanson@cravath.com

Leslie Cooper (admitted *pro hac vice*)
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2633
lcooper@aclu.org

Daniel Mach (admitted *pro hac vice*)
American Civil Liberties Union Foundation
915 15th Street NW
Washington, DC 20005
(202) 675-2330
dmach@aclu.org

M. Currey Cook (admitted *pro hac vice*)
Karen L. Loewy (admitted *pro hac vice*)
Lambda Legal Defense and
Education Fund, Inc.
120 Wall Street, 19th Floor
New York, NY 10005
(212) 809-8585
ccook@lambdalegal.org

13

kloewy@lambdalegal.org

*Attorneys for Plaintiffs*

June 4, 2020

Columbia, South Carolina

14

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| EDEN ROGERS and<br><br>BRANDY WELCH,<br><br>          Plaintiffs,<br><br> -against-<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES;<br><br>ALEX AZAR, in his official capacity as Secretary of the UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES;<br><br>ADMINISTRATION FOR CHILDREN AND FAMILIES;<br><br>LYNN JOHNSON, in her official capacity as Assistant Secretary of the ADMINISTRATION FOR CHILDREN AND FAMILIES;<br><br>SCOTT LEKAN, in his official capacity as Principal Deputy Assistant Secretary of the ADMINISTRATION FOR CHILDREN AND FAMILIES;<br><br>HENRY MCMASTER, in his official capacity as Governor of the STATE OF SOUTH CAROLINA; and<br><br>MICHAEL LEACH, in his official capacity as State Director of the SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES,<br><br>          Defendants. | Case No. 6:19-cv-01567-TMC<br><br>**CERTIFICATE OF SERVICE** |

  I hereby certify that I have served a copy of the following as indicated herein below, by mailing a copy a copy of same on the date below by First Class U.S. Mail, postage pre-paid, addressed to the following:

15

| | |
|---|---|
| **DOCUMENT SERVED:** | **PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT HENRY MCMASTER** |

**PARTIES SERVED:**

Peter M. McCoy, Jr., Esq.
Joseph H. Hunt, Esq.
Christie V. Newman, Esq.
Christopher A. Bates, Esq.
Michelle Bennett, Esq.
UNITED STATES ATTORNEY OFFICE
1441 Main Street, Suite 500
Columbia, South Carolina 29201

**ATTORNEYS FOR FEDERAL DEFENDANTS**

Miles E. Coleman, Esq.
NELSON MULLINS RILEY & SCARBOROUGH, LLP
2 W. Washington Street, 4th Floor
Greenville, South Carolina 29601

**ATTORNEY FOR DEFENDANT HENRY MCMASTER**

Robert D. Cook, Esq.
South Carolina Solicitor General
OFFICE OF THE ATTORNEY GENERAL
Post Office Box 11549
Columbia, South Carolina 29211

**ATTORNEY FOR DEFENDANT HENRY MCMASTER**

James R. Powers, Esq.
Trial Attorney
Federal Programs Branch
U.S. Department of Justice,
Civil Division
1100 L. Street, NW
Washington, DC 20005

**ATTORNEY FOR FEDERAL DEFENDANTS**

Jay T. Thompson, Esq.
NELSON MULLINS RILEY & SCARBOROUGH, LLP
1320 Main Street, 17th Floor
Columbia, South Carolina 29201

**ATTORENY FOR DEFENDANT HENRY MCMASTER**

William H. Davidson, II, Esq.
Kenneth P. Woodington, Esq.
DAVIDSON, WREN & DEMASTERS, PA
Post Office Box 8568
Columbia, South Carolina 29202

**ATTORNEYS FOR DEFENDANT MICHAEL LEACH**

_/s/ Tammie R. Jackson_
Tammie R. Jackson
BURNETTE SHUTT & MCDANIEL, PA

June 4, 2020

Columbia, South Carolina