Exhibit 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | | |
|---|---|---|
| Eden Rogers et al., | ) | |
| | ) | Civil Action No. 6:19-cv-01567-TMC |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **DEFENDANT HENRY MCMASTER'S** |
| | ) | **OBJECTIONS AND RESPONSES TO THE** |
| United States Department of Health and | ) | **PLAINTIFFS' FIRST SET OF REQUESTS** |
| Human Services, et al., | ) | **FOR THE PRODUCTION OF DOCUMENTS** |
| | ) | |
| Defendants. | ) | |

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Henry McMaster, in his official capacity as Governor of the State of South Carolina, submits the following responses and objections to Plaintiffs' First Set of Requests for Production of Documents ("RFPs") served on June 4, 2020.

As an initial matter, Plaintiffs' RFPs seem calculated repeatedly to violate and overstep the bounds of the Rules of Civil Procedure in an effort to obtain documents and information that are not relevant to the claims and defenses at issue in this suit, are unlikely to lead to discoverable information, and are outside the scope of discovery articulated by Rules and applicable case law. For the sake of brevity, and to avoid repeating the same lengthy objections every time an additional request commits the same violation, Governor McMaster articulates below certain objections applicable to multiple requests and then incorporates these objections by reference into the specific responses where applicable.

**OBJECTION APPLICABLE TO ALL REQUESTS**

Plaintiffs' Complaint challenges the constitutionality of specific actions of the Defendants, including specifically identified actions of Governor McMaster taken in his official capacity as Governor of the State of South Carolina. Plaintiffs' RFPs, however, seek the production of

materials from January 1, 2017 to the present.[1]  *See* RFPs at 6, ¶ 10.  Governor McMaster, however, was not the Governor of the State of South Carolina on January 1, 2017, and  documents and materials that predate his installation as Governor are not relevant to the claims asserted against him in his official capacity as Governor. For these reasons, Governor McMaster objects to all the Requests to the extent they seek documents prior to his installation as Governor on January 24, 2017. Accordingly, he has not collected, reviewed, or produced documents prior to that date because such documents are not relevant to any claim or defense asserted in the case and are not proportional to the needs of the case.[2]

Governor McMaster further objects to the RFPs to the extent they seek materials dating "to the present." *See* RFPs at 6, ¶ 10. The causes of action asserted in this action arise from specific, identifiable, enumerated actions specifically including a letter sent by Governor McMaster on February 27, 2018; an Executive Order issued by Governor McMaster on March 13, 2018; and a response letter sent to Governor McMaster on January 23, 2019. The Complaint claims the alleged constitutional violations arose immediately from and occurred, if at all (which is not conceded), at the time of the challenged actions. Indeed, Plaintiffs specifically claim it was *these actions* that violated the Establishment and Equal Protection Clauses. The nature and effect of the challenged actions are discernable from the face of the documents referenced above, and documents and materials postdating the specific, identifiable, enumerated actions that allegedly violated constitutional provisions are not relevant to Plaintiffs' claims. Accordingly, such requests are not relevant or proportional to the needs of the case and would impose an undue burden, *see* Rule

---

[1] Two Requests seek materials from an even earlier date. *See* RFP Nos. 17 and 21 (seeking materials dating from January 1, 2015 and January 1, 2016 to the present, respectively).

[2] Indeed, the Complaint alleges Governor McMaster's earliest knowledge of the relevant facts was on or around February 21, 2018, *see* Complaint (ECF No. 1) ¶ 61, and the earliest alleged knowledge or actions by *any* Defendant appears to be late 2017 or early 2018, *see id.* ¶¶ 54–56.

26(b)(1), Fed. R. Civ. P., and Governor McMaster has not collected, reviewed, or produced documents from on or after January 24, 2019.

## OBJECTIONS APPLICABLE TO MORE THAN ONE REQUEST

Because certain of the objections asserted below are applicable to multiple Requests, Governor McMaster explains the objections here and, in the interest of efficiency, refers to them in shorthand form in the specific objections and responses to specific Requests that follow.

1.      Materials whose collection, review, and production would impose an **"Undue Burden or Expense."** Governor McMaster objects, in some instances, to specific Requests on the basis that responding to the Request or specific portions thereof would impose an undue burden or expense in violation of Rule 26(b)(1), Fed. R. Civ. P. This objection relates especially, but not exclusively, to the burden and expense involved in searching for, collecting, reviewing, and producing certain electronically stored documents. The undue burden and expense is caused, in some instances, by the extraordinarily broad scope of Plaintiffs' RFPs. Request 12, for example, seeks "[d]ocuments regarding religious accommodations for faith-based foster care or adoption agencies," but does define "religious accommodations" or "faith-based" and does not limit the scope of the Request to licensed Child Placing Agencies ("CPAs") in South Carolina. The undue burden imposed by these and other excessively expansive Requests is compounded by the technological constraints of the State's information technology system. Specifically, electronically stored documents may be searched on a system-wide basis[3] only by running one search term at a time, rather than by searching for terms in combination or in proximity to each other. Using

---

[3] The State's IT system can more easily perform searches for potentially responsive Communications. Subject to the objections contained in this Response, Governor McMaster has searched for and reviewed such Communications and has produced those that are responsive and are not privileged.

Request 12 as an example, an attempt to collect potentially responsive documents would require running a search for "foster*," then a search for "adopt*," then a search for "accommodate*," and so on, with each of the searches returning large numbers of documents that are not relevant to the claims and defenses of this case, but which would have to be reviewed at length and at great cost that is not proportional to the needs of the case and the relevance of the information sought. *See* Rule 26(b)(1), Fed. R. Civ. P.

2.    Requests seeking "**Documents Sufficient to Show**" an alleged fact. Requests 18, 20, and 21 request "[d]ocuments sufficient to show" certain alleged facts. That phrase is not defined in the RFPs and, further, is vague and ambiguous. In addition, to the extent the Requests appear to seek information as opposed to Documents or Communications, such information (assuming it is relevant and not otherwise objectionable or privileged) should be sought by way of an Interrogatory rather than by a request to produce some unknown quantum of documents "sufficient" to establish an alleged fact.

## OBJECTIONS TO DEFINITIONS

Governor McMaster incorporates by reference the Objections to Definitions found in any other Defendants' Responses and Objections to the RFPs to the extent the definitions to which other Defendants have objected are identical to those found in the RFPs served on the Governor (though in some instances found in different numbered paragraphs of the RFPs' Definitions), including the definitions found in paragraphs 5, 6, 7, and 16 of the RFPs served on Governor McMaster, to the extent they differ from or purport to impose an obligation broader than that found in Rules 26(b)(1) or 34(a)(1), Fed. R. Civ. P., or any other applicable Rule of Civil Procedure.

The Governor further objects to the definition of the terms "You" and "Your" found in Definition 18 of the RFPs to the extent it implies that the Office of the Governor of South Carolina

is a party in interest to this proceeding or is susceptible to discovery requests or demands. The Office of the Governor of South Carolina is an agency or department of the State and is not a party to this Case. The Governor also objects to the definition of the terms "You" and "Your" to the extent that the definition seek to impose on him any obligation to search for, collect, review, or produce documents in the possession, custody, or control of individuals, offices, departments, and divisions beyond his immediate staff. In particular, Governor McMaster objects to and has not attempted to search for, collect, review, or produce documents in the possession of the South Carolina Department of Social Services, which is a separate State government agency whose Director is a named Defendant in this lawsuit, and whose documents are not in Governor McMaster's immediate possession, custody, or control.

## OBJECTIONS TO INSTRUCTIONS

Governor McMaster incorporates by reference the Objections to Instructions found in any other Defendants' Responses and Objections to the RFPs to the extent the instructions to which other Defendants have objected are identical to those found in the RFPs served on the Governor, including the instructions found in paragraphs 2, 3, 4, 6, 8, 13, and 14 of the RFPs served on Governor McMaster, to the extent they differ from or purport to impose an obligation broader than that found in Rules 26 or 34, Fed. R. Civ. P., or any other applicable Rule of Civil Procedure, and to the extent they purport to impose obligations that are not proportionate to the needs of this lawsuit or which would result in the imposition of an Undue Burden or Expense.

## SPECIFIC RESPONSES AND OBJECTIONS
## TO THE REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** Documents concerning the McMaster Request, including, but not limited to, Communications between any person at Governor McMaster's office, including, but not limited to, Governor McMaster, and (i) any person at Miracle Hill, (ii) any person at HHS, (iii)

any person at DSS, including, but not limited to, Michael Leach, (iv) any person at the office of any state or federal elected officials, (v) any member of the public or (vi) any other person at Governor McMaster's office, including, but not limited to, Governor McMaster.

**RESPONSE**:  Subject to the "Objection Applicable to All Requests," the "Objections to Definitions and Instructions," and any applicable privilege or protection, Governor McMaster produces the materials served concurrently herewith and identified by Bates Numbers Rogers_McMaster_00001 to _00012, _00016 to _00025, _00029 to _00032, _00039 to _00041, _00048, _00079 to _00081, _00086 to _00087, _0317 to _00327, and _00344.

**REQUEST NO. 2:** Documents concerning the McMaster Request and/or the granting thereof, including, but not limited to, Communications between any person at Governor McMaster's office, including, but not limited to Governor McMaster, and any person at HHS regarding the scope of the McMaster Request including, but not limited to, "follow-up telephone calls" clarifying that the McMaster Request sought "an exception from [HHS] regulations at 45 CFR § 75.300(c), prohibiting subgrantees from selecting among prospective foster parents on the basis of religion, to the extent that such prohibition conflicts with a subgrantee's religious exercise", as referenced in the ACF Letter.

**RESPONSE**:  Subject to the "Objection Applicable to All Requests," the "Objections to Definitions and Instructions," and any applicable privilege or protection, Governor McMaster produces the materials served concurrently herewith and identified by Bates Numbers Rogers_McMaster_00001 to _00012, _00016 to _00025.

**REQUEST NO. 3**: Documents concerning the McMaster Executive Order, including, but not limited to, Communications between any person at Governor McMaster's office, including, but not limited to, Governor McMaster, and (i) any person at Miracle Hill, (ii) any person at HHS, (iii) any person at DSS, including, but not limited to, Michael Leach, (iv) any person at the office of any state or federal elected officials, (v) any member of the public or (vi) any other person at Governor McMaster's office, including, but not limited to, Governor McMaster.

**RESPONSE**:  Subject to the "Objection Applicable to All Requests," the "Objections to Definitions and Instructions," and any applicable privilege or protection, Governor McMaster produces the materials served concurrently herewith and identified by Bates Numbers

Rogers_McMaster_00007 to _00015, _00042, _00054 to _00075, _00079 to _00081, _00087 to _00087, _00123 to _00197, and _00266 to _00267.

**REQUEST NO. 4:** Documents referencing the ACF Letter or reflecting Communications concerning the ACF Letter, including, but not limited to, interpretations of the ACF Letter or the scope of the exception granted by it.

**RESPONSE**:  Subject to the "Objection Applicable to All Requests," the "Objections to Definitions and Instructions," and any applicable privilege or protection, Governor McMaster produces the materials served concurrently herewith and identified by Bates Numbers Rogers_McMaster_00007 to _00012, _00025, _00037 to _00038, _00274 to _00286, and _00344.

**REQUEST NO. 5:** Documents referencing or reflecting Communications concerning any factual assertions in the ACF Letter regarding the South Carolina foster care program, including, but not limited to, the assertions that (i) there are more than 4,000 children in foster care in South Carolina, (ii) Miracle Hill recruits 15% of the families in the South Carolina foster care program, (iii) South Carolina would have difficulty continuing to place children in need of foster care without the participation of faith-based CPAs in the program and (iv) without the exception requested in the McMaster Request certain faith-based CPAs would have to abandon their religious beliefs or forego licensure and funding, which would cause a hardship to such organizations.

**RESPONSE**:  Subject to the "Objection Applicable to All Requests," the "Objections to Definitions and Instructions," and any applicable privilege or protection, Governor McMaster produces the materials served concurrently herewith and identified by Bates Numbers Rogers_McMaster_00007 to _00012, _00025, _00282, and _00356.

**REQUEST NO. 6:** Documents reflecting Communications between any person at Governor McMaster's office, including, but not limited to, Governor McMaster, and any person at DSS, including, but not limited to, Michael Leach, regarding revisions or additions, including all draft revisions, to the DSS Human Services Policy and Procedure Manual, or any other DSS policy or procedure, made after March 13, 2018 pursuant to the McMaster Executive Order.

**RESPONSE**:  Governor McMaster states there are no documents in his custody, possession, or control that are responsive to this Request.

**REQUEST NO. 7:** Documents reflecting Communications between any person at Governor McMaster's office, including, but not limited to, Governor McMaster, and any person at DSS, including, but not limited to, Michael Leach, regarding amendments or additions, including all draft revisions, to the South Carolina Code of Regulations with regard to foster care, made after March 13, 2018 pursuant to the McMaster Executive Order.

**RESPONSE:** Governor McMaster states there are no documents in his custody, possession, or control that are responsive to this Request.

**REQUEST NO. 8:** Documents regarding licensing same-sex couples or LGBT people as foster parents, including, but not limited to, Communications among any persons at Governor McMaster's office, including, but not limited to, Governor McMaster; between any person at Governor McMaster's office, including, but not limited to, Governor McMaster, and DSS employees, including, but not limited to, Michael Leach; and between any person at Governor McMaster's office, including, but not limited to, Governor McMaster, and employees of HHS.

**RESPONSE:** Governor McMaster objects to this Request because it is overbroad, seeking documents that are irrelevant to the claims and defenses in the Case. Further, the effort required to collect, review, and produce such documents is not proportional to the needs of the Case and, therefore, comprises an Undue Burden or Expense. Governor McMaster further objects to this Request to the extent it seeks documents that may more easily obtained from other parties (assuming *arguendo* that such documents were relevant, proportionate, not unduly burdensome to the collecting and producing party, and not privileged or protected). Accordingly, and in light of the great time, effort, and expense associated with the system-wide search, collection of, and review of electronically stored documents, Governor McMaster has not performed such a system-wide search for electronically stored documents that may be responsive to this Request. (*See* "Undue Burden or Expense," *supra*.)

Subject to and notwithstanding these specific objections, the "Objection Applicable to All Requests," the "Objections to Definitions and Instructions," and any applicable privilege or protection, Governor McMaster has searched for any responsive Communications and for any

8

responsive Documents in his immediate possession, custody, or control or that of his staff, and

produces the Communications and Documents contained among the materials served concurrently

herewith and identified by Bates Numbers Rogers_McMaster_00040 to _00041, _00202 to

_00262, _00287 to _00288, _00302 to _00305, _00328 to _00331.

**REQUEST NO. 9:** Documents regarding DSS actions, including, but not limited to, notifications, letters, complaints, revocations of licenses or any other disciplinary measures, against any child placement agency ("CPA") or other South Carolina beneficiary of HHS funds for failure to abide by federal or state non-discrimination requirements, including the HHS Grants Rule from 2016 to the present. For the elimination of doubt, this RFP includes any and all Documents related to any DSS action against Miracle Hill.

**RESPONSE:**    Governor McMaster objects to this request because it is vague and

ambiguous. Specifically, the Request does not identify the "federal or state non-discrimination

requirements" to which it refers, nor are those terms defined in the RFPs. Governor McMaster

further objects that this Request is so overbroad as to be not proportional to the needs of the Case.

SCDSS' actions, if any, regarding CPAs other than Miracle Hill are not relevant to the claims and

defenses asserted in this Case, nor are they likely to lead to discoverable information. Subject to

these specific objections, the "Objection Applicable to All Requests," the "Objections to

Definitions and Instructions," and any applicable privilege or protection, Governor McMaster

produces the Communications contained among the materials served concurrently herewith and

identified by Bates Numbers Rogers_McMaster_00268 to _00271. In light of the Undue Burden

and Expense imposed by the Request, and in light of the fact that Documents responsive to the

Request would be more easily obtained (assuming they are relevant, proportionate, not unduly

burdensome, and not privileged or protected) from another party, Governor McMaster has not

searched for or produced Documents beyond the Communications contained among the materials

served concurrently herewith.

**REQUEST NO. 10:** Documents concerning the Proposed Rulemaking, including, but not limited to, Communications between any person at Governor McMaster's office, including, but not limited to, Governor McMaster, and (i) any person at Miracle Hill, (ii) any person at HHS, (iii) any person at DSS, including, but not limited to, Michael Leach, (iv) any person at the office of any state or federal elected officials, (v) any member of the public or (vi) any other person at Governor McMaster's office, including, but not limited to, Governor McMaster.

**RESPONSE:**  Governor McMaster objects to this request because it is irrelevant to the claims and defenses of the Case. Plaintiffs' alleged injury predates and does not arise from the Proposed Rulemaking, which postdates and is not mentioned in the Complaint. Further, the Proposed Rulemaking and related documents, if any exist, sought by this Request occurred or were prepared or communicated long after Governor McMaster's or the other Defendants' actions challenged in this Case. In addition, the materials sought by this Request (even assuming *arguendo* that the materials are relevant, proportionate to the needs of the Case, not unduly burdensome, and not privileged or otherwise protected) are in the possession of another party and would be more appropriately obtained from that party.

Because the materials sought by this Request are not relevant to the Case, are not proportional to the needs of the Case, would impose an Undue Burden or Expense, and are more appropriately sought, if at all, from another party, Governor McMaster has not searched for, collected, reviewed, or produced materials in response to this Request.

**REQUEST NO. 11:** Documents concerning the Nonenforcement Policy, including, but not limited to, Communications between any person at Governor McMaster's office, including, but not limited to, Governor McMaster, and (i) any person at Miracle Hill, (ii) any person at HHS, (iii) any person at DSS, including, but not limited to, Michael Leach, (iv) any person at the office of any state or federal elected officials, (v) any member of the public or (vi) any other person at Governor McMaster's office, including, but not limited to, Governor McMaster.

**RESPONSE**:  Governor McMaster objects to this request because it is irrelevant to the claims and defenses of the Case. Plaintiffs' alleged injury predates and does not arise from the Nonenforcement Policy, which postdates and is not mentioned in the Complaint. Further, the

Proposed Rulemaking and related documents, if any exist, sought by this Request occurred or were prepared or communicated long after Governor McMaster's or the other Defendants' actions challenged in this Case. In addition, the materials sought by this Request (even assuming *arguendo* that the materials are relevant, proportionate to the needs of the Case, not unduly burdensome, and not privileged or otherwise protected) are in the possession of another party and would be more appropriately obtained from that party.

Because the materials sought by this Request are not relevant, are not proportional to the needs of the Case, would impose an Undue Burden or Expense, and are more appropriately sought, if at all, from another party, Governor McMaster has not searched for, collected, reviewed, or produced materials in response to this Request.

**REQUEST NO. 12:** Documents regarding religious accommodations for faith-based foster care or adoption agencies.

**RESPONSE:** Governor McMaster objects to this request because it is vague, ambiguous, and so overbroad as to be not proportional to the needs of the Case. Specifically, the terms "religious accommodations" and "faith-based" are not defined, and the unlimited geographic scope of the information and materials sought by the Request is not proportionate to the needs of the Case and thus imposes an Undue Burden or Expense. Governor further notes that any materials that might be both potentially responsive to this Request *and* relevant to the factual and legal claims of this Case would (if not privileged or otherwise protected) be responsive to Requests 1 through 4. Subject to these specific objections, the "Objection Applicable to All Requests," the "Objections to Definitions and Instructions," and any applicable privilege or protection, Governor McMaster produces the Communications contained among the materials served concurrently herewith and identified by Bates Numbers Rogers_McMaster_00001 to _00027, _00038 to _0048, _00054 to

_00073, _00086 to _00088, _00119 to _00273, _00287 to _00292, _00334, _00341 to _00350, and _00367 to _00377.

**REQUEST NO. 13:** Documents concerning the impact of the granting of the McMaster Request on (i) the availability of foster families, (ii) the diversity of eligible, willing and able foster families, (iii) the ability of non-Christian and/or LGBT families to serve as foster parents and (iv) individual exercise of religious freedom.

**RESPONSE:**  Governor McMaster objects to this request on the basis of the Objection Applicable to All Requests; also because it is vague, ambiguous, and so overbroad as to be not proportional to the needs of the Case; and because it would impose an Undue Burden or Expense. It is unclear what is sought by, or what would be responsive to, this request for "Documents concerning the impact" of the cited agency action. In addition, Governor McMaster objects to the Request as seeking information not relevant to the claims made in the Case, because the alleged "impact" of the cited agency action is not relevant to the claims asserted. Further, to the extent this request asks Governor McMaster to analyze documents to answer a question regarding the "impact" of a federal agency action, Governor McMaster objects that this request is in essence an interrogatory that is beyond the scope of Rule 34, Fed. R. Civ. P. In addition, the materials Plaintiffs may be seeking by this Request (even assuming *arguendo* that they are relevant, proportionate to the needs of the Case, not unduly burdensome, and not privileged or otherwise protected) are in the possession of other parties and would be more appropriately obtained from those parties. Accordingly, Governor McMaster has not searched for, collected, reviewed, or produced materials responsive to this Request.

**REQUEST NO. 14:** Documents concerning the impact of the granting of the McMaster Executive Order on (i) the availability of foster families, (ii) the diversity of eligible, willing and able foster families, (iii) the ability of non-Christian and/or LGBT families to serve as foster parents and (iv) individual exercise of religious freedom.

**RESPONSE:** Governor McMaster objects to this request because it is vague, ambiguous, and so overbroad as to be not proportional to the needs of the Case and, therefore, would impose an Undue Burden or Expense. It is unclear what is sought by this request for "Documents concerning the impact" of the Executive Order on various topics. In addition, Governor McMaster objects to the Request as seeking information not relevant to the claims made in the Case, because the alleged "impact" of the cited agency action is not relevant to the claims asserted. Further, to the extent this request asks Governor McMaster to analyze documents to answer a question regarding the "impact" of an Executive Order, Governor McMaster objects that this request is in essence an interrogatory that is beyond the scope of Rule 34, Fed. R. Civ. P. In addition, the materials sought by this Request (even assuming *arguendo* that the materials are relevant, proportionate to the needs of the Case, not unduly burdensome, and not privileged or otherwise protected) are in the possession of other parties or third parties and would be more appropriately obtained from them. Accordingly, Governor McMaster has not searched for, collected, reviewed, or produced materials responsive to this Request.

**REQUEST NO. 15:** Documents concerning Miracle Hill's or any other CPA's practice of refusing to accept or approve prospective foster parents who are same-sex couples or LGBT individuals or to place children in foster care with such families.

**RESPONSE:** Governor McMaster objects to this request because it is vague, ambiguous, and so overbroad as to be not proportional to the needs of the Case and, therefore, would impose an Undue Burden or Expense. First, the Request incorrectly implies that Miracle Hill or any other CPA can "accept" or "approve" a prospective foster parent's application for licensure as a foster parent in South Carolina. Not so. The Request is also premised on an incorrect assumption or implication that Miracle Hill or any other CPA can "place" a foster child with a licensed foster family. Again, this assumption or implication is incorrect. In addition, the Request is overbroad

and seeks materials not relevant to the claims or defenses of this Case by requesting documents relating to the practices of "any" CPA without geographic restriction, thus the Request is not proportionate to the needs of the Case and is, therefore, unduly burdensome. Further, it is unclear what is meant by the "practice of refusing to accept or approve" certain prospective foster parents. As noted above, a private CPA cannot accept or approve an application for licensure as a foster parent. If what the Request really means is Miracle Hill's alleged practice of politely referring inquiries from prospective foster parents who do not share its religious beliefs to other nearby providers who can assist them, documents concerning Miracle Hill's practices are in the possession of Miracle Hill, which Plaintiffs have served with a subpoena *duces tecum* seeking such documents. Accordingly, Governor McMaster has not searched for, collected, reviewed, or produced materials responsive to this Request.

**REQUEST NO. 16**: Documents concerning Miracle Hill's or any other CPA's practice of refusing to accept or approve prospective foster parents who practice a religion other than Protestant Christianity or who practice no religion at all, or to place children in foster care with such families.

**RESPONSE**: Governor McMaster objects to this request because it is vague, ambiguous, and so overbroad as to be not proportional to the needs of the Case and, therefore, would impose an Undue Burden or Expense. First, the Request incorrectly implies that Miracle Hill or any other CPA can "accept" or "approve" a prospective foster parent's application for licensure as a foster parent in South Carolina.  Not so.  The Request is also premised on an incorrect assumption or implication that Miracle Hill or any other CPA can "place" a foster child with a licensed foster family. Again, this assumption or implication is incorrect.  In addition, the Request is overbroad and seeks materials not relevant to the claims or defenses of this Case by requesting documents relating to the practices of "any" CPA without geographic restriction, thus the Request is not proportionate to the needs of the Case and is, therefore, unduly burdensome. Further, it is unclear what

is meant by the "practice of refusing to accept or approve" certain prospective foster parents. As noted above, a private CPA cannot accept or approve an application for licensure as a foster parent. If what the Request really means is Miracle Hill's alleged practice of politely referring inquiries from prospective foster parents who do not share its religious beliefs to other nearby providers who can assist them, documents concerning Miracle Hill's practices are in the possession of Miracle Hill, which Plaintiffs have served with a subpoena *duces tecum* seeking such documents. Accordingly, Governor McMaster has not searched for, collected, reviewed, or produced materials responsive to this Request.

**REQUEST NO. 17:** Documents from January 1, 2015 to the present concerning families who were denied services by Miracle Hill or any other CPA because they do not practice a particular religion or because they are same-sex couples or LGBT individuals, including, but not limited to, complaints made by those families.

**RESPONSE**: Governor McMaster objects to this request because it is vague, ambiguous, and so overbroad as to be not proportional to the needs of the Case and, therefore, would impose an Undue Burden or Expense. First, it incorrectly assumes or implies that Miracle Hill or any other private CPA can prevent a foster parent or prospective foster parent from obtaining "services" necessary to seek or obtain licensure as a foster parent or to serve as a foster parent. Not so. Further, the Request is unclear and, relatedly, overbroad in that it neither limits the scope of the inquiry to the provision of foster care, which is the only social service relevant to this Case, nor defines the "services" about which it inquires.  The Request is further overbroad and seeks materials not relevant to the claims or defenses of this Case by requesting documents relating to the practices of "any" CPA without geographic restriction, thus the Request is not proportionate to the needs of the Case and is, therefore, unduly burdensome. In addition, Governor McMaster objects to the chronological range contemplated by this Request for the reasons articulated in the Objection Applicable to All Requests. Further, documents concerning Miracle Hill's practices are in the

possession of Miracle Hill, which Plaintiffs have served with a subpoena *duces tecum* seeking such documents. Accordingly, Governor McMaster has not searched for, collected, reviewed, or produced materials responsive to this Request.

**REQUEST NO. 18:** Documents sufficient to show that "Plaintiffs have knowingly declined to pursue opportunities available to them to seek licensure as foster parents by SCDSS and to serve as foster parents directly with SCDSS or with private agencies near them who are willing to assist them." (*See* Governor McMaster's Answer ¶¶ 8, 77.)

**RESPONSE:** Governor McMaster objects to this request because "sufficient to show" is undefined, vague, and ambiguous. In addition, the information or materials sought by this Request are more properly in the possession of other parties, including Plaintiffs themselves, from whom it could be obtained without the Undue Burden or Expense that the retrieval and production of such information or materials would impose on Governor McMaster. In any event, Plaintiffs' own pleadings and other filings in this Case indicate they were aware of other opportunities to seek licensure as foster parents and to serve as foster parents but have not taken advantage of those opportunities. Such documents, which are already in Plaintiffs' possession, may suffice to show Plaintiffs knowingly declined such opportunities.  Accordingly, Governor McMaster has not searched for, collected, reviewed, or produced materials responsive to this Request.

**REQUEST NO. 19:** A copy of Miracle Hill's written plan of compliance that DSS required as a condition of the temporary CPA license it issued to Miracle Hill on January 27, 2018.

**RESPONSE:** Governor McMaster objects to this Request because the materials requested would be in the possession of SCDSS rather than the Governor, and such materials have, in fact, been requested in the RFPs served on Defendant Leach. Governor McMaster further objects to this Request in that the material sought is not relevant to any claim or defense in this Case. In light of that irrelevance, and in light of the Undue Burden and Expense that would result from retrieving

and producing a document in the possession of another party, Governor McMaster has not searched for, collected, reviewed, or produced materials responsive to this Request.

**REQUEST NO. 20:** Documents sufficient to show any and all steps DSS has taken to prevent discrimination by Miracle Hill or any other CPA against prospective foster parents based on religion or sexual orientation.

**RESPONSE:** Governor McMaster objects to this request because "sufficient to show," "steps," and "discrimination" are undefined, vague, and ambiguous. Governor McMaster further objects because the materials apparently sought by this Request are not relevant to the claims and defenses of this Case, which concern only the constitutionality of specific of Defendants' actions, and which do not challenge or concern the supposed adequacy of SCDSS' general efforts to "prevent discrimination." In addition, Governor McMaster objects to this Request because the materials requested would be in the possession of SCDSS rather than the Governor, and directing such Request (even assuming it were relevant) to the Governor imposes an Undue Burden or Expense that is not proportionate to the needs of the Case.

**REQUEST NO. 21:** Documents sufficient to show any and all state and/or federal funding DSS distributed to all faith-based CPAs identified in Your response to RFP No. 1 for their foster care services from 2016 to the present.

**RESPONSE:** This Request appears to be a typographical error, seeking documents related to information that was not, in fact, sought in Request 1. Accordingly, Governor McMaster cannot and has not attempted to search for, collect, review, or produce materials in response to this Request. Further, to the extent the Request seeks "Documents sufficient to show" an alleged fact, such term and request are undefined, vague, and ambiguous. Governor McMaster further objects because the materials that may be sought by this Request are not relevant to the claims and defenses of this Case, which concern only the constitutionality of specific of Defendants' actions, regardless

17

of whether, when, and in what amounts specific CPAs have been the recipients of state and/or federal funds.

In addition, even assuming such materials or information were relevant to the claims and defenses of the Case, Governor McMaster objects to the Request as overbroad in that it does not limit its scope to funds received by CPAs from SCDSS for tasks and services fundable by Title VI-E and related specifically to the private agencies' work as CPAs (as opposed to other tasks or services they may provide and for which they may receive payment from SCDSS).[4] Finally, Governor McMaster objects to this Request because the materials requested would be in the possession of SCDSS rather than the Governor, and directing such Request (even assuming it were relevant) to the Governor imposes an Undue Burden or Expense that is not proportionate to the needs of the Case. Accordingly, and for the foregoing reasons, Governor McMaster has not searched for, collected, reviewed, or produced materials responsive to this Request

**REQUEST NO. 22:** Documents concerning the requirement that Miracle Hill and any other subgrantee making use of the exception granted in the ACF Letter "refer potential foster parents that do not adhere to the subgrantee's religious beliefs to other subgrantees in the SC Foster Care Program, or to . . . the SC Foster Care Program staff themselves" (ACF Letter at 4), including, but not limited to, plans and processes for making such referrals, and evidence of such referrals since the exception took effect.

**RESPONSE:** Governor McMaster notes that at least some of the information or materials sought by this Request are more properly in the possession of other parties, including Plaintiffs, whose pleadings and other filings in this Case indicate they were themselves referred to other subgrantees in the SC Foster Care Program to SCDSS itself as contemplated in the ACF Letter. In any event, subject to the "Objection Applicable to All Requests," the "Objections to Definitions

---

[4] Some CPAs in South Carolina also provide other services for which they may receive state or federal reimbursements, including, for example, residential foster care services, transportation services, vocational training, continued support and services for youths who age out of foster care, adult literacy programs, alcohol and drug rehabilitation programs, and more.

and Instructions," and any applicable privilege or protection, Governor McMaster states there are no materials in his possession, custody, or control that are responsive to this Request.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: _s/ Miles E. Coleman_____
    Miles E. Coleman
    Federal Bar No. 11594
    E-Mail: miles.coleman@nelsonmullins.com
    2 W. Washington Street / 4th Floor
    Greenville, SC 29201
    (864) 373-2352

    Jay T. Thompson
    Federal Bar No. 09846
    E-Mail: jay.thompson@nelsonmullins.com
    1320 Main Street / 17th Floor
    Post Office Box 11070 (29211-1070)
    Columbia, SC  29201
    (803) 799-2000

OFFICE OF THE ATTORNEY GENERAL

    Robert D. Cook, South Carolina Solicitor General
    Federal Bar No. 285
    E-Mail: bcook@scag.gov
    Post Office Box 11549
    Columbia, SC  29211
    (803) 734-3970

    *Attorneys for Governor Henry McMaster*

Greenville, South Carolina
August 4, 2020

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| Eden Rogers et al., | ) | |
| | ) | Civil Action No. 6:19-cv-01567-TMC |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | **CERTIFICATE OF SERVICE** |
| United States Department of Health and | ) | |
| Human Services, et al., | ) | |
| | ) | |
| Defendants. | ) | |

      I hereby certify that I have served a copy of Defendant Henry McMaster's Objections and Responses to Plaintiffs' First Set of Requests for Production by electronic mail on the following:

M. Malissa Burnette
Nekki Shutt
BURNETTE SHUTT & MCDANIEL, PA
912 Lady Street, 2nd floor
P.O. Box 1929
Columbia, SC 29202
(803) 850-0912
mburnette@burnetteshutt.law
nshutt@burnetteshutt.law

Susan K. Dunn
AMERICAN CIVIL LIBERTIES UNION OF SOUTH CAROLINA FOUNDATION
P.O. Box 20998
Charleston, SC 29413
(843) 282-7953
sdunn@aclusc.org

Peter T. Barbur
Katherine D. Janson
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000
pbarbur@cravath.com
kjanson@cravath.com

Leslie Cooper
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2633
lcooper@aclu.org

Daniel Mach
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
915 15th Street NW
Washington, DC 20005
(202) 675-2330
dmach@aclu.org

M. Currey Cook
Karen L. Loewy
Cathren Cohen
LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
120 Wall Street, 19th Floor
New York, NY 10005
(212) 809-8585
ccook@lambdalegal.org
kloewy@lambdalegal.orgccohen@lambdalegal.org

*Counsel for Plaintiffs*

Peter M. McCoy, Jr., Esq.
Joseph H. Hunt, Esq.
Christie V. Newman, Esq.
Christopher A. Bates, Esq.
Michelle Bennett, Esq.
UNITED STATES ATTORNEY'S OFFICE
1441 Main Street, Suite 500
Columbia, South Carolina 29201
Christie.Newman@usdoj.gov

James R. Powers, Esq.
Trial Attorney
Federal Programs Branch
U.S. DEPARTMENT OF JUSTICE, CIVIL DIVISION
1100 L. Street, NW
Washington, D.C. 20005
James.R.Powers@usdoj.gov

*Counsel for the Federal Defendants*

William H. Davidson
Kenneth P. Woodington
DAVIDSON, WREN & DEMASTERS P.A.
1611 Devonshire Drive, 2nd Floor
Post Office Box 8568
Columbia, South Carolina 29202-8568
(803) 806-8222
wdavidson@dml-law.com
kwoodington@dml-law.com

*Counsel for Defendant Leach*

 s/ Miles E. Coleman
    Miles E. Coleman

*Counsel for Governor Henry McMaster*