# Exhibit 7

CRAVATH, SWAINE & MOORE LLP

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

JOHN W. WHITE
EVAN R. CHESLER
RICHARD W. CLARY
STEPHEN L. GORDON
ROBERT H. BARON
DAVID MERCADO
CHRISTINE A. VARNEY
PETER T. BARBUR
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KATHERINE B. FORREST
KEITH R. HUMMEL
DAVID J. KAPPOS
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
PHILIP J. BOECKMAN
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
MARK I. GREENE

DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. MCATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER
+1-212-474-1058

WRITER'S EMAIL ADDRESS
pbarbur@cravath.com

KEVIN J. ORSINI
MATTHEW MORREALE
JOHN D. BURETTA
J. WESLEY EARNHARDT
YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA
STEPHEN M. KESSING
LAUREN A. MOSKOWITZ
DAVID J. PERKINS
JOHNNY G. SKUMPIJA
J. LEONARD TETI, II
D. SCOTT BENNETT
TING S. CHEN
CHRISTOPHER K. FARGO
KENNETH C. HALCOM
DAVID M. STUART
AARON M. GRUBER
O. KEITH HALLAM, III
OMID H. NASAB
DAMARIS HERNÁNDEZ
JONATHAN J. KATZ
MARGARET SEGALL D'AMICO
RORY A. LERARIS
KARA L. MUNGOVAN

NICHOLAS A. DORSEY
ANDREW C. ELKEN
JENNY HOCHENBERG
VANESSA A. LAVELY
G.J. LIGELIS JR.
MICHAEL E. MARIANI
LAUREN R. KENNEDY
SASHA ROSENTHAL-LARREA
ALLISON M. WEIN
MICHAEL P. ADDIS
JUSTIN C. CLARKE
SHARONMOYEE GOSWAMI
C. DANIEL HAAREN
EVAN MEHRAN NORRIS
LAUREN M. ROSENBERG

SPECIAL COUNSEL
SAMUEL C. BUTLER

OF COUNSEL
MICHAEL L. SCHLER
CHRISTOPHER J. KELLY

September 16, 2020

State Defendants' Document Productions

Counsel:

   We write on behalf of Plaintiffs Eden Rogers and Brandy Welch to address deficiencies in Defendant Leach's and Defendant McMaster's (together, "State Defendants") Responses and Objections to Plaintiffs' First Set of Requests for Production ("RFPs"), which we attempted to discuss with you on a meet-and-confer call on Tuesday, September 1, 2020.

   As we stated on the parties' meet-and-confer call, State Defendants' productions in response to our RFPs appear incomplete. Defendant Leach's document production spans only 302 pages, and Defendant McMaster's production is only 394 pages. Both productions are largely duplicative of documents previously produced in response to Plaintiffs' earlier FOIA requests, even though the vast majority of the RFPs are new. The productions contain no draft versions of documents, and all email correspondence appears to come from three or four custodians per Defendant. Defendant Leach produced no documents in response to 23 of the 36 requests in Plaintiffs' RFPs, and expressly refused to collect, review or produce materials responsive to three of these requests. Similarly, Defendant McMaster failed to produce any documents in response to 14 of the 22 requests in Plaintiffs' RFPs, and expressly refused to search for, collect, review or produce materials responsive to 11 of these requests.

   During our meet and confer, we identified the apparent deficiencies in State Defendants' productions and asked for a description of what Defendants did to search for responsive documents, including the details of any electronic searches. You refused to provide the requested information. In particular, you refused to explain your efforts to locate relevant documents beyond stating that some form of an ESI search was run over "more than one custodian" with respect to some unidentified subset of the requests. You refused to identify the custodians whose files were searched, the search criteria that were applied or the requests for which ESI searches were conducted. You

refused to explain whether State Defendants are withholding documents on the basis of their various objections beyond pointing us to your written responses.  And you refused to explain what criteria you applied to determine whether materials were relevant to the case beyond referring us back to the complaint.  When we asked how we could possibly assess the sufficiency of State Defendants' productions without information about what you did or did not do to gather documents, you told us to "be assured that we took this obligation seriously".

State Defendants' stance is incompatible with counsels' obligations under the Federal Rules of Civil Procedure.  *See Gourdine v. Karl Storz Endoscopy-Am., Inc.*, 225 F. Supp. 3d 428, 430 (D.S.C. 2016).  Among other things, "Rule 26(g) imposes an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rules 26 through 37," Fed. R. Civ. P. 26(g) advisory committee's note to 1983 amendment, and thereby "require[s] attorneys to conduct discovery in a cooperative fashion", *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 243 (M.D.N.C. 2010).

As you acknowledged on our meet-and-confer call, parties in federal court litigation routinely share and agree on a list of custodians for electronic searches, as well as search terms.  You suggested that such cooperation is warranted only if search terms and custodians are discussed before service of RFPs, but that position is not supported by the case law:

> When two-way planning does not occur upfront, and questions subsequently arise, common sense dictates that the party conducting the search must share information regarding the universe of potentially relevant documents being preserved, and those that no longer exist, as well as the search terms used in collecting relevant documents and the identities of the custodians from whom the documents were retrieved.  After all, the party responsible for the search and production has the duty to demonstrate its reasonableness.

*Burnett v. Ford Motor Co.*, No. 3:13-cv-14207, 2015 WL 4137847, at *8 (S.D.W. Va. July 8, 2015), *objections sustained on other grounds sub nom. by Johnson v. Ford Motor Co.*, No. 3:13-6529, 2015 WL 6758234 (S.D.W. Va. Nov. 5, 2015).  Federal courts thus frequently direct parties to negotiate custodians and search terms when parties disagree about the sufficiency of a document production.  *See, e.g.*, *Kunneman Props. LLC v. Marathon Oil Co.*, No. 17-CV-456-GKF-JFJ, 2019 WL 5188355, at *4 (N.D. Okla. Oct. 15, 2019); *In re Sampedro*, No. 3:18 MC 47 (JBA), 2018 WL 6264834, at *3 (D. Conn. Nov. 30, 2018); *Small v. Univ. Med. Ctr.*, No. 2:13-cv-0298-APG-PAL, 2018 WL 3795238, at *51 (D. Nev. Aug. 9, 2018); *Elhannon LLC v. F.A. Bartlett Tree Expert Co.*, No. 2:14-cv-262, 2017 WL 1382024, at *9 (D. Vt. Apr. 18, 2017); *Radian Asset Assurance, Inc. v. Coll. of the Christian Brothers*, No. CIV 09-0885 JB/DJS, 2010 WL 4338346, at *2 (D.N.M. Sept. 15, 2010).

Moreover, State Defendants' assertions of work product and/or attorney client privilege as a basis for not providing information on your efforts to identify

responsive materials are baseless. We are not aware of any authority to support this contention. Indeed, every case we have identified on the issue has reached the opposite conclusion. *See, e.g.*, *Burnett*, 2015 WL 4137847, at *10; *FormFactor, Inc v. Micro-Probe, Inc.*, No. C-10-03095 PJH (JCS), 2012 WL 1575093, at *7 n.4 (N.D. Cal. May 3, 2012) (collecting cases); *Smith v. Life Invs. Ins. Co. of Am.*, No. 2:07-cv-681, 2009 WL 2045197, at *7 (W.D. Pa. July 9, 2009).

State Defendants' position is all the more inappropriate when so many of State Defendants' stated objections are improper. For instance:

- Both State Defendants refuse to produce documents created after January 23, 2019, and Defendant Leach refuses to produce documents created before January 27, 2018, on the ground that this case arises from "specific, identifiable, enumerated actions". But "relevancy is not limited by the exact issues identified in the pleadings, the merits of the case, or the admissibility of discovered information". *Billioni v. Bryant*, No. 0:14-cv-03060-JMC, 2015 WL 9122776, at *1 (D.S.C. Dec. 14, 2015) (quoting *Amick v. Ohio Power Co.*, No. 2:13-cv-06593, 2014 WL 468891, at *1 (S.D.W.Va. Feb. 5, 2014)). "[I]nformation is relevant, and thus discoverable, if it bears on, or . . . reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Id.* (quoting *Amick*, 2014 WL 468891, at *1)). And in any event, the premise that this case is limited to specific actions between 2018 and 2019 is itself wrong, as evidenced by the allegations of "continuing" violations and requests for injunctive relief in Plaintiffs' complaint. (Compl. ¶¶ 113, 140, Prayer for Relief C, E.)

- State Defendants object to requests seeking "documents sufficient to show" as "undefined" and an improper attempt to seek information rather than documents. Litigants "should exercise reason and common sense to attribute ordinary definitions to terms and phrases" used in discovery requests, *Deakins v. Pack*, Civil Action No. 1:10-1396, 2012 WL 242859, at *12 (S.D.W. Va. Jan. 25, 2012) (quoting *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 694 (D. Kan. 2006)), and we are unaware of any case law suggesting a request for "documents sufficient to show" is a request for information rather than, as the RFP states, a request for documents.

- State Defendants object to a number of requests on the ground that we should instead seek the materials from Miracle Hill, a non-party to the action. The notion that Plaintiffs should seek documents from a third-party that are as easily obtainable from a party to the case is contrary to basic discovery principles. *See, e.g.*, *U.S. Fire Ins. Co. v. Bunge N. Am., Inc.*, No. 05-2192-JWL, 2008 WL 2699908, at *1 (D. Kan. July 3, 2008).

- Defendant McMaster suggests that documents held within the Office of the Governor of South Carolina are not within Governor McMaster's custody or control. This contradicts well-established Supreme Court and federal court precedent. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also Tyler v.*

*Suffolk Cnty.*, 256 F.R.D. 34, 37 (D. Mass. 2009); *Green v. Fulton*, 157 F.R.D. 136, 142 (D. Me. 1994).

- Defendant Leach objects to requests that are purportedly "identical or substantially identical" to prior FOIA requests. To the extent Defendant Leach is withholding documents on this basis, we are aware of no authority authorizing a defendant to withhold documents in litigation simply because those documents were previously requested and not produced during the FOIA process.

In light of the authority we have cited above, we ask State Defendants to reconsider the positions taken in their objections and on our call. We are willing to engage in further meet-and-confer calls if it would be productive, but we are not interested in further discussions if State Defendants intend to stand behind their position that they will say nothing beyond what is stated in their written responses to the RFPs. If State Defendants intend to adhere to their positions, we will file a motion to compel.

Please let us know by Tuesday, September 22, 2020, how you wish to proceed.

Sincerely,

Peter T. Barbur

Miles E. Coleman, Esq.
   NELSON MULLINS RILEY & SCARBOROUGH, LLP
     2 W. Washington Street, 4th Floor
       Greenville, South Carolina 29601

Jay T. Thompson, Esq.
   NELSON MULLINS RILEY & SCARBOROUGH, LLP
     1320 Main Street, 17th Floor
       Columbia, South Carolina 29201

Robert D. Cook, Esq.
   South Carolina Solicitor General
     OFFICE OF THE ATTORNEY GENERAL
       Post Office Box 11549
         Columbia, South Carolina 29211

William H. Davidson, II, Esq.
Kenneth P. Woodington, Esq.
   DAVIDSON, WREN & DEMASTERS, PA
     Post Office Box 8568
       Columbia, South Carolina 29202