# Exhibit 8



**NELSON MULLINS RILEY & SCARBOROUGH LLP**
ATTORNEYS AND COUNSELORS AT LAW

2 W. Washington Street | Fourth Floor
Greenville, SC 29601
T 864.250.2300  F 864.232.2925
nelsonmullins.com

Miles E. Coleman
T 864.373.2352  F 864.373.2925
miles.coleman@nelsonmullins.com

September 22, 2020

**Via electronic mail**
Peter Barbur
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
PBarbur@cravath.com

RE:   *Rogers et al. v. U.S. Dept. of Health and Human Servs. et al.*
      Civil Action No. 6:19-cv-01567-TMC (D.S.C.)
      Our File No. 059326/01501

Mr. Barbur:

    I write in response to your letter dated September 16, 2020 in the above-referenced matter. Your letter seems either to misapprehend or to mischaracterize the positions taken in the Governor's Objections and Responses served on August 4, 2020, and the statements made by the Governor's counsel in the parties' meet-and-confer call on September 1, 2020. I write to correct those characterizations and to articulate again the Governor's position regarding your document requests.

    In counsels' meet-and-confer call earlier this month to discuss the Governor's Objections and Responses, you raised certain questions, and we directed you to specific language in our written responses where those questions had already been answered. So too, it seems that some of the assertions in your recent letter rest on incomplete information or mistaken assumptions, which I hope this response can illumine.

    Your letter states, for example, that you assume Governor McMaster's document production is incomplete because it is "largely duplicative of documents previously produced in response to Plaintiffs' earlier FOIA requests, even though the vast majority of the RFPs are new." This assertion, however, is simply inaccurate. Before this lawsuit was filed, your co-counsel—Susan Dunn, Legal Director of the ACLU, South Carolina—submitted two FOIA requests to the Governor. The first was submitted on May 1, 2018, and the Governor's staff responded on May 30, producing 15 pages of responsive materials. The second was submitted on July 24, 2018, and the Governor's staff responded on September 4, producing 14 pages of responsive material. In total, then, the Governor has previously produced 29 pages in response to FOIA requests from

CALIFORNIA | COLORADO | DISTRICT OF COLUMBIA | FLORIDA | GEORGIA | MARYLAND | MASSACHUSETTS | NEW YORK
NORTH CAROLINA | SOUTH CAROLINA | TENNESSEE | WEST VIRGINIA

1

September 22, 2020
Page 2

Plaintiffs' counsel. By contrast, in response to your requests for production in this lawsuit, we produced more than thirteen times this amount. Accordingly, it is incorrect to characterize the Governor's recent 394-page production in this litigation as "largely duplicative" of his prior FOIA responses, and it is similarly incorrect to assert that this supposed redundancy somehow demonstrates that his document production is incomplete.

You further state in your letter that Governor McMaster's responses and document production are presumed incomplete because he possessed no documents responsive to some of your requests and because he declined to search for and produce documents in response to other of your requests. The Governor's declining to respond to certain of Plaintiffs' requests, however, reveals more about the extraordinarily broad fishing expedition Plaintiffs have undertaken than it does about the Governor's fulfillment of his discovery obligations under Rule 26. The scope of discovery is expressly limited by Rule 26(b)(1) to information "that is relevant to any party's claim or defense." It should come as no surprise then that we declined to respond to requests seeking documents related to HHS's actions that (a) postdate the Complaint, (b) are not mentioned in the Complaint and, therefore, (c) are not relevant to any claim or defense in the suit. A party's ability to obtain discovery is further limited by "the parties' relative access to relevant information," Rule 26(b)(1), and thus it is neither improper nor surprising that the Governor declined to search for documents that are in Plaintiffs' own possession or in the possession of other parties on whom you have served requests for that information. Indeed, the burden of showing the relevance and proportionality of a given request is on the *requesting* party—a burden you have thus far failed to carry.

You state also in your letter that, during our meet-and-confer call, the Governor's counsel supposedly "refused" to provide you with information regarding our document production. Yet again, this assertion is not true. The crux of our statements was that we had already responded to your discovery requests, and we were not in a position to change our responses or volunteer additional information. In keeping with procedural expectations and customary practice, we offered to consider any information you may provide, but you did not attempt to provide a basis for us to change our responses. Your letter fails fully and accurately to recount counsel's statements, and it omits or fails to recognize the information already described in the Governor's Objections and Responses regarding the process, scope, and limitations on the Governor's search for and production of documents.

As we also stated during the meet-and-confer call, while it is not unusual for litigants to agree on search terms, document custodians, and search parameters, such an agreement is almost universally discussed and reached *prior* to the service of discovery requests, and it is not the responding party's burden to initiate such discussions. Again, you did not make any attempt to initiate such discussions. We are unaware of any binding authority for the proposition that when (as here) the requesting party failed to request or seek such agreement ahead of time, the producing party is obliged subsequently to agree to such demands merely because the requesting party assumes—on bases that are factually incorrect and legally specious—that the production might be incomplete.

September 22, 2020
Page 3

      Finally, a number of other assertions in your letter warrant brief correction here. For example, the Governor does not, as you claim, "suggests that documents held within the Office of the Governor of South Carolina are not within Governor McMaster's custody or control." In fact, neither the Governor nor his counsel have said any such thing. Rather, as articulated in Governor McMaster's Objections and Responses, the Governor simply objects to a definition in your Request for Documents to the extent that the definition implies that the Office of the Governor—a department of the State—is a party to this suit. You also assert incorrectly that the Governor has objected to certain requests because documents he supposedly possesses are also available from a third party. Again, incorrect. Rather, the Governor objected to your request for documentation of private third parties' practices—documentation that they, not the Governor, possess, and which you have, in fact, already requested from such a third party.

      In conclusion, we refer you again to the positions succinctly stated in and throughout Governor McMaster's Objections and Responses. In keeping with the obligations imposed by Rule 26(g), Governor McMaster performed a thorough and complete search for, review of, and production of documents responsive to Plaintiffs' Request for Documents, limited only by the legal objections and technological restrictions explained and asserted in the Governor's Objections and Responses. If, however, you believe further discussion of this matter would be profitable, or if you wish to propose what you believe would be suitable parameters for the parties' discovery responses, we are willing to entertain such discussion or suggestions, and will wait to hear from you.

      Very truly yours,

      Miles E. Coleman

CC:   (by electronic mail):
      M. Malissa Burnette
      Bob Cook
      Currey Cook
      Leslie Cooper
      Susan Dunn
      Miranda J. Li
      Daniel Mach
      Mika Madgavkar
      Christopher Ray
      Nekki Shutt,
      Jay Thompson
      Ken Woodington