# Exhibit 9

## DAVIDSON, WREN & DeMASTERS, P.A.

ATTORNEYS AND COUNSELLORS AT LAW

William H. Davidson, II
Michael B. Wren
David A. DeMasters

1611 Devonshire Drive, Second Floor (29204)
Post Office Box 8568
Columbia, South Carolina 29202-8568
Telephone:  (803) 806-8222
Facsimile:    (803) 806-8855

Brandon M. Briggs
Jonathan M. Riddle

Of Counsel
Kenneth P. Woodington

Writer's Email: kwoodington@dml-law.com

September 22, 2020

**Via electronic mail**

Peter Barbur
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
PBarbur@cravath.com

RE:    Rogers, et al. v. United States Department of Health and Human Services, et al.
       Civil Action Number: 6:19-cv-01567-TMC
       Our File Number:  79.10545

Dear Mr. Barbur:

On behalf of the Defendant Leach (hereinafter "DSS"), I am writing in response to your letter dated September 16, 2020 in the above-referenced matter, and specifically to address the points in that letter that apply to Leach, that is, to the South Carolina Department of Social Services.

As I noted during the parties' meet-and-confer call, Ms. Dunn of the ACLU, starting in January 2019, submitted several different FOIA requests to DSS. As far as I am aware, DSS produced all responsive and disclosable documents in response. Of the first 15 of Plaintiffs' Requests for Production to DSS, 12 of the requests were identical or substantially identical to the FOIA requests. As a result, the documents produced in response to those duplicative requests were, unsurprisingly, the same as those produced in response to the FOIA requests. Nevertheless, you now complain that DSS's production is "largely duplicative of documents previously produced in response to Plaintiffs' earlier FOIA requests. . . ." It is difficult to see how Plaintiffs could have expected anything other than the same documents in response to requests that were essentially the same as the FOIA requests. However, I did speak with Ms. Dunn while the requests for production were pending, and asked her whether she was aware of anything that had not been produced by DSS in response to the FOIA requests. She said she would check with Plaintiffs' counsel team, but I heard nothing further from her.

Your letter further states that "the vast majority of the RFPs are new." Leaving aside the

1

Peter Barbur
September 22, 2020
Page 2

_____

issue of whether the 24 "new" requests qualitatively comprise the "vast majority" of a total of 36, it does not logically follow that counsel's ability to formulate an additional 24 requests will result in DSS possessing documents referenced in those requests, or which were not already responsive to other requests. As I stated on the call, the ACLU's FOIA requests "got it right the first time," that is, those requests described the likely universe of relevant documents, which DSS produced. And while your letter states that "Defendant Leach produced no documents in response to 23 of the 36 requests," your letter does not provide the reasons why, which were (a) that for 10 of the "new" requests, DSS possessed no documents other than those previously produced, (b) that for 5 of the "new" requests, DSS possessed no responsive documents at all, and (c) that DSS objected to 8 of the 24 "new" requests.

Your letter erroneously states that "Defendant Leach objects to requests that are purportedly 'identical or substantially identical' to prior FOIA requests. To the extent Defendant Leach is withholding documents on this basis, we are aware of no authority authorizing a defendant to withhold documents in litigation simply because those documents were previously requested and not produced during the FOIA process." In fact, however, no such objection was made by Defendant Leach. As noted above, DSS is not aware that there are any documents that "were previously requested and not produced during the FOIA process," except perhaps for privileged documents listed on DSS's privilege log.

With regard to the matters set forth in the three full paragraphs on p. 2 of Mr. Coleman's letter to you of this date, the position of DSS is the same, and I adopt by reference the points made in those paragraphs.

I also adopt the last paragraph of that letter, as modified: In conclusion, we refer you again to the positions succinctly stated in and throughout DSS's Objections and Responses. In keeping with the obligations imposed by Rule 26(g), DSS performed a thorough and complete search for, review of, and production of documents responsive to Plaintiffs' Request for Documents, limited only by the legal objections and technological restrictions explained and asserted in DSS's Objections and Responses. If, however, you believe further discussion of this matter would be profitable, or if you wish to propose what you believe would be suitable parameters for the parties' discovery responses, we are willing to hear and evaluate such suggestions, and will wait to hear from you.

Sincerely yours,

DAVIDSON, WREN & DEMASTERS, P.A.

*s/Kenneth P. Woodington*

cc:     (by electronic mail):
        M. Malissa Burnette
        Bob Cook
        Currey Cook

Peter Barbur
September 22, 2020
Page 3
_____

        Leslie Cooper
        Susan Dunn
        Miranda J. Li
        Daniel Mach
        Mika Madgavkar
        Christopher Ray
        Nekki Shutt
        Jay Thompson
        Miles Coleman