UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

EDEN ROGERS and BRANDY WELCH,

                                Plaintiffs,

            -against-

UNITED STATES DEPARTMENT OF HEALTH
AND HUMAN SERVICES;

ALEX AZAR, in his official capacity as Secretary
of the UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES;

ADMINISTRATION FOR CHILDREN AND
FAMILIES;

LYNN JOHNSON, in her official capacity as
Assistant Secretary of the ADMINISTRATION
FOR CHILDREN AND FAMILIES;

SCOTT LEKAN, in his official capacity as
Principal Deputy Assistant Secretary of the
ADMINISTRATION FOR CHILDREN AND
FAMILIES;

HENRY MCMASTER, in his official capacity as
Governor of the STATE OF SOUTH CAROLINA;
and

MICHAEL LEACH, in his official capacity as State
Director of the SOUTH CAROLINA
DEPARTMENT OF SOCIAL SERVICES,

                              Defendants.

Case No. 6:19-cv-01567-JD

**PLAINTIFFS' NOTICE OF
MOTION AND MOTION TO
COMPEL PRODUCTION OF
AMENDED PRIVILEGE LOGS
FROM DEFENDANTS HENRY
MCMASTER AND
MICHAEL LEACH**

        Plaintiffs Eden Rogers and Brandy Welch ("Plaintiffs") respectfully submit this

Notice of Motion and Motion to Compel Production of Amended Privilege Logs from

Defendants Henry McMaster and Michael Leach (together, "State Defendants").

Plaintiffs served discovery requests on State Defendants on June 4, 2020, to which State Defendants initially responded on August 4, 2020. Following unsuccessful negotiations regarding the sufficiency of these productions, Plaintiffs filed a motion to compel additional productions (ECF No. 107), and, on October 27, 2020, this Court directed the parties "to redouble their efforts, in good faith, to reach a compromise on the matters raised in [Plaintiffs'] motion." (ECF No. 112.) State Defendants ultimately supplemented their productions in December 2020 and January 2021 and produced privilege logs on December 18, 2020 (Director Leach) and January 21, 2021 (Governor McMaster). (Barbur Decl., Exs. 1, 2.)[1]

On March 18, 2021, counsel for Plaintiffs sent a letter to State Defendants' counsel to address certain deficiencies in their privilege logs. (Barbur Decl., Ex. 3.) In particular, the letter noted that State Defendants' privilege logs failed to identify which people listed in the "From", "To" and "CC" columns are attorneys and failed to describe the documents in any meaningful way, including providing any indication concerning why information in the documents is supposedly privileged. (*Id.*) Plaintiffs requested that State Defendants produce revised privilege logs remedying these deficiencies so as to enable Plaintiffs' counsel to adequately assess privilege claims with respect to the withheld documents. (*Id.*)

Governor McMaster responded to Plaintiffs' letter on March 23, 2021. (Barbur Decl., Ex. 4.) In his response, Governor McMaster identified the Governor's and Director Leach's in-house and outside counsel. (*Id.*) However, "[a]s to any remaining concerns expressed in [Plaintiffs'] letter", counsel for Governor McMaster stated that "the privilege

---

[1] In light of State Defendants' agreement to supplement their productions, Plaintiffs withdrew their initial motion to compel on January 20, 2021. (ECF No. 124.)

log complies with the applicable rule and we do not plan to revise it". (*Id.*) Director Leach, meanwhile, did not respond to Plaintiffs' letter until April 5, 2021, at which point he stated in an email that "the response of Director Leach is the same as that made by Miles Coleman on behalf of Governor McMaster" and offered to identify any individuals in Director Leach's privilege logs "for whom additional identifying information is needed". (Barbur Decl., Ex. 5.)

Plaintiffs now move to compel from both Governor McMaster and Director Leach production of amended privilege logs that comply with the Federal Rules. Plaintiffs' motion is timely under Local Civil Rules 7.03 and 37.01(A) (D.S.C.) because Plaintiffs did not learn until receiving Governor McMaster's letter on March 23 that Governor McMaster did not intend to remedy the deficiencies in his privilege log and did not learn until receiving Director Leach's email on April 5 that he similarly did not intend to produce a revised log. Plaintiffs are filing this motion within 21 days of receiving those communications and "'immediately after the issue[] raised thereby [was] ripe for adjudication'". *See ContraVest Inc. v. Mt. Hawley Ins. Co.*, No. 9:15-cv-00304-DCNMGB, 2016 WL 11200705, at *8 (D.S.C. Dec. 12, 2016), *report and recommendation adopted by* 273 F. Supp. 3d 607 (D.S.C. 2017), *mandamus granted in part on other grounds sub nom. In re Mt. Hawley Ins. Co.*, 773 F. App'x 771 (4th Cir. 2019) (quoting Local Civ. Rule 7.03 (D.S.C.)). Pursuant to Local Civil Rule 7.04 (D.S.C.), Governor McMaster's and Director Leach's privilege logs, as well as the relevant correspondence between the parties, are attached as exhibits to the Declaration of Peter T. Barbur ("Barbur Decl."), filed herewith.

*                *                *

3

Federal Rule of Civil Procedure 26(b)(5)(A) provides that "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must . . . describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim". Fed. R. Civ. P. 26(b)(5)(A). To comply with these requirements, "a party seeking protection from producing documents must produce a privilege log that identifies each document withheld, information regarding the nature of the privilege/protection claimed, the name of the person making/receiving the communication, the date and place of the communication, and the document's general subject matter." *AVX Corp. v. Horry Land Co.*, No. 4:07-CV-3299-TLW-TER, 2010 WL 4884903, at *3 (D.S.C. Nov. 24, 2010) (internal quotations omitted).

State Defendants' privilege logs are plainly deficient. They provide no meaningful descriptions of the documents being withheld, much less information that would allow Plaintiffs to assess the claims of privilege. State Defendants' inclusion of a "Subject/File Name" column identifying the email subject line or file name for each privileged communication or document is not sufficient because those descriptions are far too vague to allow Plaintiffs' counsel to determine what the document even is and whether a privilege is being properly asserted. For instance, the very first entry on Governor McMaster's privilege log, dated February 21, 2018, is "Draft memo on the issues", with an attachment labeled "Title IV.docx". (Barbur Decl., Ex. 2.) Nothing about this subject line or file name would permit Plaintiffs even to understand what the document is and they certainly do not provide information that would allow Plaintiffs to assess whether the assertion of privilege

4

is proper.  Other entries on the log include:  "RE: meeting – phone or in person" (dated March 12, 2018), "Constituent Letter" (dated March 13, 2018), "FW: Constituent Letter" (dated March 15, 2018), "Fwd: Constituent Letter" (dated March 20, 2018), "Miracle Hill" (dated April 4, 2018 and March 28, 2019) and "Re: Governor McMaster" (dated March 13, 2019), to name just a few of the least decipherable examples.  (*Id.*)

Director Leach's privilege log contains substantially similar inadequate entries.  To list a few examples, his log includes an entry dated March 13, 2019 with the subject line "FW: Governor McMaster", and an attachment with the file name "McMaster SC Governors Office 1.18.19.pdf"; entries from December 5, December 7, December 11 and December 17, 2018 with the subject lines "FW: statistics Miracle Hill" or "RE: statistics Miracle Hill"; and an entry from May 9, 2018 with the subject line "MH".  (Barbur Decl., Ex. 1.)  When presented with similarly vague privilege log entries, courts in this district have concluded that the producing party has "not compl[ied] with [its] duty to provide a proper privilege log".  *Beaufort Reg'l Chamber of Com. v. City of Beaufort*, No. 9:18-CV-02565-RMG, 2019 WL 2150930, at *2 (D.S.C. May 16, 2019) (holding that a privilege log without "any general description of the document withheld" is deficient and explaining that "each entry should have a description, such as 'discussion regarding X' or other similarly general description" that would allow the opposing side "to determine [whether] a privilege is properly asserted"); *see also Wellin v. Wellin*, No. 2:13-CV-1831-DCN, 2018 WL 2604867, at *5 (D.S.C. May 25, 2018) (holding log entries that simply stated "factual summary created for counsel for use in litigation" failed to "provide any information as to the subject of the document" and therefore did "not meet the requirements of Rule 26(b)(5)(A)").  The same conclusion is warranted here.

5

Indeed, the lack of a description column is particularly troubling with respect to Governor McMaster's privilege log, which includes a number of entries with no attorneys listed and other entries where the withheld communication was neither sent from nor addressed to an attorney, but an attorney instead was simply copied in the "CC" field. (Barbur Decl., Ex. 2 (two entries dated March 13, 2018 and one each dated January 23, 2019, February 16, 2019 and February 11, 2020)).  Although the fact that an attorney does not appear on or is merely copied on an email "is not fatal to a claim of privilege", *Hepburn v. Workplace Benefits, LLC*, No. 5:13-CV-00441-BO, 2014 WL 12623294, at \*2, \*4 (E.D.N.C. Apr. 18, 2014), it emphasizes the need for meaningful descriptions of the documents and sufficient information to permit Plaintiffs to assess the claim of privilege. "Documents which would not be privileged in the hands of the client . . . do not become privileged in the hands of an attorney," *United States v. Swain*, No. CIV. M90-4-1, 1991 WL 47102, at \*8 (D.S.C. Feb. 5, 1991), and "[d]ocuments which do not refer to work product prepared by an attorney or other agent of a party to aid in forthcoming litigation, and which were generated in the ordinary course of business, are discoverable," *see First S. Bank v. Fifth Third Bank, N.A.*, No. CIV.A. 7:10-2097-MGL, 2013 WL 1840089, at \*4 (D.S.C. May 1, 2013).  An appropriate description of each withheld document is thus essential to enable Plaintiffs to assess State Defendants' privilege calls.

Because State Defendants' privilege logs fail to comply with Federal Rule of Civil Procedure 26(b)(5)(A), Plaintiffs respectfully request that this Court direct State Defendants to produce amended privilege logs that provide a description of each document withheld from their productions sufficient to enable Plaintiffs to assess State Defendants' assertions of privilege.

6

A supporting memorandum is not required as a full explanation of the motion is set forth herein.  Local Civ. Rule 7.04 (D.S.C.).

## LOCAL CIVIL RULE 7.02 (D.S.C.) CERTIFICATION

The undersigned counsel for Plaintiffs hereby certifies that Plaintiffs' counsel attempted in good faith to confer with State Defendants' counsel in an effort to resolve the issues raised in this motion prior to its filing as described in greater detail above.


Dated:  April 12, 2021

s/ Nekki Shutt
South Carolina Equality Coalition, Inc.
M. Malissa Burnette (Federal Bar No. 1616)
Nekki Shutt (Federal Bar No. 6530)
BURNETTE SHUTT & MCDANIEL, PA
912 Lady Street, 2nd floor
P.O. Box 1929
Columbia, SC 29202
(803) 850-0912
mburnette@burnetteshutt.law
nshutt@burnetteshutt.law

Susan K. Dunn (Federal Bar No. 647)
AMERICAN CIVIL LIBERTIES UNION OF
SOUTH CAROLINA FOUNDATION
P.O. Box 20998
Charleston, SC 29413
(843) 282-7953
sdunn@aclusc.org

Peter T. Barbur (admitted *pro hac vice*)
Katherine D. Janson (admitted *pro hac vice*)
CRAVATH, SWAINE & MOORE LLP

Worldwide Plaza
825 Eighth Avenue New York, NY 10019
(212) 474-1000
pbarbur@cravath.com
kjanson@cravath.com

Leslie Cooper (admitted *pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2633
lcooper@aclu.org

Daniel Mach (admitted *pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th Street NW
Washington, DC 20005
(202) 675-2330
dmach@aclu.org

M. Currey Cook (admitted *pro hac vice*)
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
120 Wall Street, 19th Floor
New York, NY 10005
(212) 809-8585
ccook@lambdalegal.org

Karen L. Loewy (admitted *pro hac vice*)
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
1776 K Street NW, 8th Floor
Washington, DC 20006
(202) 804-6245
kloewy@lambdalegal.org

*Attorneys for Plaintiffs*