UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

EDEN ROGERS and

BRANDY WELCH,

                              Plaintiffs,

              -against-

UNITED STATES DEPARTMENT OF HEALTH
AND HUMAN SERVICES;

ALEX AZAR, in his official capacity as Secretary
of the UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES;

ADMINISTRATION FOR CHILDREN AND
FAMILIES;

LYNN JOHNSON, in her official capacity as
Assistant Secretary of the ADMINISTRATION
FOR CHILDREN AND FAMILIES;

SCOTT LEKAN, in his official capacity as
Principal Deputy Assistant Secretary of the
ADMINISTRATION FOR CHILDREN AND
FAMILIES;

HENRY MCMASTER, in his official capacity as
Governor of the STATE OF SOUTH CAROLINA;
and

MICHAEL LEACH, in his official capacity as State
Director of the SOUTH CAROLINA
DEPARTMENT OF SOCIAL SERVICES,

                              Defendants.

Case No. 6:19-cv-01567-JD

**REPLY MEMORANDUM OF
LAW IN SUPPORT OF
PLAINTIFFS' MOTION TO
COMPEL PRODUCTION OF
AMENDED PRIVILEGE LOGS
FROM DEFENDANTS HENRY
MCMASTER AND MICHAEL
LEACH**

Plaintiffs Eden Rogers and Brandy Welch ("Plaintiffs") respectfully submit this reply memorandum of law in support of their Motion to Compel Production of Amended Privilege Logs from Defendants Henry McMaster and Michael Leach (together, "State Defendants") (ECF No. 137).

## ARGUMENT

As both State Defendants acknowledge, the Federal Rules require privilege logs to "describe the nature of the documents, communications, or tangible things not produced or disclosed . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim". Fed. R. Civ. P. 26(b)(5)(A). To comply with this rule, a log must not simply "identif[y] each document withheld"—which State Defendants accomplished by including the Subject/File Name, Date, Document Type, and From/To/CC fields for each document or communication— but must also include information about "the document's general subject matter". *See AVX Corp. v. Horry Land Co.*, No. 4:07-CV-3299-TLW-TER, 2010 WL 4884903, at *3 (D.S.C. Nov. 24, 2010) (quoting *Victor Stanley, Inc. v. Creative Pipe, Inc*., 250 F.R.D. 251, 264 (D. Md. 2008)). Because they lack any description whatsoever of the general subject matter of any of the communications or documents withheld on the basis of privilege, State Defendants' logs are facially inadequate.

## I.    STATE DEFENDANTS' PRIVILEGE LOGS ARE INADEQUATE UNDER THE FEDERAL RULES.

On the substance of Plaintiffs' motion, State Defendants' only response is to insist that a party "with even passing familiarity with this litigation" would be able to decipher from the entries on their logs why the withheld documents are privileged. (ECF No. 139 at 6 (Leach Opp'n); ECF No. 140 at 6 (McMaster Opp'n).) This is simply

wrong. Indeed, in attempting to justify some of the particularly indecipherable log entries, Governor McMaster has only further accentuated their inadequacies. For instance, according to Governor McMaster, Plaintiffs should be able to tell that an email dated March 13, 2018 from Brian Symmes (Communications Director for the Office of the Governor) to Zach Pippin (another member of the Communications team) with the subject "FW: EO Draft Release" is a privileged attorney-client communication and contains attorney work product, even though the email includes no attachment and no attorneys are listed in the To, From or CC fields. (*See* ECF No. 140 at 7 (purporting to explain the privilege log entries that do not involve communications to or from counsel); ECF No. 137-1 at 15 (McMaster Priv. Log).) In truth, however, nothing in this entry— beyond the assertion of privileges itself—indicates that the email contains legal advice or attorney work product prepared in anticipation of litigation. The log entry is equally consistent with Mr. Symmes passing along a draft press release prepared in the normal course of business to Mr. Pippin for external publication, which would be discoverable. *See Progressive Se. Ins. Co. v. Arbormax Tree Serv.*, LLC, No. 5:16-CV-662-BR, 2018 WL 4431320, at *7 (E.D.N.C. Sept. 17, 2018) ("[D]ocuments created after litigation is anticipated but in the normal course of business would not be subject to [work product] protection.").

It is similarly unclear why an email with the subject "Miracle Hill" from Amy Hornsby, an employee of a separate state agency (the South Carolina Department of Administration) who "assists with constituent communications", to in-house counsel for the Office of the Governor would be a privileged communication or attorney work product. (ECF No. 137-1 at 15 (McMaster Priv. Log); ECF No. 140 at 9.) Ms. Hornsby

is plainly not a party to this suit seeking legal advice, nor is there any reason to believe

she was acting as an agent of counsel in anticipation of litigation when drafting her email.

*See Lewis v. Richland Cty. Recreation Comm'n*, No. 3:16-CV-2884-MGL-TER, 2018

WL 4596119, at *4 (D.S.C. Sept. 25, 2018) (noting that work product doctrine protects

material prepared in anticipation of litigation by an agent for an attorney); *Tobaccoville*

*USA, Inc. v. McMaster*, 692 S.E.2d 526, 530 (S.C. 2010) (stating that attorney-client

privilege protects communications from clients seeking legal advice).  Plaintiffs are not

required to guess at the basis for the Governor's assertions of privilege, and Governor

McMaster's discussion of this email in his opposition papers does nothing to clear up the

ambiguity.  (*See* ECF No. 140 at 9.)

        Governor McMaster's attempts to defend additional examples on his

privilege log are similarly unavailing.  While it is unnecessary to discuss here each log

entry highlighted in Plaintiffs' motion and addressed in Governor McMaster's

opposition, it suffices to say that entries with the subject lines, "RE: meeting – phone or

in person" or "Constituent Letter" do not comply with the requirement that privilege logs

"have a description, such as 'discussion regarding X' or other similarly general

description" that would enable any sort of assessment of the asserted privilege.  *See*

*Beaufort Reg'l Chamber of Com. v. City of Beaufort*, No. 9:18-CV-02565-RMG, 2019

WL 2150930, at *2 (D.S.C. May 16, 2019).  Governor McMaster seems to think such

compliance is unnecessary because Plaintiffs can somehow deduce "the nexus between

the privileged and protected communications and [this] suit" based on the privileges

asserted with each entry.  (ECF No. 140 at 9.)  This logic is circular.  Litigants are not

expected to presume that the claimed privileges are appropriate when reviewing an

opposing side's privilege log "to determine [whether] a privilege is properly asserted". *Id.* This is precisely why entries without "any general description of the document withheld" are deficient. *Id.*

   Director Leach's privilege log entries are inadequate for substantially the same reasons. Like Governor McMaster's entries, Defendant Leach's log entries lack any general description of the subject matter of the withheld documents. (*See* ECF No. 137 at 5 (listing examples).) Director Leach now claims that it "was apparent at least as early as February 27, 2018", when Governor McMaster requested a waiver from federal nondiscrimination requirements on behalf of faith-based child placing agencies in South Carolina, "that litigation such as this might be forthcoming", and he insists it is therefore "unsurprising that DSS claims a privilege or protection for some documents, emails, and other items" involving counsel for DSS and the Office of the Governor since that time. (ECF No. 139 at 7-8.) This argument is pure tautology: of course Plaintiffs understand that some communications between counsel for DSS and the Governor's Office may be subject to privilege or protection. The relevant question is whether the communications identified as privileged on DSS's privilege log are within that subset of legally protectable materials. For a significant portion of the entries on Director Leach's log, there is simply no way to know. (*See, e.g.*, ECF No. 137-1 at 5, 7, 10 (entries on Director Leach's privilege log include an emails with the subjects "FW: Governor McMaster" (March 13, 2019), "Meeting – phone or in person" (March 12, 2018) and "MH" (May 9, 2018)).) To the extent Director Leach means to suggest that *any* communication or exchange of documents after February 27, 2018, between counsel for DSS and counsel for the Governor's Office is necessarily privileged, regardless of the subject matter, he is

5

wrong.  *See Wiav Sols. LLC v. Motorola, Inc.*, No. 3:09-CV-0447 (LO/JFA), 2011 WL
13238628, at *1 (E.D. Va. Sept. 20, 2011) ("Clearly not all communications involving an
attorney are subject to the attorney-client privilege . . . ."); *United States v. Swain*, No.
CIV. M90-4-1, 1991 WL 47102, at *8 (D.S.C. Feb. 5, 1991) ("Documents which would
not be privileged in the hands of the client . . . do not become privileged in the hands of
an attorney.").[1]

## II.    PLAINTIFFS' MOTION IS TIMELY.

Ultimately, with no good justifications for the inadequacy of their
privilege logs, both State Defendants rest heavily on the purported untimeliness of
Plaintiffs' motion.  These arguments are also unavailing.

*First*, State Defendants note that Plaintiffs did not challenge State
Defendants' initial privilege logs in Plaintiffs' October 2020 motion to compel additional
productions (ECF No. 140 at 4; ECF No. 139 at 2), but they do not actually argue that
this somehow renders Plaintiffs' present motion untimely, and for good reason:  State
Defendants supplemented both their document productions and their privilege logs in
December 2020 and January 2021 following Plaintiffs' initial motion to compel, and it is
these final logs that Plaintiffs now challenge.  (ECF No. 137 at 2.)

*Second*, State Defendants insist that Plaintiffs were required under Local
Civil Rule 37.01(A) to file their motion to compel protection of amended privilege logs

---

[1] Moreover, Director Leach's argument fails to explain his assertion of privilege over
communications or documents that predate February 27, 2018, such as the February 21,
2018 email from Richele Taylor to Susan Alford, copying Karen Wingo and Tony
Catone, with the subject "Letter to Miracle Hill" and the attachment "Letter to Miracle
Hill.pdf".  (ECF No. 137-1 at 7 (Leach Priv. Log).)

within 21 days of receiving the deficient logs, rather than within 21 days of receiving notice from State Defendants that they did not intend to amend the logs in response to Plaintiffs' request.  (ECF No. 140 at 4-5; ECF No. 139 at 4-5.)  But as courts in this district have recognized before, the 21-day clock begins running from the date the producing party refuses to amend its discovery response—not from the initial response itself.  *See, e.g.*, *Dodd v. Aeterna Zentaris Inc.*, No. 9:17-CV-2382-PMD, 2018 WL 9781326, at *1 (D.S.C. May 2, 2018) (running the 21-day clock under Local Civil Rule 37.01(A) from December 4, 2017, the date the parties conferred by phone and defendants maintained their objection to producing the requested documents, rather than from November 6, 2017, when defendants first objected to the document request).  Indeed, State Defendants' proposed interpretation would render meaningless the requirement in Local Civil Rule 7.03 that attorneys "file motions immediately *after* the issues raised thereby are ripe for adjudication", as the dispute at issue in this motion was not ripe until Plaintiffs requested the amended logs and State Defendants refused.  Local Civ. Rule 7.03 (D.S.C.) (emphasis added).

In any event, any technical noncompliance with Local Civil Rule 37.01(A) should be excused.  *See Ethox Chem., LLC v. Coca-Cola Co.*, No. 6:12-CV-01682-TMC, 2014 WL 2719214, at *1 n.3 (D.S.C. June 16, 2014) (accepting potentially untimely motion "[i]n the interest of deciding this case on the full merits" when "there [was] some debate regarding when the relevant discovery substantially concluded").  Here, State Defendants would suffer no prejudice if compelled to produce amended privilege logs, particularly because (i) the requested order would impose an obligation only on counsel, not State Defendants themselves; and (ii) State Defendants' privilege logs are short and

the requested amendment would be simple to implement.  Indeed, preparing an appropriate privilege log that meets the requirements of the Federal Rules would have almost certainly been simpler and less time-consuming for State Defendants' counsel than refusing Plaintiffs' request and opposing this motion.

## CONCLUSION

For the foregoing reasons and the reasons set forth in Plaintiffs' motion, Plaintiffs respectfully request that this Court direct State Defendants to produce amended privilege logs that provide a description of each document withheld from their productions sufficient to enable Plaintiffs to assess State Defendants' assertions of privilege.

Dated:  May 3, 2021

s/ M. Malissa Burnette
South Carolina Equality Coalition, Inc.
M. Malissa Burnette (Federal Bar No. 1616)
Nekki Shutt (Federal Bar No. 6530)
BURNETTE SHUTT & MCDANIEL, PA
912 Lady Street, 2nd floor
P.O. Box 1929
Columbia, SC 29202
(803) 850-0912
mburnette@burnetteshutt.law
nshutt@burnetteshutt.law

Susan K. Dunn (Federal Bar No. 647)
AMERICAN CIVIL LIBERTIES UNION OF
SOUTH CAROLINA FOUNDATION
P.O. Box 20998
Charleston, SC 29413
(843) 282-7953
sdunn@aclusc.org

Peter T. Barbur (admitted *pro hac vice*)
Katherine D. Janson (admitted *pro hac vice*)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000
pbarbur@cravath.com
kjanson@cravath.com

Leslie Cooper (admitted *pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2633
lcooper@aclu.org

Daniel Mach (admitted *pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th Street NW
Washington, DC 20005
(202) 675-2330
dmach@aclu.org

9

M. Currey Cook (admitted *pro hac vice*)
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
120 Wall Street, 19th Floor
New York, NY 10005
(212) 809-8585
ccook@lambdalegal.org

Karen L. Loewy (admitted *pro hac vice*)
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
1776 K Street NW, 8th Floor
Washington, DC 20006
(202) 804-6245
kloewy@lambdalegal.org

*Attorneys for Plaintiffs*