IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Eden Rogers; Brandy Welch,  )<br>                                                          )<br>                    Plaintiffs,           )<br>                                                          )<br>         v.                                          )<br>                                                          )<br>UNITED STATES DEPARTMENT OF     )<br>HEALTH AND HUMAN SERVICES;     )<br>                                                          )<br>ALEX AZAR, in his official capacity as  )<br>Secretary of the UNITED STATES      )<br>DEPARTMENT OF HEALTH AND       )<br>HUMAN SERVICES;                              )<br>                                                          )<br>ADMINISTRATION FOR CHILDREN  )<br>AND FAMILIES;                                    )<br>                                                          )<br>LYNN JOHNSON, in her official           )<br>capacity as Assistant Secretary of the  )<br>ADMINISTRATION FOR CHILDREN  )<br>AND FAMILIES;                                    )<br>                                                          )<br>SCOTT LEKAN, in his official capacity )<br>as Principal Deputy Assistant Secretary )<br>of the ADMINISTRATION FOR          )<br>CHILDREN AND FAMILIES;               )<br>                                                          )<br>HENRY MCMASTER, in his official     )<br>capacity as Governor of the STATE OF )<br>SOUTH CAROLINA; and                      )<br>                                                          )<br>MICHAEL LEACH, in his official         )<br>capacity as State Director of the SOUTH )<br>CAROLINA DEPARTMENT OF         )<br>SOCIAL SERVICES,,                              )<br>                                                          )<br>                    Defendants.          )<br>                                                          ) | Civil Action No.: 6-19-cv-1567-JD<br><br><br><br>**THIRD AMENDED<br>SCHEDULING ORDER** |

      Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this District, the following schedule is amended for this case.

1

1. A conference of the parties pursuant to Fed. R. Civ. P. 26(f) ("Rule 26(f) conference") shall be held no later than 20 days from the date of the original conference and scheduling order.  At conference the parties shall confer concerning all matters set forth in Fed. R. Civ. P. 26(f) and whether the schedule set forth in this order is appropriate.

2. No later than **July 13, 2020** the required initial disclosures under Fed. R. Civ. P. 26(a)(1) shall be made.

3. No later than fourteen (14) days after the Rule 26(f) conference the parties shall file a Rule 26(f) Report using the form from the court's website. With this Report, counsel for each party shall file and serve a statement certifying that counsel has (1) discussed the availability of mediation with the party; (2) discussed the advisability and timing of mediation with opposing counsel; and advise the court whether the parties agree to mediation. Parties are hereby notified that Local Civil Rule 26.03 lists additional queries to be answered in the Rule 26(f) Report. **Joint 26(f) Report filed June 29, 2020.  LR 26.03s filed June 29, 2020. Plaintiffs' ADR/Mediation Statement filed June 29, 2020. Defendants' ADR/Mediation Statements filed June 30, 2020.**

4. Motions to join other parties and amend the pleadings (Fed. R. Civ. P. 16(b)(3)(A)) shall be filed no later than **November 9, 2020.**

5. Plaintiff(s) shall file and serve a document identifying by full name, address, and telephone number each person whom Plaintiff(s) expects to call as an expert at trial and certifying that a written report prepared and signed by the expert including all information required by Fed. R. Civ. P. 26(a)(2)(B) has been disclosed to other parties by **March 8, 2021** (Fed. R. Civ. P. 26(a)(2)).[1]

6. Defendants shall file and serve a document identifying by full name, address, and telephone number each person whom Defendant(s) expects to call as an expert at trial and certifying that a written report prepared and signed by the expert including all information required by Fed. R. Civ. P. 26(a)(2)(B) has been disclosed to other parties by **April 7, 2021** (Fed. R. Civ. P. 26(a)(2)).

7. Counsel shall file and serve affidavits of records custodian witnesses proposed to be presented by affidavit at trial no later than **April 7, 2021**.  Objections to such affidavits must be made within fourteen (14) days after the service of the disclosure. (See Fed. R. Evid. 803(6), 902(11), or 902(12) and Local Civil Rule 16.02(D)(3)).

---

[1] Concurrent with the identification of each expert and subject matter, each party shall serve (but not file): 1) a complete copy of the most current curriculum vitae of each expert or a detailed summary of his qualifications to testify on each identified subject; 2)(a) a complete statement of all opinions to be expressed by each expert and the basis and reasons therefor; (b) the data and other information considered by the expert in forming the opinions, (c) any exhibits to be used as a summary of or support for the opinions, and (d) citations of any treatise, text or other authority upon which each expert especially relied; and 3) a copy of each expert's report if a report has been prepared.

8. Discovery shall be completed no later than **June 30, 2021**.  Discovery shall be deemed completed within this time only if discovery is initiated at such time as to afford the responding party the full time provided under the applicable rule of the Federal Rules of Civil Procedure in which to respond prior to the discovery completion date noted in this paragraph.

   **(The parties may, with the consent of all counsel, conduct discovery up to the time of trial, provided the deadlines in this order are not affected <u>and at their own risk</u>.)**

9. Mediation shall be completed in this case on or before **July 7, 2021**.  See Judge Cain's Mediation Order filed on **May 26, 2020** for mediation requirements [ECF Doc 88].

10. All other motions, except (a) those relating to the admissibility of evidence at trial and (b) those to compel discovery, shall be filed no later than **July 14, 2021** (Fed. R. Civ. P. 16(b)(2)).

11. This case is subject to being called for jury selection and/or trial the later of sixty (60) days after dispositive motions have been resolved or on or after **September 22, 2021**.  Once a specific jury selection and trial date are scheduled, a NOTICE will be issued at that time. The Notice will set forth deadlines for the Fed. R. Civ. P. 26(a)(3) pretrial disclosures and objections, Motions in Limine, Pretrial Briefs and marking of exhibits.

    **A request for a continuance of the trial date must be agreed to and signed by the party and his attorney requesting and/or consenting to the continuance.**

    **The court directs the parties' attention to Local Rule 7.00 which governs motion practice. Hearings on motions are not automatic. The court may decide motions without a hearing.  If a party opposes a motion which has been filed, that party must file a response to the opposed motion within fourteen (14) days of the date the motion was filed.  If no such response in opposition is filed, the court will assume that the party consents to the court's granting the motion.**

    **Any motions pending on the date of the Bar Meeting *will be heard at the Bar Meeting* and you should be prepared to argue them at that time.**

    <u>**NOTICE:  You are expected to be available for trial of this case during the month of September 2021 unless the court notifies you of a later date.  If you presently have a conflict during the month of September, notify the court in writing within seven (7) days of the date of this order.  You will not be excused without leave of court**</u>**.**

_____
Honorable Joseph Dawson
United States District Judge

May 7, 2021
Greenville, South Carolina