*Rogers et al. v. U.S. Dept. of Health and Human Servs., et al.*
Civil Action No. 6:19-cv-1567-JD

# Exhibit A

**to Governor Henry McMaster's and Director Michael Leach's Motion for Judgment on the Pleadings**

Letter from Governor McMaster to Steven Wagner,
HHS Acting Assistant Secretary (Feb. 27, 2018)



**HENRY MCMASTER**
GOVERNOR

February 27, 2018

The Honorable Steven Wagner
Acting Assistant Secretary
Administration for Children and Families
U.S. Department of Health and Human Services
330 C Street, SW
Washington, D.C. 20201

Dear Acting Assistant Secretary Wagner:

South Carolina has more than 4,000 children in foster care, and we are thankful for all the wonderful Child Placing Agencies ("CPAs") that assist in recruiting foster families to serve these children. Today I write specifically on behalf of South Carolina's faith-based organizations that are called to serve and fill the crucial role of CPAs.

Title IV-E of the Social Security Act authorizes the Department of Health and Human Services ("Department") to provide states with funding to assist in caring for children placed in foster family homes. In South Carolina, the Department directs these funds to our Department of Social Services ("DSS"). In turn, DSS contracts with both secular and faith-based CPAs to fulfill grant services. Our faith-based CPAs are essential as our State needs more CPAs to recruit more families. Faith-based organizations have contracted with various government entities for years to serve vulnerable populations, such as contracting with faith-based hospitals provide Medicaid and Medicare funding.

All CPAs follow the requirements of Title IV-E, which mandates that CPAs may not deny a person the right to become an adoptive or foster parent on the basis of "race, color, or national origin." 42 U.S.C. § 671(a)(18). Effective January 11, 2017, the Department attempted to expand the law, adding two new subsections to an existing federal regulation. *See* 45 C.F.R. § 75.300(c), (d). However, Title IV-E already contains a statutory non-discrimination requirement. The Department cannot lawfully expand such statutory provisions through regulations, as a regulation must *implement* the statutory scheme, not *alter* or *amend* it.

The Honorable Steven Wagner
Page 2
February 27, 2018

      Moreover, the new regulatory subsections effectively require CPAs to abandon their religious beliefs or forgo the available public licensure and funding, which violates the constitutional rights of faith-based organizations. A regulation used to limit the free exercise of faith-based providers violates the Religious Freedom Restoration Act ("RFRA"). The purpose of RFRA is to ensure that the government cannot substantially burden the free exercise of religion, such as by pressuring an entity to abandon its religious convictions in order to comply with governmental regulations.

      The Supreme Court has made clear that that faith-based entities may contract with the government without having to abandon their sincerely religious beliefs. In *Trinity Lutheran Church of Columbia, Inc. v. Comer*, the Supreme Court held that the state policy of denying a "qualified religious entity a public benefit solely because of its religious character . . . goes too far" and violates the Establishment Clause. Upholding the new regulations would have the same effect, forcing a religious organization to choose between the tenets of its faith or applying for a CPA license to serve the children of South Carolina.

      South Carolina needs to continue growing our CPAs, not to prevent them from serving our State's children. In fact, one faith-based CPA, Miracle Hill, is our State's largest provider of foster families for Level I foster children, recruiting 15% of the State's foster families. Therefore, on behalf of South Carolina and faith-based organizations like Miracle Hill, I ask that the Department provide a deviation or waiver from its current policy to recoup grant funds from DSS if the Department determines the new regulations are violated by any DSS CPA contracts due to religiously held beliefs. Faith-based CPAs should be allowed to hold their sincerely held religious beliefs and be licensed to recruit foster parents for our foster children.

      I look forward to hearing from you on this very important issue.

                                    Yours very truly,

                                    Henry McMaster