IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Eden Rogers et al., ) | | |
| ) | Civil Action No. 6:19-cv-01567-JD | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | **Motion to Stay Discovery and Hold Pending** | |
| ) | **Discovery Motions in Abeyance**[1] | |
| United States Department of Health and ) | | |
| Human Services et al., ) | | |
| ) | | |
| Defendants. ) | | |

Pursuant to Local Civil Rule 16.00(C) (D.S.C.), Defendant Henry McMaster ("Governor McMaster" or "the Governor"), in his official capacity as Governor of the State of South Carolina, and Defendant Michael Leach ("Director Leach"), in his official capacity as the Director of the South Carolina Department of Social Services ("SCDSS") (collectively the "State Defendants"), move the Court to stay discovery and hold several pending discovery motions in abeyance until this Court decides Governor McMaster's and Director Leach's Motion for Judgment on the Pleadings (ECF No. 173), which was filed simultaneously with this Motion.

State Defendants' Motion for Judgment on the Pleadings summarizes the nature of this case, the alleged facts giving rise to it, and the suit's procedural history.[2] It further explains that Plaintiffs' claims should be dismissed as a matter of law in light of the Supreme Court's holding in *Fulton v. City of Philadelphia*, 141 S. Ct. 1868 (2021), which demonstrates that Plaintiffs have

---

[1] A full explanation of this motion to stay discovery is provided herein, thus Governor McMaster does not file a separate supporting memorandum as it would serve no useful purpose. Local Civ. Rules 7.04, 16.00(C) (D.S.C.).

[2] This Motion incorporates that summary by reference rather than repeating it in full herein. *See* Local Civ. Rule 7.05 (D.S.C.).

failed to state claims on which relief can be granted, and, further, that the relief they request is foreclosed by *Fulton*.

Because *Fulton* is dispositive of the issues in this case, Governor McMaster and Director Leach ask this Court to stay discovery and hold the pending discovery motions in abeyance. Allowing further discovery or ruling on the pending discovery motions before ruling on State Defendants' Motion for Judgment on the Pleadings would waste the Court's time, the parties' time and resources, and the time and resources of non-parties to this litigation who have been served with discovery. Therefore, State Defendants ask this Court to hold all discovery-related matters in abeyance until it rules on State Defendants' Motion for Judgment on the Pleadings.

## **Argument**

A district court "has an inherent power and 'broad discretion' to stay proceedings 'as an incident to its power to control its own docket.'" *Herring v. Lapolla Industries, Inc.*, No. 2:12-cv-02705-RMG, 2013 WL 12148769 at *2 (D.S.C. Aug. 30, 2013) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). "This Court's power to stay its proceedings is well established," for that power is "'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Impulse Monitoring, Inc. v. Aetna Health, Inc.*, No. 3:14-CV-02041-MGL, 2014 WL 4748598, at *1 (D.S.C. Sept. 23, 2014) (Lewis, J.) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).

In deciding whether a stay should be granted, courts "consider[] a number of factors including [1] the breadth of discovery and burden of responding to it, [2] the risk of unfair prejudice to a party opposing the stay, [3] the nature and complexity of the action, [4] the posture or stage of the litigation, and [5] any other relevant circumstances." *Herring*, No. 2:12-cv-02705-RMG, 2013 WL 12148769, at *1. Moving for a stay is "tantamount" to a request for a protective order

2

under Fed. R. Civ. P. 26(c). *Borwn-Thomas v. Hynie*, No. 1-18-cv-02191-JMC, 2019 WL 1043724, at *4 (D.S.C. Mar. 5, 2019). Because in this litigation the totality of factors weighs in favor of the Court staying discovery and holding the pending discovery motions in abeyance, the Court should grant this Motion.

### A.    Breadth of discovery and the burden of responding to it.

Thus far, the discovery phase of this litigation has been broad. Plaintiffs and the State Defendants have served and responded to a collective total of 42 interrogatories (plus the Local Rule 26.01 Interrogatories), 80 requests for production of documents, and 12 requests for admission.[3] Plaintiffs have served multiple subpoenas. The parties have produced thousands of pages of documents, and non-parties have produced many thousands more.[4] Expert reports have been served. The parties have taken more than 55 hours of deposition testimony. And it is not over yet. More depositions remain to be taken. Supplemental written discovery requests could still be served. And two discovery motions are pending before the Court relating to yet *more* depositions that Plaintiffs seek to take, including the Governor's deposition and the depositions of multiple non-parties. *See* ECF Nos. 138, 142. A third pending discovery motion seeks to require the State Defendants to produce excruciatingly detailed privilege logs. *See* ECF No. 137.

All parties (and non-parties) have devoted substantial time and resources to responding to discovery and, in the absence of a stay of discovery, the parties will continue to incur additional time and expense in conducting discovery. Staying discovery in this litigation pending the Court's

---

[3] In addition, Plaintiffs served interrogatories and requests for production on the Federal Defendants, who responded by objecting to each of them and by seeking and obtaining a Protective Order limiting discovery against the Federal Defendants to the production of an Administrative Record.

[4] In the course of this litigation, Plaintiffs subpoenaed Miracle Hill Ministries, a third party, for more than 13,000 pages of documents and conducted three depositions of Miracle Hill personnel, the transcripts of which total 982 pages.

ruling on the impact of *Fulton v. City of Philadelphia* would ease the burden on the Court and conserve judicial resources by preventing the expenditure of unnecessary time to sort out and rule on multiple pending discovery motions. It would prevent needless burden on non-parties who must respond to discovery.[5] And it would spare the parties from the time and expense of unnecessary discovery that would be futile if this Court grants the State Defendants' Motion for Judgment on the Pleadings, thereby dismissing Plaintiffs' claims. *Cuyler v. Dep't of the Army*, Civil Action No. 3:08-3261-CMC-JRM, 2009 WL 1749604 at *8 (D.S.C. June 22, 2009) ("Defendant could and should have avoided the discovery-related concerns by filing a motion to stay deadlines and discovery at the same time it filed its motion to dismiss"); *Burks v. Rushton*, Civil Action No. 3:08-3025-HMH-JRM, 2009 WL 10703167 at *1 (D.S.C. June 8, 2009) ("[T]he motion to dismiss has the potential to dispose of the case on the issues . . . without need for discovery such that it is within the court's discretion to stay discovery pending resolution of the dispositive motion on that basis").

      **B.**     **Risk of unfair prejudice to the party opposing the stay.**

There is no risk of unfair prejudice to any party if the Court grants the State Defendants' motion for a stay of discovery. If the stay is granted and the Motion for Judgment on the Pleadings is granted, Plaintiffs have suffered no prejudice by being unable to complete discovery in this case, for a party who fails to assert a claim on which relief can be granted has no right to conduct discovery. Similarly, if the stay is granted and the Motion for Judgment on the Pleadings is denied, Plaintiffs have suffered no prejudice, as the effect of the stay is merely that the parties temporarily postponed discovery while the Court considered and ruled on the Motion for Judgment on the

---

[5] At present, several of Plaintiffs' subpoenas are pending to depose representatives of SCDSS, a non-party to this litigation. Further, as noted above, Plaintiffs subpoenaed Miracle Hill for vast quantities of documents and three lengthy depositions. The State Defendants do not know if Plaintiffs plan to conduct additional, similar discovery on other non-parties.

Pleadings. The parties have consented to postponing the discovery deadlines previously, and the witnesses that Plaintiffs have noticed for depositions could still be available (assuming *arguendo* that the Court determines their depositions are not barred by the apex doctrine, sovereign immunity, the Rules, or any other reason) after the Court rules on the State Defendants' Motion for Judgment on the Pleadings. A delay in conducting the depositions therefore would not constitute unfair prejudice.

C.    **Nature and complexity of the case.**

This case presents issues that, from the start, the State Defendants argued could and should be resolved as matters of law without the need for extensive factual discovery. The Court already granted a Protective Order significantly limiting the discovery available against the Federal Defendants, ruling the Administrative Record was adequate. As explained in the State Defendants' Motion for Judgment on the Pleadings, the Supreme Court's recent ruling in *Fulton v. City of Philadelphia* confirms what they have argued previously and what this Court has tacitly recognized, namely that this Court can and should dismiss this litigation as a matter of law with no need for discovery because Plaintiffs have failed to state claims on which relief can be granted. The case is not a complex one, and because it can be decided on a preliminary, dispositive issue, no further discovery should be allowed. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (holding in an analogous context that "discovery should not be allowed" until a preliminary and potentially dispositive issue—in *Harlow*, the government officials' qualified immunity—has been decided).

D.    **Posture or stage of the litigation.**

Although much discovery has been had in this suit, there is still much remaining to be done, including multiple depositions, the Court's resolution of multiple pending discovery motions,

5

and—depending on the Court's resolution of those motions—even more potential depositions of parties and non-parties.[6] Because the discovery to be conducted and the discovery motions pending before the Court are extensive, at this stage in the litigation the Court should grant the stay of discovery until it rules on the State Defendants' Motion for Judgment on the Pleadings. When a court determines that a motion is potentially dispositive such that no further discovery is necessary, the court may stay all discovery. *Boudreaux Grp., Inc. v. Clark Nexsen, Owen, Barbieri, Gibson, P.C.*, Civil Action No. 8:18-cv-1498-TMC, 2018 WL 9785308 at *5 (D.S.C. Nov. 20, 2018); *see also Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (good cause to stay discovery may exist where a court is "convinced that the plaintiff will be unable to state a claim for relief").

## CONCLUSION

Here, the totality of the factors weighs in favor of granting the stay of discovery and holding all discovery motions in abeyance of the Court's ruling on State Defendants' Motion for Judgment on the Pleadings. There is still much discovery left in this action—discovery that will be burdensome on the Court, the parties, and potentially non-parties. In contrast, staying such discovery would not be unfairly prejudicial to any party. The Supreme Court's unanimous reversal in *Fulton v. City of Philadelphia* clarified the issues in this action such that it is unnecessary to conduct further discovery and would be an inefficient use of the Court's and the parties' resources to proceed with burdensome, likely irrelevant discovery and to rule on the pending discovery motions without first considering and ruling on the State Defendants' Motion for Judgment on the Pleadings. Because staying discovery and all discovery motions until the Court rules on the Motion for Judgment on the Pleadings would be the best use of the Court's and the parties' resources,

---

[6] The pending discovery motions relate to Plaintiffs' attempts to depose Governor McMaster and employees and representatives of the non-party Office of the Governor. In addition, the deposition of multiple SCDSS representatives and at least one expert witness remain to be done.

Governor McMaster and Director Leach request that this Court stay discovery and discovery-related motions until it rules on the Motion for Judgment on the Pleadings.

        Respectfully submitted,

        NELSON MULLINS RILEY & SCARBOROUGH LLP

        By: s/ Miles E. Coleman
            Miles E. Coleman
            Federal Bar No. 11594
            E-Mail: miles.coleman@nelsonmullins.com
            2 W. Washington St. / Fourth Floor
            Greenville, SC 29201
            (864) 373-2352

            Jay T. Thompson
            Federal Bar No. 09846
            E-Mail: jay.thompson@nelsonmullins.com
            1320 Main Street / 17th Floor
            Post Office Box 11070 (29211-1070)
            Columbia, SC 29201
            (803) 799-2000

        OFFICE OF THE ATTORNEY GENERAL

            Robert D. Cook, South Carolina Solicitor General
            Federal Bar No. 285
            E-Mail: bcook@scag.gov
            Post Office Box 11549
            Columbia, SC 29211
            (803) 734-3970

        DAVIDSON, WREN & DEMASTERS, P.A.

            Kenneth P. Woodington, #4741
            William H. Davidson, II #425
            1611 Devonshire Drive, 2nd Floor
            Post Office Box 8568
            Columbia, SC 29202-8568
            wdavidson@dml-law.com
            kwoodington@dml-law.com
            (803) 806-8222

        *Attorneys for Governor Henry McMaster and Director Michael Leach*

July 15, 2021
Greenville, South Carolina