**UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| EDEN ROGERS and BRANDY WELCH,<br><br>                                    Plaintiffs,<br><br>-against-<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES;<br><br>ALEX AZAR, in his official capacity as Secretary of the UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES;<br><br>ADMINISTRATION FOR CHILDREN AND FAMILIES;<br><br>LYNN JOHNSON, in her official capacity as Assistant Secretary of the ADMINISTRATION FOR CHILDREN AND FAMILIES;<br><br>SCOTT LEKAN, in his official capacity as Principal Deputy Assistant Secretary of the ADMINISTRATION FOR CHILDREN AND FAMILIES;<br><br>HENRY MCMASTER, in his official capacity as Governor of the STATE OF SOUTH CAROLINA; and<br><br>MICHAEL LEACH, in his official capacity as State Director of the SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES,<br><br>                                      Defendants. | Case No. 6:19-cv-1567-JD<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS HENRY McMASTER'S AND MICHAEL LEACH'S MOTION TO STAY DISCOVERY AND HOLD PENDING DISCOVERY MOTIONS IN ABEYANCE** |

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION .................................................................................................................... 1

LEGAL STANDARD............................................................................................................... 4

ARGUMENT............................................................................................................................ 5

    I.    A STAY OF DISCOVERY IS UNWARRANTED BECAUSE STATE DEFENDANTS' RULE 12(C) MOTION IS MERITLESS ......... 5

    II.    A STAY OF DISCOVERY IS UNWARRANTED BECAUSE THE PREJUDICE TO PLAINTIFFS OUTWEIGHS ANY BURDEN ON DEFENDANTS ................................................................. 6

        A.    The Remaining Discovery Is Not Burdensome on State Defendants. ....................................................................................... 6

        B.    Plaintiffs Will Be Prejudiced if Discovery Is Stayed....................... 8

        C.    This Is A Complex Case Raising Weighty Constitutional Issues................................................................................................ 8

        D.    There Is No Reason To Needlessly Postpone Litigation Because Discovery Is Nearly Complete. ......................................... 9

CONCLUSION........................................................................................................................ 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bennett v. Fastenal Co.*,
　No. CV 7:15-CV-00543, 2016 WL 10721816 (W.D. Va. Mar. 8, 2016)......................5

*Brown-Thomas v. Hynie*,
　No. 1:18-CV-02191-JMC, 2019 WL 1043724 (D.S.C. Mar. 5, 2019).........................6

*Ellicott Dredges, LLC v. C.J. Mahan Constr. Co., LLC*,
　No. CV 14-3557-ELH, 2015 WL 13840884 (D. Md. Oct. 22, 2015).......................4, 7

*Fulton v. City of Philadelphia*,
　141 S. Ct. 1868 (2021)...............................................................................................1, 9

*Gibbs v. Plain Green, LLC*,
　331 F. Supp. 3d 518 (E.D. Va. 2018) ..........................................................................9

*Herring v. Lapolla Indus. Inc.*,
　No. 2:12-cv-02705-RMG, 2013 WL 12148769 (D.S.C. Aug. 30, 2013)..............4, 5, 9

*Kron Med. Corp. v. Groth*,
　119 F.R.D. 636 (M.D.N.C. 1988) ...............................................................................4

*Penguin Restoration, Inc. v. Nationwide Mut. Ins. Co.*,
　No. 5:13-cv-00063-BO, 2013 WL 12164640 (E.D.N.C. July 24, 2013).....................8

*Regan v. City of Charleston, S.C.*,
　C.A. No. 2:13-CV-3046-PMD, 2015 WL 1518102 (D.S.C. Mar. 31,
　2015) .......................................................................................................................7, 9

*Simpson v. Specialty Retail Concepts, Inc.*,
　121 F.R.D. 261 (M.D.N.C. 1988) ...............................................................................5

*Virginia ex rel. Integra Rec LLC v. Countrywide Sec. Corp.*,
　No. 3:14CV706, 2015 WL 222312 (E.D. Va. Jan. 14, 2015).......................................9

**Statutes & Rules**

Fed. R. Civ. P. Rule 12(c).....................................................................................1, 5, 7, 8

Fed. R. Civ. P. 26(c) .........................................................................................................4

Fed. R. Civ. P. Rule 30(b)(6)..................................................................................2, 3, 4, 6

Plaintiffs Eden Rogers and Brandy Welch ("Plaintiffs") respectfully submit this memorandum of law in opposition to Defendant Henry McMaster's and Defendant Michael Leach's (together, "State Defendants") Motion to Stay Discovery and Hold Pending Discovery Motions in Abeyance.

## INTRODUCTION

State Defendants filed a Motion for Judgment on the Pleadings (ECF No. 173) on July 15, 2021 and simultaneously filed this Motion to Stay Discovery and Hold Pending Discovery Motions in Abeyance (ECF No. 174).[1]  As explained more fully in Plaintiffs' opposition, State Defendants' Rule 12(c) Motion is meritless.  It is based on a fundamental misunderstanding of the Supreme Court's decision in *Fulton v. City of Philadelphia*, 141 S. Ct. 1868 (2021), and does not justify any stay of discovery.  Moreover, this is just another in a long line of meritless tactics employed by State Defendants to impede Plaintiffs' efforts to take the discovery to which they are entitled.  There would be little burden on State Defendants in continuing discovery whereas a stay would prejudice Plaintiffs.  The motion should be denied.

## BACKGROUND

Document discovery began in June 2020, when Plaintiffs served interrogatories and requests for production of documents ("RFPs") on State Defendants.  State Defendants' responses were facially deficient, consisting almost entirely of form objections.  State Defendants refused to search for responsive documents and agreed only to produce documents State Defendants knew were already in Plaintiffs' possession.  (*See*

---

[1] Plaintiffs' opposition to State Defendants' motion for judgment on the pleadings summarizes the facts of this case, but this brief includes some additional background regarding the history of discovery in this matter for context.

1

ECF No. 107-1 at 1.)  After multiple failed attempts to resolve these issues with State Defendants through meet and confer calls, Plaintiffs were forced to file a motion to compel discovery in October 2020.  (*See generally* ECF No. 107.)  Only after the Court ordered the parties to continue negotiating the discovery dispute (ECF No. 112) did State Defendants finally supplement their document productions (in December 2020 and January 2021).  State Defendants also provided privilege logs with their supplemented productions, which were deficient.  After State Defendants refused to address the issues in their privilege logs, Plaintiffs moved in April 2020 to compel production of amended privilege logs that comply with the Federal Rules.  (*See generally* ECF No. 137).  That motion is currently pending.

State Defendants stonewalled further concerning deposition discovery.[2]  As to Governor McMaster, Plaintiffs issued subpoenas to depose several members of Governor McMaster's staff as individual fact witnesses and requested to meet and confer on topics for a Rule 30(b)(6) witness several times.  (*See* ECF No. 149 at 4-5.)  Despite having produced documents from the same members of his staff, Governor McMaster's Office[3] took the position that these witnesses were somehow immune from deposition discovery.  (*See* ECF No. 153 at 1-2.).  In light of the Governor's Office's refusal to allow Plaintiffs to take the deposition of any *other* members of the Governor's Office

---

[2] For a more comprehensive summary of the events surrounding the dispute regarding deposition discovery with Governor McMaster and the Office of the Governor, Plaintiffs respectfully direct the Court to their oppositions to Governor McMaster's and his Office's motions for a protective order.  (ECF Nos. 149, 153).

[3] Without explanation, counsel for Governor McMaster suddenly alerted Plaintiffs that he could not speak for the Governor's Office and instead directed Plaintiffs to confer with in-house counsel for the Office of the Governor.  (*See* ECF No. 149 at 5.)

2

involved in the events giving rise to this lawsuit, Plaintiffs indicated their intent to notice the deposition of Governor McMaster himself. (*See* ECF No. 149 at 5.) Governor McMaster refused, citing multiple baseless objections. (ECF No. 138-9.) Thereafter, Governor McMaster filed a motion for a protective order to prevent his own deposition, and Governor McMaster's Office filed a motion for a protective order and to quash the subpoenas Plaintiffs served on members of Governor McMaster's staff. (*See generally* ECF Nos. 138, 142.) The combined effect of these motions has been to prevent Plaintiffs from taking deposition discovery of anyone associated with the Governor's Office, despite the fact that the Governor is the most important party in this case. These motions remain pending before the Court.

Defendant Leach was originally more cooperative with respect to deposition discovery. Plaintiffs completed depositions of one Rule 30(b)(6) witness and one additional fact witness from the South Carolina Department of Social Services ("DSS"). Plaintiffs also completed depositions of State Defendants' two expert witnesses and three witnesses from third-party Miracle Hill Ministries ("Miracle Hill"). Plaintiffs and DSS had agreed on deposition dates for two additional witnesses DSS had previously designated, without objection, to testify on its behalf under Rule 30(b)(6), and Plaintiffs were actively seeking to schedule a third. (*See* Barbur Decl. Ex. 1.) In June 2021, however, the individual serving as counsel for Governor McMaster took over representation of Defendant Leach as well (*see* ECF No. 167), at which point DSS ceased discussions concerning the scheduling of the remaining depositions and eventually objected to continuing the Rule 30(b)(6) depositions on grounds that clearly lacked any basis in the Federal Rules of Civil Procedure. (*See* Barbur Decl. Ex. 2.) Ultimately, DSS

3

indicated it would not stand on that objection, but never offered dates on which the remaining three Rule 30(b)(6) witnesses would be available for deposition. (*See* Barbur Decl. Ex. 3.)

Meanwhile, recognizing that these various disputes would inevitably require an extension of the discovery schedule, Plaintiffs asked State Defendants to agree to extend the fact discovery deadline until August 30, 2021. (*See* ECF No. 168 at 1-2.) Although *Fulton* had already been decided on June 17, 2021, State Defendants raised no objection to continuing with discovery and agreed to the extension. (*See* Barbur Decl. Ex. 3.) The parties thereafter filed their consent motion to extend the scheduling order on July 1, 2021 (*see* ECF No. 168), and the Court entered the Fourth Amended Scheduling Order on July 13, 2021 (*see* ECF No. 170). Two days after the Court entered the Fourth Amended Scheduling Order, State Defendants filed their Motion for Judgment on the Pleadings and this motion.

**LEGAL STANDARD**

"A motion to stay discovery is tantamount to a request for a protective order prohibiting or limiting discovery pursuant to" Federal Rule of Civil Procedure 26(c). *Kron Med. Corp. v. Groth*, 119 F.R.D. 636, 637 (M.D.N.C. 1988). Under Rule 26(c), a defendant must clear a "rather high hurdle" by establishing "good cause" for a court to grant a stay of discovery. *Ellicott Dredges, LLC v. C.J. Mahan Constr. Co., LLC*, No. CV 14-3557-ELH, 2015 WL 13840884, at *2 (D. Md. Oct. 22, 2015). "Motions . . . which seek to prohibit or delay discovery are not favored." *Kron Med. Corp.*, 119 F.R.D. at 637. Simply filing a dispositive motion "does not constitute 'good cause' and does not alone warrant the stay of discovery". *Herring v. Lapolla Indus. Inc.*, No. 2:12-cv-02705-RMG, 2013 WL 12148769, at *1 (D.S.C. Aug. 30, 2013).

4

Courts often "take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted". *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988). Additional factors courts consider "includ[e] the breadth of discovery and burden of responding to it, the risk of unfair prejudice to a party opposing the stay, the nature and complexity of the action, the posture or stage of the litigation, and any other relevant circumstances". *Herring*, 2013 WL 12148769, at *1. Taken together, these factors clearly weigh in favor of denying a stay here.

## ARGUMENT

I.   **A STAY OF DISCOVERY IS UNWARRANTED BECAUSE STATE DEFENDANTS' RULE 12(C) MOTION IS MERITLESS**

As explained in Plaintiffs' opposition, State Defendants' Motion for Judgment on the Pleadings is meritless and does not warrant a stay of discovery. That motion is based on a misunderstanding of the *Fulton* decision and a failure to appreciate the difference between a claim arising under the Free Exercise Clause of the First Amendment (the issue in *Fulton*) and claims arising under the Establishment Clause of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment (the issues in this case). There are, in any event, no ripe *Fulton* issues to be resolved here because there has been no enforcement of the applicable non-discrimination regulations against any South Carolina child placing agency ("CPA") that has a religious objection to complying. Moreover, the Supreme Court's *Fulton* decision was based on the unique factual circumstances of that case that do not apply here.

There is thus no "immediate and clear possibility" that State Defendants' motion will be granted. *Bennett v. Fastenal Co.*, No. CV 7:15-CV-00543, 2016 WL

5

10721816, at *1 (W.D. Va. Mar. 8, 2016) (denying a motion to stay discovery where there was not "an immediate and clear possibility that [the motion to dismiss] will be granted") (internal quotation marks omitted); *Brown-Thomas v. Hynie*, No. 1:18-CV-02191-JMC, 2019 WL 1043724, at *7 (D.S.C. Mar. 5, 2019) (denying a motion to stay discovery where there was no indication that defendants' motions to dismiss were "clearly meritorious and truly case dispositive because Plaintiffs vehemently oppose those Motions with substantial arguments") (internal quotation marks omitted). Therefore, the Court should allow discovery to proceed.

## II. A STAY OF DISCOVERY IS UNWARRANTED BECAUSE THE PREJUDICE TO PLAINTIFFS OUTWEIGHS ANY BURDEN ON DEFENDANTS

### A. The Remaining Discovery Is Not Burdensome on State Defendants.

Discovery in this case has proceeded for over a year, and the parties have already taken multiple depositions, responded to interrogatories and requests for admission and produced documents. Putting aside any depositions of Governor McMaster, his staff or his Office, which are the subject of pending motions as described above, there are only four depositions remaining for the parties to conduct. State Defendants have to take the deposition of Plaintiffs' expert Dr. David Brodzinsky. Plaintiffs need to depose the three remaining DSS Rule 30(b)(6) witnesses—Dawn Barton, Susan Roben and Diana Tester. Despite numerous attempts by Plaintiffs to schedule Ms. Roben's deposition, DSS never provided dates on which she would be available after designating her to cover certain of Plaintiffs' Rule 30(b)(6) topics. (*See* Barbur Decl. Ex. 1.) As noted above, Ms. Barton's and Ms. Tester's depositions were scheduled to proceed months ago until DSS postponed and then unilaterally suspended them based on a meritless objection. (*See* Barbur Decl. Ex. 2.) And Dr. Brodzinsky was

6

prepared to proceed with his deposition, which Plaintiffs proposed to schedule for July 29 and 30, but it did not take place once State Defendants filed their Rule 12(c) Motion. (*See* Barbur Decl. Ex. 4.)

Given how little discovery remains to be completed, the burden on DSS in continuing with discovery is minimal and is certainly insufficient to justify a stay simply because a dispositive motion has been filed. *See Regan v. City of Charleston, S.C.*, C.A. No. 2:13-CV-3046-PMD, 2015 WL 1518102, at *2 (D.S.C. Mar. 31, 2015) (finding no prejudice to moving party "by engaging in several more weeks of discovery" and refusing to stay discovery where "complying with the other outstanding deadlines will not be onerous and should not be complicated by the pendency of the" dispositive motion); *Ellicott Dredges*, 2015 WL 13840884, at *2 (finding no burden on moving party to produce documents when moving party represented it had already gathered documents and production was imminent). Such stalling tactics should not be rewarded with a stay of discovery.

Additionally, there is no undue burden on Governor McMaster in denying the stay. If the Court denies Governor McMaster's and his Office's motions for a protective order and to quash subpoenas, Plaintiffs are willing to meet and confer with Governor McMaster's and his Office's counsel to discuss how Plaintiffs can obtain the deposition discovery they need in the least burdensome way. Also, given the extensions of the case schedule to which the parties have agreed, Governor McMaster and his Office will have plenty of time to prepare any witnesses they may have to produce in the event the Court denies the pending motions for a protective order. State Defendants ask the Court to hold the pending discovery motions in abeyance until the Court decides State

Defendants' Rule 12(c) Motion. Should the Court deny State Defendants' Motion to Stay Discovery, the Court should also deny the Motion to Hold Pending Discovery Motions in Abeyance so that the parties can proceed with the Court's complete guidance on the parties' discovery obligations.

### B.  Plaintiffs Will Be Prejudiced if Discovery Is Stayed.

State Defendants incorrectly argue that, if the stay is granted and the Motion for Judgment on the Pleadings is denied, Plaintiffs will have suffered no prejudice because discovery would merely have been temporarily postponed. (Mot. at 4.) But Plaintiffs seek to vindicate violations of their fundamental constitutional rights and seek forward-looking injunctive relief that would provide immediate benefit to them and others. Plaintiffs have already been prejudiced by delays in obtaining the relief to which they are entitled and any further delay will only make the situation worse. *See Penguin Restoration, Inc. v. Nationwide Mut. Ins. Co.*, No. 5:13-cv-00063-BO, 2013 WL 12164640, at *2 (E.D.N.C. July 24, 2013) (denying stay in part because "the potential harm caused by further, indefinite delay outweighs the possibility that the need for discovery may be entirely eliminated"). The Court should see this motion for what it is: yet another baseless attempt by State Defendants to derail the discovery process. State Defendants' efforts to hinder discovery have clearly prejudiced Plaintiffs and should not be rewarded with any further delay of discovery.

### C.  This Is A Complex Case Raising Weighty Constitutional Issues.

As the Court is aware, this case raises weighty and complex constitutional issues concerning the government's authorization and enabling of discrimination by those carrying out a government program when they have a religious objection to complying with non-discrimination requirements. State Defendants disingenuously assert that this

Court has already "tacitly recognized" that Plaintiffs' claims fail as a matter of law. (Mot. at 5.) That is nonsense. To the contrary, the Court *denied* State Defendants' motion to dismiss Plaintiffs' Establishment Clause claim and their Equal Protection Clause claim based on sexual orientation discrimination. (ECF No. 81 at 3.)

By denying State Defendants' motion to dismiss, the Court actually "tacitly recognized" that Plaintiffs adequately stated claims under the Establishment Clause and Equal Protection Clause and that the case should proceed to discovery so that the Court could adjudicate these claims with the aid of fact and expert evidence. Discovery is necessary to explore, for example, the purpose and effect of the government's actions and the extent of its entanglement with Miracle Hill's religious beliefs. Additionally, as even the *Fulton* Court recognized, the free exercise claims State Defendants posit are highly fact-specific. *Fulton*, 141 S. Ct. at 1882. The parties should be allowed to proceed to discovery to develop the record on which this Court will decide these issues.

### D. There Is No Reason To Needlessly Postpone Litigation Because Discovery Is Nearly Complete.

The stage of the case is a particularly important factor in considering a motion to stay discovery, especially when the dispositive motion is filed on the eve of the completion of discovery. *Gibbs v. Plain Green, LLC*, 331 F. Supp. 3d 518, 528 (E.D. Va. 2018) (citing *Virginia ex rel. Integra Rec LLC v. Countrywide Sec. Corp.*, No. 3:14CV706, 2015 WL 222312, at *5 (E.D. Va. Jan. 14, 2015)) ("When courts *do* grant a stay, it is often early in litigation, to minimize prejudice to either party."); *Regan*, 2015 WL 1518102, at *2 (refusing to stay discovery because, *inter alia*, dispositive motion was filed six weeks before the deadline for the completion of discovery); *Herring*,

9

2013 WL 12148769, at *1.  Under the current scheduling order (ECF No. 170), discovery is set to end a little over two weeks after the filing of this opposition.  Discovery is nearly complete, with only a handful of depositions remaining (aside from any depositions of Governor McMaster, his staff or his Office that the Court allows).  The Court should allow discovery to be completed and deny the motion for a stay.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court deny State Defendants' Motion to Stay Discovery and Hold Pending Discovery Motions in Abeyance.

August 12, 2021

Respectfully submitted,

/s/ Nekki Shutt
South Carolina Equality Coalition, Inc.
Nekki Shutt (Federal Bar No. 6530)
BURNETTE SHUTT & MCDANIEL, PA
912 Lady Street, 2nd Floor
P.O. Box 1929
Columbia, SC 29202
(803) 850-0912
nshutt@burnetteshutt.law

Peter T. Barbur (admitted *pro hac vice*)
Katherine D. Janson (admitted *pro hac vice*)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000
pbarbur@cravath.com
kjanson@cravath.com

Leslie Cooper (admitted *pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2633
lcooper@aclu.org

Daniel Mach (admitted *pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
915 15th Street NW
Washington, DC 20005
(202) 675-2330
dmach@aclu.org

M. Currey Cook (admitted *pro hac vice*)
LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
120 Wall Street, 19th Floor
New York, NY 10005
(212) 809-8585
ccook@lambdalegal.org

Karen L. Loewy (admitted *pro hac vice*)
LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
1776 K Street NW, 8th Floor
Washington, DC 20006
(202) 804-6245
kloewy@lambdalegal.org

*Attorneys for Plaintiffs Eden Rogers and Brandy Welch*