IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Eden Rogers et al., | ) |
|         Plaintiffs, | ) Civil Action No. 6:19-cv-01567-JD |
| v. | ) **Reply in Support of the Motion to Stay** |
| United States Department of Health and Human Services et al., | ) **Discovery and Hold Pending Discovery Motions in Abeyance** |
|         Defendants. | ) |

Defendant Henry McMaster ("Governor McMaster" or "the Governor"), in his official capacity as Governor of the State of South Carolina, and Defendant Michael Leach ("Director Leach"), in his official capacity as the Director of the South Carolina Department of Social Services ("SCDSS") (collectively the "State Defendants"), previously moved the Court to stay discovery and hold several discovery motions in abeyance pending the Court's ruling on their Motion for Judgment on the Pleadings. (*See* ECF No. 174.) Plaintiffs' Opposition (ECF No. 181) presents no persuasive arguments to the contrary. The Court should grant the Motion and stay discovery to prevent the unnecessary expenditure of time and effort by the Court, the parties, non-parties, and counsel while the Court considers the State Defendants' dispositive motion.

**Argument**[1]

Plaintiffs initially argue that a stay of discovery is not warranted because State Defendants' Rule 12(c) Motion is "meritless." (*See* ECF No. 181 at 5–6.) Their argument is both incorrect and

---

[1] Plaintiffs' Opposition contains a one-sided factual recitation that is not objective, complete, or entirely accurate. (*See* ECF No. 181 at 1–4, 6–7.) The State Defendants will spare the Court a complete rebuttal, as the details of the parties' past discovery disagreements are unnecessary to the Court's consideration of the Motion to Stay. Plaintiffs' accusations of stalling and stonewalling, however, are not well taken. It was, after all, Plaintiffs who waited until the night before the first deposition in this case to produce over 13,000 pages of documents, most of which had been in their possession in a producible format for months, and who shortly before their expert's deposition unilaterally announced he would not be available at the agreed-upon date and time. *See generally J.R. v. Walgreens Boots All., Inc.*, 470 F. Supp. 3d 534, 548 n.2 (D.S.C. 2020) (Norton, J.) ("In local parlance, this strategy would be called 'sandbagging.'").

misses the point. The State Defendants have moved for a stay while their Rule 12(c) motion is pending. For the Court to decide (as Plaintiffs assert) that motion is meritless, the Court must necessarily decide the motion. It is during that decision window that State Defendants have asked for a stay.

Further, Plaintiffs' assertion that the Rule 12(c) motion is meritless is wishful thinking. As explained in the Motion for Judgment on the Pleadings and the Reply in Support thereof, it is hard to imagine a holding in *Fulton* that could more squarely foreclose the claims Plaintiffs have asserted and the relief they have sought. (*See* ECF Nos. 173 and 181.) Until the Court rules on the merits of the Rule 12(c) Motion, discovery and the pending discovery motions should be stayed.

Plaintiffs' remaining arguments, each of which is discussed in turn below, fare no better.

*1. Burden.* Plaintiffs argue that the remaining discovery is "minimal" and, therefore, would not be burdensome on the State Defendants. (*See* ECF No. 180 at 6–7.) Plaintiffs paint too rosy of a picture. The remaining discovery includes at least four (and potentially seven or more) depositions that, if history is any guide, will each last all day or will span multiple days. The time, effort, and cost required of all the parties and their counsel and the multiple witnesses to prepare for and attend these all-day depositions is hardly *de minimis*. And that is just the depositions. Plaintiffs are careful to avoid saying whether they intend to conduct additional document discovery or non-party discovery.

Further, Plaintiffs' discussion of the burden is notably silent as to the burden *on the Court* of deciding the multiple pending discovery motions that may be mooted by the Court's ruling on the Rule 12(c) Motion. In the absence of a stay, the parties, non-parties, counsel, and the Court will be required to expend additional time and expense engaging in discovery matters that will be futile if the Court grants the Motion for Judgment on the Pleadings. Accordingly, the Court can and should stay discovery and hold the discovery motions in abeyance. *See Burks v. Rushton*, Civil

Action No. 3:08-3025-HMH-JRM, 2009 WL 10703167 at *1 (D.S.C. June 8, 2009) ("[T]he motion to dismiss has the potential to dispose of the case on the issues . . . without need for discovery such that it is within the court's discretion to stay discovery pending resolution of the dispositive motion on that basis"); *Cuyler v. Dep't of the Army*, Civil Action No. 3:08-3261-CMC-JRM, 2009 WL 1749604 at *8 (D.S.C. June 22, 2009) ("Defendant could and should have avoided the discovery-related concerns by filing a motion to stay deadlines and discovery at the same time it filed its motion to dismiss").

  *2. Prejudice.*  Plaintiffs' claim that a temporary stay of discovery would cause them prejudice is implausible. (*See* ECF No. 181 at 8.) Plaintiffs focus their discussion of prejudice on the injury they allege they would suffer from a delay in the ultimate resolution of this lawsuit. But that is not the relevant delay or the injury for purposes of this analysis. Rather, the question is what prejudice, if any, they would suffer from a temporary delay of discovery. As the State Defendants already explained, *that* delay would not prejudice Plaintiffs. (*See* ECF No. 174 at 4–5.)

  Further, Plaintiffs' claim that any delay would prejudice them by delaying their ability to become foster parents is belied by the record, which indicates that at all times relevant to this litigation Plaintiffs had (and have) well over a dozen choices of nearby public or private foster agencies that offer support and services comparable to Miracle Hill and which would gladly accept Plaintiffs' application. *See* Deposition of SCDSS Rule 30(b)(6) witness Jaqueline Lowe at 188:5 to 198:22 (attached as **Exhibit A**) (testifying that in addition to SCDSS, which accepts applications from any qualified foster parent, there are at least 15 private CPAs that work with foster parents to provide non-therapeutic foster care in Upstate South Carolina, most of which have an office in the Upstate and the remainder of which will gladly travel to the prospective foster parent as needed); *id*. at 202:13 to 203:1 (agreeing that "Miracle Hill is not the only show in town when it comes to being a CPA in Greenville"); Deposition of SCDSS witness Lauren Staudt at 120:1 to 121:19

(attached as **Exhibit B**) (testifying that all CPAs provide comparable support to the families that work with them); *id*. at 122:21–24 (testifying that SCDSS provides support and services to foster parents comparable to that available from private CPAs); Deposition of Plaintiff Eden Rogers at 57:5–24 (attached as **Exhibit C**) (admitting that at the time Plaintiffs applied to Miracle Hill, they were aware that SCDSS welcomed applications from any qualified prospective foster parent); *id*. at 75:15–21 (testifying that despite knowing of at least eight other local CPAs with whom they could work, Plaintiffs never contacted any of them to pursue fostering); Deposition of Plaintiff Brandy Welch at 52:5 to 53:25 (attached as **Exhibit D**) (admitting Plaintiffs never applied to or even explored other CPAs despite knowing at least one other same-sex couple in Upstate South Carolina who worked with another foster care agency).

Likewise, Plaintiffs' argument that they will be prejudiced by even a short delay in the ultimate resolution of the legal claims in this lawsuit is belied by the record, which reveals the absence of any factual support for the constitutional claims alleged by Plaintiffs. *See* Deposition of SCDSS Rule 30(b)(6) witness Jaqueline Lowe at 205:15–22 (attached as **Exhibit A**) (testifying that CPAs' recruiting and screening of foster parents, such as Miracle Hill's allegedly discriminatory practices, are not funded or reimbursed by the government); Deposition of SCDSS witness Lauren Staudt at 120:8–18 (attached as **Exhibit B**) (same); Deposition of Eden Rogers at 82:8 to 83:4 (attached as **Exhibit C**) (admitting that if Miracle Hill's recruiting and screening practices are not funded or reimbursed by the government, there is no constitutional violation to be remedied); Deposition of Brandy Welch at 19:4 to 20:10 (attached as **Exhibit D**) (same).

If Plaintiffs desire to achieve their stated goal of becoming foster parents, they can do so, and a brief delay in discovery will not hinder them if they actually choose to pursue fostering.

*3. Complexity.* Plaintiffs assert that this case is a "complex" one and, on that basis, argue that a fully developed record is needed *immediately*. (*See* ECF No. 181 at 9–10.) The State

4

Defendants agree this case is an important one that raises significant constitutional questions, although not the ones argued by Plaintiffs. It is not, however, a complex one that requires extensive factual development—a point this Court tacitly recognized when it granted a Protective Order limiting discovery against the Federal Defendants to the production of an Administrative Record. (*See* ECF No. 126.) Even if this case were one that required exhaustive factual development, the dispositive motion pending before the Court does not require discovery at all because it assumes the truth of the Plaintiffs' allegations. Because the pending Rule 12(c) Motion is likely to resolve the suit on a threshold question, further discovery should not be allowed until that motion has been decided. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (holding in an analogous context that "discovery should not be allowed" until a preliminary and potentially dispositive issue has been decided).

    4. *Litigation stage.*  Plaintiffs argue that because discovery is "nearly complete," the parties might as well go ahead and get it over with. (*See* ECF No. 181 at 9–10.) Their argument is both factually and legally incorrect. It is factually incorrect because, as noted above, there are at least four (and potentially seven or more) depositions remaining; three pending discovery motions to decide; and potentially additional document discovery or third-party discovery. But even assuming discovery is nearer to its end than its beginning, that is no reason to continue taking discovery that may well be futile in light of the pending dispositive motion. *See Boudreaux Grp., Inc. v. Clark Nexsen, Owen, Barbieri, Gibson, P.C.*, Civil Action No. 8:18-cv-1498-TMC, 2018 WL 9785308 at *5 (D.S.C. Nov. 20, 2018) (noting that a court may stay all discovery if it determines that a motion is potentially dispositive); *see also Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (good cause to stay discovery may exist where a court is "convinced that the plaintiff will be unable to state a claim for relief").

5

## CONCLUSION

The totality of the factors weighs in favor of staying discovery and holding all discovery motions in abeyance of the Court's ruling on the Motion for Judgment on the Pleadings.

Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: s/ Miles E. Coleman
Miles E. Coleman
Federal Bar No. 11594
E-Mail: miles.coleman@nelsonmullins.com
2 W. Washington St. / Fourth Floor
Greenville, SC 29201
(864) 373-2352

Jay T. Thompson
Federal Bar No. 09846
E-Mail: jay.thompson@nelsonmullins.com
1320 Main Street / 17th Floor
Columbia, SC 29201
(803) 799-2000

OFFICE OF THE ATTORNEY GENERAL

Robert D. Cook, South Carolina Solicitor General
Federal Bar No. 285
E-Mail: bcook@scag.gov
Post Office Box 11549
Columbia, SC 29211
(803) 734-3970

DAVIDSON, WREN & DEMASTERS, P.A.

Kenneth P. Woodington, #4741
E-Mail: kwoodington@dml-law.com
William H. Davidson, II #425
E-Mail: wdavidson@dml-law.com
1611 Devonshire Drive, 2nd Floor
Post Office Box 8568
Columbia, SC 29202-8568
(803) 806-8222

*Attorneys for Governor Henry McMaster and Director Michael Leach*

August 26, 2021
Greenville, South Carolina