IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| EDEN ROGERS and BRANDY WELCH,  )<br>)<br>Plaintiffs,  )<br>)<br>vs.  )<br>)<br>UNITED STATES DEPARTMENT OF  )<br>HEALTH AND HUMAN SERVICES;  )<br>ALEX AZAR, in his official capacity as  )<br>Secretary of the UNITED STATES  )<br>DEPARTMENT OF HEALTH AND  )<br>HUMAN SERVICES; ADMINISTRATION )<br>FOR CHILDREN AND FAMILIES; LYNN )<br>JOHNSON, in her official capacity as  )<br>Assistant Secretary of the  )<br>ADMINISTRATION FOR CHILDREN  )<br>AND FAMILIES; SCOTT LEKAN, in his  )<br>official capacity as Principal Deputy  )<br>Assistant Secretary of the  )<br>ADMINISTRATION FOR CHILDREN  )<br>AND FAMILIES; HENRY MCMASTER,  )<br>in his official capacity as Governor of the  )<br>STATE OF SOUTH CAROLINA; AND  )<br>MICHAEL LEACH, in his official capacity  )<br>as State Director of the SOUTH  )<br>CAROLINA DEPARTMENT OF SOCIAL  )<br>SERVICES,  )<br>)<br>Defendants.  )<br>)  | Case No.: 6:19-cv-01567-JD<br><br><br><br><br>**ORDER** |

      This matter is before the Court on Defendant Henry McMaster ("Governor McMaster" or "the Governor"), in his official capacity as Governor of the State of South Carolina, and Defendant Michael Leach ("Director Leach"), in his official capacity as the Director of the South Carolina Department of Social Services' ("SCDSS") (collectively the "State Defendants") Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c) based on the Supreme Court's ruling in <u>Fulton v. City of Philadelphia</u>, 141 S. Ct 1868 (2021). (DE 173.) In response,

1

Plaintiffs Eden Rogers and Brandy Welch (collectively "Plaintiffs") contend that Fulton is predicated on a claim arising under the Free Exercise Clause of the First Amendment, while the instant action involves claims arising under the Establishment Clause of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment. (DE 180.)

After reviewing the motion and memoranda submitted, the Court denies State Defendants' Motion for Judgment on the Pleadings for the reasons stated herein.

## BACKGROUND

Plaintiffs, a married couple and Greenville-area residents, allege that they reached out to Miracle Hill Ministries ("Miracle Hill"), in April 2019 to inquire about working with the organization to seek State licensure as foster parents. Miracle Hill is a licensed child-placing agency in South Carolina that, among other things, recruits people to serve as foster parents in the SC Foster Care Program and assists them in obtaining foster-care licenses, (DE 1, ¶¶ 72, 73, 78–80; DE 50-2, p. 1.) Miracle Hill ultimately declined to assist Plaintiffs with obtaining State licensure because of its religious conviction that it should work only with foster parents who share Miracle Hill's religious beliefs. (DE 1, ¶ 81.) Plaintiffs allege that they have been denied the same opportunities to be foster parents in the SC Foster Care Program as families with whom Miracle Hill services, that they have suffered stigma, and that they have been coerced to support Miracle Hill's religious beliefs. (DE 1, ¶¶ 120, 134.)

Plaintiffs' claims against the remaining Federal Defendants concern a regulatory exception issued to South Carolina in January 2019. That exception arises out of HHS' award of grants to South Carolina under Title IV-E of the Social Security Act, which authorizes federal funding to states "[f]or the purpose of enabling each State to provide, in appropriate cases, foster care" programs for eligible children. 42 U.S.C. § 670. To be eligible for Title IV-E payments, a state

2

must submit a foster care plan containing certain features for HHS approval.  Id. at § 671(a).  Title IV-E grants may encompass reimbursement to states for administrative expenses necessary for the provision of child placement services and the proper and efficient administration of the Title IV-E foster care program.  Id. at § 674(a)(3).  Such expenses may include activities like training, case management, and recruitment and licensing of foster homes.  45 C.F.R. § 1356.60(c).  States have discretion to engage third parties to provide many of these services.

HHS has promulgated a regulation that no person may be "denied the benefits of, or subjected to discrimination in the administration of HHS programs and services based on . . . religion."  45 C.F.R. § 75.300(c).  In response to a request from the State, HHS granted South Carolina an exception from section 75.300(c)'s religious non-discrimination provision on January 23, 2019.  See ECF No. 50-2 at 4.  South Carolina sought the exception in connection with its use of federal funds to reimburse faith-based organizations that provide services under the State's Title IV-E foster care program ("the SC Foster Care Program").  In particular, the State rooted its request in the experience of Miracle Hill that, among other things, recruits people to serve as foster parents in the SC Foster Care Program and assists them in obtaining foster-care licenses.  (DE 50-2, p. 1.)

HHS granted South Carolina's requested exception as to "Miracle Hill or any other subgrantee in the SC Foster Care Program that uses similar religious criteria in selecting among prospective foster care parents."  (DE 50-2, p. 4.)  HHS determined that the burden imposed on the free exercise rights of Miracle Hill and similarly situated religious entities by section 75.300(c)'s religious non-discrimination provision was not justifiable under the Religious Freedom Restoration Act ("RFRA"), and that enforcing section 75.300(c) in a manner that could result in Miracle Hill withdrawing from the SC Foster Care Program "would . . . cause a significant programmatic burden . . . by impeding the placement of children into foster care."  (DE 50-2, p.

3.) Plaintiffs filed this lawsuit seeking declaratory and injunctive relief against Defendants for unlawfully authorizing state-contracted, government-funded foster care agencies to use religious eligibility criteria to exclude qualified families from fostering children in the public child welfare system. Plaintiffs contend this practice violates the Establishment, Equal Protection and Due Process Clauses of the United States Constitution and harms vulnerable children by denying them access to the loving families they desperately need and limits opportunities for would-be foster parents to participate in the public child welfare system on the bases of religion and sexual orientation.

## II.     Legal Standard

Rule 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial. . . . " Fed. R. Civ. P. 12(c). "The standard of review for Rule 12(c) motions is the same as that under Rule 12(b)(6)." Drager v. PLIVA USA, Inc., 741 F.3d 470, 474 (4th Cir. 2014). Thus, a Rule 12(c) motion should be granted when, "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Id.  A Rule 12(c) motion is properly filed and granted during the pendency of discovery when a change in controlling precedent makes the relief sought in the suit unobtainable or when a plaintiff is incapable of prevailing on the constitutional claims she has asserted. See Drager, 741 F.3d at 474–76; Pulte Home Corp. v. Montgomery Cnty., Md., 909 F.3d 685, 691, 695–96 (4th Cir. 2018).

A motion to dismiss for failure to state a claim challenges the legal sufficiency of a complaint. See Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). "[A] motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove

4

no set of facts which would support its claim and would entitle it to relief." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Id. To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (internal quotation marks omitted). While a complaint "does not need [to allege] detailed factual allegations," pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Iqbal, 556 U.S. at 678 (internal quotation marks omitted). Stated differently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but it has not 'show[n]' 'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III.    DISCUSSION

State fask this Court to enter judgment on the pleadings in light of the Supreme Court's ruling in Fulton v. City of Philadelphia, 141 S. Ct 1868 (2021). In Fulton, the Supreme Court found that the City of Philadelphia violated the Free Exercise Clause of the First Amendment when it refused to renew its foster care contract with the Catholic Social Services ("CSS") unless CSS agreed to certify same-sex couples. Id. Based on this holding, State Defendants contend that the their accommodation of faith-based providers is not only constitutionally permissible but

5

constitutionally required and the relief Plaintiffs seek—declaratory and injunctive relief against Defendants for unlawfully authorizing state-contracted, government-funded foster care agencies to use religious eligibility criteria to exclude qualified families from fostering children in the public child welfare system—is unconstitutional. (DE 173, p. 8.)

In contrast, Plaintiffs contend that <u>Fulton</u> involved only a free exercise claim, such that the holding therein does not foreclose or predetermine this Court's assessment of the State Defendants' infringement of Plaintiffs' rights under the Establishment Clause of the First Amendment or the Equal Protection Clause of the Fourteenth Amendment. (DE 180, p. 5.) At this stage of litigation and given the prior orders of this Court, this Court agrees. In <u>Fulton</u>, the plaintiffs asserted that the actual application of a non-discrimination clause in a government contract improperly restricted their religious exercise. This case is distinguishable in that no party claims that a non-discrimination policy has been unconstitutionally applied to them, or applied at all. To the contrary, the State Defendants provided a broad exemption from the applicable non-discrimination regulations for all child placing agencies in South Carolina that asserted a sincerely held religious objection to complying. Therefore, at this stage of litigation, State Defendants' motion for judgment on the pleadings must fail.

## CONCLUSION

For the foregoing reasons, it is Ordered that State Defendants' Motion for Judgment on the Pleadings (DE 173) is denied.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Greenville, South Carolina
December 2, 2021