IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Eden Rogers et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 6:19-cv-01567-JD |
| | ) | |
| v. | ) | **Joint Motion for Relief** |
| | ) | **from Mediation Order** |
| United States Department of Health and Human Services et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

Pursuant to Local Rule 16.05 of the Local Civil Rules for the United States District Court, District of South Carolina, the State Defendants and Federal Defendants hereby jointly request relief from the Court's Order to Conduct Mediation (ECF No. 88), and that portion of the Court's Seventh Amended Conference and Scheduling Order (ECF No. 208) that requires the mediation to be completed by February 25, 2022.[1] Local Rule 16.05 provides that such relief "shall be freely given for good cause shown."

Plaintiffs filed this case on May 30, 2019, asserting four causes of action for alleged violations of the Establishment and Equal Protection Clauses of the United States Constitution allegedly arising from actions taken by Defendants regarding private, faith-based foster care services providers. (ECF No. 1.) The Court subsequently dismissed in part Plaintiffs' Equal Protection claim, but allowed the remainder of the case to proceed to discovery. (ECF No. 81.[2]) Over the next 19 months, the parties served and responded to numerous interrogatories and

---

[1] Because a full explanation of the grounds for this motion is contained within the motion itself, the parties do not file a supporting memorandum at this time. Local Civ. Rule 7.04 (D.S.C.)

[2] The Court subsequently granted the Federal Defendants' Motion for a Protective Order limiting discovery beyond the production of the Administrative Record. (ECF No. 126.)

requests to admit; exchanged many thousands of pages of documents; issued subpoenas to third parties; served multiple experts' reports; and conducted 14 depositions. Under the Court's Seventh Amended Conference and Scheduling Order, discovery closed on February 18, 2022.

As the close of discovery approached, and in the following days, the parties' counsel conferred with their respective clients and engaged in written and telephonic discussions between counsel to explore whether settlement of some or all of the claims asserted in this suit would be possible. The mutual determination of Plaintiffs and the State Defendants at the conclusion of these discussions is that settlement of this case, in whole or in part, is not feasible, and that mediation would be an unproductive endeavor and a needless expenditure of time, cost, and effort by the parties, their counsel, and the mediator. Plaintiffs and the Federal Defendants are engaged in conversations to determine whether a resolution of the claims between them is feasible, and they mutually agree that having an appointed mediator will not assist in their efforts, such that the expense and effort involved would be similarly unnecessary.

Undersigned counsel certifies pursuant to Local Rule 7.02 that they conferred with Plaintiffs' counsel in advance of the mediation deadline regarding this motion. During those conversations, Plaintiffs' counsel agreed it was desirable to move for relief from the mediation requirement. Following those conversations, and at the request of Plaintiffs' counsel, undersigned counsel for the State Defendants drafted this Joint Motion and circulated it for all counsel's review prior to the date of the mediation deadline. The parties' counsel exchanged numerous emails over a period of days regarding the draft Joint Motion. Plaintiffs' counsel wished to strike any reference to the close of discovery and the fact that counsel's discussions took place shortly before and after that date. State Defendants' counsel believed those sentences, which are factually accurate, provide needed chronological context for the Court's evaluation of the Motion. Federal Defendants'

counsel took no position on the disagreement. On February 25, 2022, Plaintiffs' counsel informed the other parties' counsel that Plaintiffs declined to join in or consent to this Motion.

For all these reasons, the State Defendants and Federal Defendants and their counsel respectfully submit that good cause within the meaning of Local Rule 16.05 exists for relief from the aforementioned Mediation Order and deadline. Accordingly, the State Defendants and Federal Defendants respectively request that the Court grant this joint motion and excuse the parties from the mediation requirement.

Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: s/ Miles E. Coleman
Miles E. Coleman
Federal Bar No. 11594
E-Mail: miles.coleman@nelsonmullins.com
2 W. Washington Street, Fourth Floor
Greenville, SC 29601
(864) 373-2352

Jay T. Thompson
Federal Bar No. 09846
E-Mail: jay.thompson@nelsonmullins.com
1320 Main Street / 17th Floor
Post Office Box 11070 (29211-1070)
Columbia, SC 29201
(803) 799-2000

OFFICE OF THE ATTORNEY GENERAL

Robert D. Cook
South Carolina Solicitor General
Federal Bar No. 285
E-Mail: bcook@scag.gov
Post Office Box 11549
Columbia, SC 29211
(803) 734-3970

DAVIDSON, WREN & DEMASTERS P.A.

Kenneth P. Woodington
Federal Bar No. 4741

William H. Davidson
Federal Bar No. 425
1611 Devonshire Drive, 2nd Floor
Post Office Box 8568
Columbia, South Carolina 29202-8568
E-mail: wdavidson@dml-law.com
E-mail: kwoodington@dml-law.com
(803) 806-8222

*Attorneys for Defendants Henry McMaster and Michael Leach*

BRIAN M. BOYNTON
Acting Assistant Attorney General

Corey F. Ellis
U.S. Attorney

MICHELLE BENNETT
Assistant Branch Director

s/ Christie V. Newman
  Christie V. Newman
  Assistant United States Attorney
  1441 Main St., Suite 500
  Columbia, SC 29201
  (803) 929-3021
  Christie.Newman@usdoj.gov

  Benjamin Takemoto (admitted pro hac vice)
  Federal Programs Branch
  U.S. Department of Justice, Civil Division
  1100 L Street, NW
  Washington, DC 20005
  (202) 353-0543
  Benjamin.Takemoto@usdoj.gov

*Attorneys for Federal Defendants*