*Rogers et al. v. U.S. Dept. of Health and Human Servs., et al.*

# Exhibit L

**to Governor Henry McMaster's and Michael Leach's Motion for Summary Judgment and Memorandum in Support Thereof**

**Letter from SCDSS to Miracle Hill (January 26, 2018)**

 **DSS** SOUTH CAROLINA
DEPARTMENT of SOCIAL SERVICES

HENRY McMASTER, GOVERNOR
V. SUSAN ALFORD, STATE DIRECTOR



January 26, 2018

**VIA EMAIL, REGULAR MAIL & CERTIFIED MAIL**
Beth Williams
Miracle Hill Ministries
490 South Pleasantburg Drive
Greenville, SC 29607

Dear Ms. Williams:

Thank you for speaking with me on Thursday, January 18, 2018, about the status of Miracle Hill's license as a Child Placing Agency (CPA). As we discussed, the Department has received information that Miracle Hill discriminates against potential foster and adoptive parents/families on the basis of the religion of those parents/families. As a licensed Child Placing Agency, Miracle Hill provides services including home studies and assessments that the Department relies upon in making foster care licensing decisions.

Miracle Hill is a long-standing and valued partner of the Department, sharing the Department's goals of providing services to children and families in the foster care system. Because of the close relationship between the Department and Miracle Hill, the Department proposes that we work together to resolve this issue. In the meantime, the Department has determined that under these circumstances it is appropriate to issue a temporary CPA license pursuant to S.C. Code of Regulations § 114-4930(F).

Upon Miracle Hill's application to renew its CPA license for 2018, the Department, discovered that Miracle Hill's website refers to its recruitment of specifically Christian foster parents/families and that Miracle Hill's application requests information regarding a foster parent/family's religious beliefs and practice. Miracle Hill's Foster Care Manual also instructs its workers to inquire as to a family's particular religious belief and practice (see page 6, item 3 under "Licensing Specialist"; page 10, item 7; and page 26, item k). The Department accordingly followed up with questions regarding Miracle Hill's current practice to determine whether Miracle Hill uses the information in response to these inquiries in order to assess a home for an appropriate foster care placement or if the information is used to determine whether Miracle Hill will or will not serve a foster parent or family on the basis of the family's religion. In telephone conversations with the Department, Miracle Hill has given the Department reason to believe Miracle Hill intends to refuse to provide its services as a licensed Child Placing Agency to families who are not specifically Christians from a Protestant denomination.

Such discrimination on the basis of religion contravenes the following regulations and policies:

1. S.C. Code of Regulations § 114-4980(A)(2)(a) states, "The child placing agency shall utilize the regulations established by the Department to conduct the foster home investigations." The requirements for foster home investigations are set forth fully in S.C. Code of Regulations § 114-550. The CPA licensing regulations do not allow a CPA to create additional requirements for the families it serves.

2. Religious organizations are both entitled and encouraged to participate in Health and Human Services (HHS) programs such as foster care programs, and the Department encourages and values the participation of religious organizations. However, 45 C.F.R. §87.3(d) prohibits religious discrimination by an organization in its provision of these services. "An organization that participates in any programs funded by financial assistance from an HHS awarding agency shall not, in providing services or in outreach activities related to such services, discriminate against a program beneficiary or prospective program beneficiary on the basis of religion, a religious belief, a refusal to hold a religious belief, or a refusal to attend or participate in a religious practice." 45 C.F.R. § 87.3(d).

3. 45 C.F.R. § 75.300(c) prohibits discrimination on grounds of religion. "It is a public policy requirement of HHS that no person otherwise eligible will be excluded from participation in, denied the benefits of, or subjected to discrimination in the administration of HHS programs and services based on non-merit factors such as ... religion.... Recipients must comply with this public policy requirement in the administration of programs supported by HHS awards." 45 C.F.R. § 75.300(c).

4. DSS policy § 710 prohibits discrimination on grounds of religion. "The agency is committed to the exercise of non-discriminatory practice, and shall provide equal opportunities to all families and children, without regard to their ... religion ...." DSS Human Services Policy and Procedure Manual § 710.

Additionally, Miracle Hill's practice appears to violate Miracle Hill's own policy, which was submitted to the Department as part of Miracle Hill's license renewal process. Miracle Hill's Foster Care Manual section MHM.CPA.900 labeled "Introduction" states, "In accordance with Federal and State laws and South Carolina Department of Social Services (SCDSS) policy, this agency and contracted providers for foster care and adoption services are prohibited from discriminating on the basis of race, color, national origin, sex, age, religion, political beliefs or disability." Therefore, the Department's request is that Miracle Hill comply with its own policy submitted for licensure.

The Department requests that Miracle Hill address these concerns and issue a written plan of compliance within thirty days of receipt of this letter. The Department offers technical

ACLU 2.5.19 FOIA -004

10545-B-013

assistance in developing this plan when requested. You may contact me at (803) 898-7511 or Vanessa Anderson at (803) 898-1869 to request assistance. Upon approval of the plan by the Department, Miracle Hill will have an additional thirty days to implement the plan. The temporary license granted herein shall be valid for no longer than six months. Failure to address these concerns will result in the expiration of Miracle Hill's license as a Child Placing Agency.

If you wish to further discuss this determination, please do not hesitate to contact me.

Sincerely,

*Jacqueline S. Lowe*

Jacqueline S. Lowe, M.Ed.
Licensing Director
Child Placing Agency and Group Home Licensing

ACLU 2.5.19 FOIA -005

10545-B-014