# EXHIBIT 30

# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### GREENVILLE DIVISION

|  |  |
|---|---|
| EDEN ROGERS and<br><br>BRANDY WELCH,<br><br>        Plaintiffs,<br><br>   -against-<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES;<br><br>ALEX AZAR, in his official capacity as Secretary of the UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES;<br><br>ADMINISTRATION FOR CHILDREN AND FAMILIES;<br><br>LYNN JOHNSON, in her official capacity as Assistant Secretary of the ADMINISTRATION FOR CHILDREN AND FAMILIES;<br><br>SCOTT LEKAN, in his official capacity as Principal Deputy Assistant Secretary of the ADMINISTRATION FOR CHILDREN AND FAMILIES;<br><br>HENRY MCMASTER, in his official capacity as Governor of the STATE OF SOUTH CAROLINA; and<br><br>MICHAEL LEACH, in his official capacity as State Director of the SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES,<br><br>        Defendants. | Case No. 6:19-cv-01567-JD<br><br><br>**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT HENRY MCMASTER'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS ROGERS AND WELCH** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules"), the Local Rules of the United States District Court for the District of South Carolina ("Local Rules") and any other applicable laws or rules, Eden Rogers and Brandy Welch (collectively, "Plaintiffs") hereby respond and object to Defendant Henry McMaster's First Set of Interrogatories to Plaintiffs Rogers and Welch, served on November 25, 2020 (the "Interrogatories"), as follows.

## GENERAL OBJECTIONS

The following general objections ("General Objections") are incorporated in Plaintiffs' Specific Responses and Objections to each Interrogatory. Plaintiffs' response to any Interrogatory is not and shall not be deemed a waiver of Plaintiffs' General Objections.

1.      Plaintiffs object to the Interrogatories to the extent they purport to impose duties and obligations beyond those imposed by the Federal Rules, the Local Rules and/or any applicable rule or law (the "Applicable Rules"). Subject to and without waiving any General or Specific Objections, in responding to the Interrogatories, Plaintiffs will construe the Interrogatories in accordance with the Applicable Rules.

2.      Plaintiffs object to the Interrogatories to the extent they would require disclosure of information that comes within the scope of the attorney-client privilege; the attorney work product doctrine; or any other applicable privilege, protection or immunity (as used hereafter, the term "privilege" refers to any of the foregoing privileges, protections or immunities). Plaintiffs hereby claim such privilege to the extent implicated by each Interrogatory and exclude such privileged information from their responses. Plaintiffs' response to any Interrogatory should not be construed as an

2

acknowledgement by Plaintiffs that the Interrogatory is proper or calls for anything other than privileged information. Further, any inadvertent disclosure of information protected by any privilege shall not be deemed a waiver of that privilege.

3.      Plaintiffs object to the Interrogatories to the extent that they assume disputed facts or legal conclusions, or purport to characterize facts in describing the information requested. Plaintiffs hereby deny any such disputed facts, legal conclusions or characterizations to the extent assumed by any of the Interrogatories. Any response by Plaintiffs to any such Interrogatory is without prejudice to this objection.

4.      Plaintiffs object to the Interrogatories as overbroad, disproportionate to the needs of the case and not reasonably calculated to lead to the discovery of admissible evidence to the extent they seek information that is not relevant to the claims alleged in the Complaint that survived the Court's May 8, 2020 Order granting in part and denying in part Defendants' Motions to Dismiss (ECF No. 81) (the "Claims"), or any defenses thereto.

5.      Plaintiffs provide these Responses and Objections subject to further discovery in this Action, and further verification and research. Plaintiffs reserve the right to modify, supplement, clarify or amend any or all of the Responses and Objections, if necessary or appropriate.

6.      Plaintiffs' failure to object to an Interrogatory on a particular ground shall not be construed as a waiver of its right to object on that ground or any additional ground at any time.

3

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.    Plaintiffs object to the Definitions and Instructions and any directions, definitions or instructions contained in the Interrogatories to the extent that they alter the generally understood definitions under the Federal Rules or seek to impose on Plaintiffs obligations beyond those required by the Applicable Rules.

2.    Plaintiffs object to the definitions of "Plaintiff", "Plaintiffs", "you" or "your" to the extent they seek to impose an obligation to respond on behalf of any individual other than Plaintiffs, including "agents, servants, representatives, private investigators and others who are in a position of obtaining or may have obtained information for or on behalf of Plaintiffs Eden Rogers and Brandy Welch".  These Responses and Objections are made on behalf of Plaintiffs, as defined herein, only and should not be construed as applicable to any other party, entity or person unless otherwise stated.  Plaintiffs will respond to the Interrogatories based only on information known to them, and which is in their own possession, custody or control, as required by the Applicable Rules.

## SPECIFIC RESPONSES AND OBJECTIONS

### INTERROGATORY NO. 1

Identify any and all Child-Placing Agencies ("CPA") or other private foster or adoption agency including with whom You have communicated, including but not limited to those to whom You have submitted inquiries, applications, or question concerning, regarding, discussing, or relating to foster children, foster parenting, or licensure as foster parents.

### Response to Interrogatory No. 1

In addition to the foregoing General Objections and Objections to Definitions and Instructions, Plaintiffs object to the phrase "including with whom You have communicated" as vague and ambiguous.  Plaintiffs object to the phrase

4

"concerning, regarding, discussing, or relating to" as overbroad, vague and ambiguous. Plaintiffs further object to this Interrogatory as overbroad, disproportionate to the needs of the case and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information not at issue in this Action and not relevant to any Claims and/or defenses in this Action.

Subject to and without waiving the foregoing objections or the General Objections and Objections to Definitions and Instructions, Plaintiffs identify Miracle Hill Ministries.

## INTERROGATORY NO. 2

Identify any Communications or interactions You have had with SCDSS, including but not limited to inquiries, applications, or question concerning, regarding, discussing, or relating to foster children, foster parenting, or licensure as foster parents.

### Response to Interrogatory No. 2

In addition to the foregoing General Objections and Objections to Definitions and Instructions, Plaintiffs object to this Interrogatory as vague and ambiguous to the extent it seeks identification of any "interactions". Plaintiffs object to the phrase "concerning, regarding, discussing, or relating to" as overbroad, vague and ambiguous. Plaintiffs further object to this Interrogatory as overbroad, disproportionate to the needs of the case and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information not at issue in this Action and not relevant to any Claims and/or defenses in this Action.

Subject to and without waiving the foregoing objections or the General Objections and Objections to Definitions and Instructions, Plaintiffs respond that they have not had any Communications or interactions with SCDSS.

## INTERROGATORY NO. 3

Identify any and all individuals or entities with whom You have communicated concerning, regarding, discussing, or relating to foster children, foster parenting, or licensure as foster parents.

## Response to Interrogatory No. 3

In addition to the foregoing General Objections and Objections to Definitions and Instructions, Plaintiffs object to this Interrogatory as overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks identification of "any and all individuals or entities". Plaintiffs object to the phrase "concerning, regarding, discussing, or relating to" as overbroad, vague and ambiguous. Plaintiffs further object to this Interrogatory as overbroad, disproportionate to the needs of the case and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information not at issue in this Action and not relevant to any Claims and/or defenses in this Action. Plaintiffs object to this Interrogatory to the extent it seeks information that is subject to claims of privilege under the attorney-client privilege or is otherwise privileged or protected from discovery.

Subject to and without waiving the foregoing objections or the General Objections and Objections to Definitions and Instructions, Plaintiffs respond that they have spoken with family members, friends, foster parents, people interested in fostering, and their pastors at the Greenville Unitarian Universalist Church about foster children, foster parenting and/or licensure as foster parents.

## INTERROGATORY NO. 4

Identify any and all individuals, entities, or events at which or with whom You have communicated concerning, regarding, discussing, or relating to the factual allegations and legal claims in this suit, including but not limited to: Governor McMaster's Executive Order 2018-12; Governor McMaster's letter of February 27, 2018 sent to the Acting Assistant Secretary of HHS's Administration for Children and

6

Families; and the letter sent by HHS's Administration for Children and Families to Governor McMaster on or about January 23, 2019.

**Response to Interrogatory No. 4**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, Plaintiffs object to this Interrogatory as overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks identification of "any and all individuals, entities, or events". Plaintiffs object to the phrase "concerning, regarding, discussing, or relating to" as overbroad, vague and ambiguous. Plaintiffs further object to this Interrogatory to the extent it seeks information that is subject to claims of privilege under the attorney-client privilege or is otherwise privileged or protected from discovery.

Subject to and without waiving the foregoing objections or the General Objections and Objections to Definitions and Instructions, Plaintiffs respond that they participated in the following events during which this lawsuit was discussed:

- A press conference on May 30, 2019 in Greenville, South Carolina; and

- A Lambda Legal event on August 3, 2019 in Dallas, Texas.

Plaintiffs further respond that they have discussed this lawsuit with family members and friends and have participated in interviews with and made statements to various reporters and media outlets regarding this lawsuit, as reflected in their response to Interrogatory No. 9.

**INTERROGATORY NO. 5**

Identify Your place(s) of employment from January 1, 2017 to the present, including your position, length of tenure in that position and at that employer, and salary.

7

**Response to Interrogatory No. 5**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, Plaintiffs object to this Interrogatory as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence on the grounds that it seeks information not at issue in this Action and not relevant to any Claims and/or defenses in this Action. Plaintiffs further object to this Interrogatory on the grounds that it is unduly intrusive and seeks the disclosure of confidential information.

Subject to and without waiving the foregoing objections or the General Objections and Objections to Definitions and Instructions, Plaintiffs respond as follows:

Plaintiff Eden Rogers is not currently employed outside the home. From March 7, 2017 through November 29, 2019, she worked as a teacher at the UU World of Children, a Montessori school in Greenville located in the Greenville Unitarian Universalist Church. Prior to that, Eden was a teacher and a nanny for many years.

Plaintiff Brandy Welch is a cost engineer at the accounting firm Dixon Hughes Goodman LLP ("DHG"), where she has worked since September 25, 2017. Her annual salary is approximately $75,000. Her title is currently "senior associate," but will soon change to "senior consultant." Prior to her employment at DHG, Brandy worked for State Farm Insurance Company as a claims adjuster.

**INTERROGATORY NO. 6**

Identify any felony or misdemeanor offenses that You have ever been charged with, indicted for, convicted of, plead guilty to, or were abandoned or dismissed nolle prosequi.

**Response to Interrogatory No. 6**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, Plaintiffs object to this Interrogatory as irrelevant and not

8

reasonably calculated to lead to the discovery of admissible evidence on the grounds that it seeks information not at issue in this Action and not relevant to any Claims and/or defenses in this Action. Plaintiffs further object to this Interrogatory on the grounds that it is unduly intrusive and seeks the disclosure of confidential information.

Subject to and without waiving the foregoing objections or the General Objections and Objections to Definitions and Instructions, Plaintiffs respond that they have not been charged with, indicted for, convicted of or plead guilty to any felony or misdemeanor offenses. Nor have there been any felony or misdemeanor offenses that have been abandoned or dismissed nolle prosequi.

## INTERROGATORY NO. 7

Identify the address and nature of your residence(s), including the address(es), whether you rent or own, how long You have lived there, the square footage of the residence, the number of bedrooms and their occupancy, and the names of the individuals who reside or regularly stays overnight in the residence.

## Response to Interrogatory No. 7

In addition to the foregoing General Objections and Objections to Definitions and Instructions, Plaintiffs object to this Interrogatory as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence on the grounds that it seeks information not at issue in this Action and not relevant to any Claims and/or defenses in this Action. Plaintiffs further object to this Interrogatory on the grounds that it is unduly burdensome, intrusive and seeks the disclosure of confidential information.

Subject to and without waiving the foregoing objections or the General Objections and Objections to Definitions and Instructions, Plaintiffs respond as follows:

9

Plaintiffs own a home in Simpsonville, a city in Greenville County. The house, which they purchased in the summer of 2020, has four bedrooms and 2,882 square feet of living area. The residents are Plaintiffs and their two minor children.

## INTERROGATORY NO. 8

Identify the number, ages, and genders of Your children, and state whether they are related to one or to both of you by birth, marriage, and/or adoption, and, if adopted, by whom, when, and where they were adopted and the name and location of any private and/or public agency or entity involved.

## Response to Interrogatory No. 8

In addition to the foregoing General Objections and Objections to Definitions and Instructions, Plaintiffs object to this Interrogatory as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence on the grounds that it seeks information not at issue in this Action and not relevant to any Claims and/or defenses in this Action. Plaintiffs further object to this Interrogatory on the grounds that it is unduly intrusive and seeks the disclosure of confidential information.

Subject to and without waiving the foregoing objections or the General Objections and Objections to Definitions and Instructions, Plaintiffs respond that they have two children, ages eight and eleven.

## INTERROGATORY NO. 9

Identify any public speeches, statements, interviews, or appearances You have given, made, participated in, or been involved in which this lawsuit or the factual or legal claims giving rise to it have been mentioned or discussed, and identify whether and in what kind and amount you have received any reimbursement, remuneration, financial assistance, compensation, or aid of any kind received relating to such event(s).

## Response to Interrogatory No. 9

In addition to the foregoing General Objections and Objections to Definitions and Instructions, Plaintiffs object to this Interrogatory as overbroad,

10

disproportionate to the needs of the case and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information not at issue in this Action and not relevant to any Claims and/or defenses in this Action. Plaintiffs object to the phrase "been involved in" as vague and ambiguous.

Subject to and without waiving the foregoing objections or the General Objections and Objections to Definitions and Instructions, Plaintiffs respond that they have participated in press conferences and interviews and made public statements and appearances during which this lawsuit was discussed, including that they:

- Participated in a press call and a press conference on May 30, 2019 in Greenville, South Carolina;

- Appeared in a video posted on the Lambda Legal website on May 30, 2019;

- Made a statement in ACLU and Lambda Legal press releases on May 30, 2019 that appeared in numerous news articles;

- Participated in an interview for a May 30, 2019 ABC News article;

- Made a statement that appeared in a May 30, 2019 video clip presented by WSPA, WBTW News 13;

- Participated in a live interview for ABC News on May 31, 2019;

- Participated in an interview for a June 28, 2019 NewNowNext article;

- Made a speech at a Lambda Legal event on August 3, 2019 in Dallas, Texas;

- Made a statement in ACLU and Lambda Legal press releases on May 8, 2020;

- Participated in an interview for a November 1, 2020 USA Today article; and

- Participated in an interview for a November 4, 2020 Rewire News Group Instagram post.

11

Plaintiffs further respond that they did not receive any reimbursement, remuneration, financial assistance, compensation, or aid of any kind for these speeches, statements, interviews or appearances.

## INTERROGATORY NO. 10

Identify all evidence that you contend supports your claim in paragraph 108 of your Complaint that the State Defendants' alleged actions harm children in the foster care system by denying them access to needed families and limiting their family placement options.

### Response to Interrogatory No. 10

In addition to the foregoing General Objections and Objections to Definitions and Instructions, Plaintiffs object to this Interrogatory as premature to the extent it seeks the identification of evidence before Plaintiffs are required to identify such evidence and because discovery in this Action is ongoing. Plaintiffs further object to this Interrogatory to the extent it seeks information prepared in anticipation of litigation or for trial, or that is subject to claims of privilege under the attorney-client privilege, constitutes work product, or is otherwise privileged or protected from discovery.

## INTERROGATORY NO. 11

Identify all evidence that you contend supports your claim in paragraph 108 of your Complaint that the State Defendants' alleged actions harm children in foster homes supported by Miracle Hill by subjecting them to religious proselytizing and coercing them to believe and practice Miracle Hill's faith.

### Response to Interrogatory No. 11

In addition to the foregoing General Objections and Objections to Definitions and Instructions, Plaintiffs object to this Interrogatory as premature to the extent it seeks the identification of evidence before Plaintiffs are required to identify such evidence and because discovery in this Action is ongoing. Plaintiffs further object to this Interrogatory to the extent it seeks information prepared in anticipation of litigation or for

12

trial, or that is subject to claims of privilege under the attorney-client privilege,

constitutes work product, or is otherwise privileged or protected from discovery.

## INTERROGATORY NO. 12

Identify each and every child whom you contend has been harmed by the allegations set forth in paragraph 108 of your Complaint.

### Response to Interrogatory No. 12

In addition to the foregoing General Objections and Objections to

Definitions and Instructions, Plaintiffs object to this Interrogatory as overbroad, unduly

burdensome and disproportionate to the needs of the case to the extent it seeks the

identification of "each and every child". Plaintiffs further object to this Interrogatory to

the extent it requires Plaintiffs to provide information that is not in Plaintiffs' possession,

custody or control and on the grounds that the identities of children who have been

harmed as alleged in paragraph 108 of the Complaint are not readily ascertainable.

Plaintiffs object to this Interrogatory to the extent it seeks information prematurely and

because discovery in this Action is ongoing. Plaintiffs further object to this Interrogatory

to the extent it seeks information prepared in anticipation of litigation or for trial, or that

is subject to claims of privilege under the attorney-client privilege, constitutes work

product, or is otherwise privileged or protected from discovery.

## INTERROGATORY NO. 13

Identify all alleged "irreparable harm" that you contend you have experienced caused by the allegations of our Complaint, and identify all evidence that supports your claim.

### Response to Interrogatory No. 13

In addition to the foregoing General Objections and Objections to

Definitions and Instructions, Plaintiffs object to this Interrogatory as premature to the

extent it seeks information and the identification of evidence before Plaintiffs are

required to provide such information and identify such evidence and because discovery in

this Action is ongoing. Plaintiffs further object to this Interrogatory to the extent it seeks

information prepared in anticipation of litigation or for trial, or that is subject to claims of

privilege under the attorney-client privilege, constitutes work product, or is otherwise

privileged or protected from discovery.

## INTERROGATORY NO. 14

Identify all evidence that you contend supports your claim in paragraph
109 of your Complaint that the State Defendants acted with the predominant purpose of
advancing religion.

## Response to Interrogatory No. 14

In addition to the foregoing General Objections and Objections to

Definitions and Instructions, Plaintiffs object to this Interrogatory as premature to the

extent it seeks the identification of evidence before Plaintiffs are required to identify such

evidence and because discovery in this Action is ongoing. Plaintiffs further object to this

Interrogatory to the extent it seeks information prepared in anticipation of litigation or for

trial, or that is subject to claims of privilege under the attorney-client privilege,

constitutes work product, or is otherwise privileged or protected from discovery.

## INTERROGATORY NO. 15

Have you applied to or sought the assistance of SCDSS or any CPA other
than Miracle Hill Ministries to become foster parents?

## Response to Interrogatory No. 15

In addition to the foregoing General Objections and Objections to

Definitions and Instructions, Plaintiffs object to this Interrogatory as not reasonably

calculated to lead to the discovery of admissible evidence to the extent it seeks

14

information not at issue in this Action and not relevant to any Claims and/or defenses in this Action.

Subject to and without waiving the foregoing objections or the General Objections and Objections to Definitions and Instructions, Plaintiffs respond that they have not applied to or sought the assistance of SCDSS or any CPA other than Miracle Hill Ministries to become foster parents.

### INTERROGATORY NO. 16

If your answer to the preceding interrogatory is in the affirmative, identify each and every SCDSS office and CPA to which you have applied or from which you have sought assistance to become foster parents.

### Response to Interrogatory No. 16

In addition to the foregoing General Objections and Objections to Definitions and Instructions, Plaintiffs object to this Interrogatory as not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information not at issue in this Action and not relevant to any Claims and/or defenses in this Action.

Subject to and without waiving the foregoing objections or the General Objections and Objections to Definitions and Instructions, Plaintiffs state that, in light of their response to Interrogatory No. 15, they are not required to respond to this Interrogatory.

### INTERROGATORY NO. 17

If your answer to the Interrogatory 15 is anything other than in the affirmative or includes any reservations, limitations, or objections, identify each and every reason You have not applied to or sought the assistance of SCDSS or any CPA other than Miracle Hill Ministries to become foster parents.

15

**Response to Interrogatory No. 17**

   In addition to the foregoing General Objections and Objections to Definitions and Instructions, Plaintiffs object to this Interrogatory as not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information not at issue in this Action and not relevant to any Claims and/or defenses in this Action.

   Subject to and without waiving the foregoing objections or the General Objections and Objections to Definitions and Instructions, Plaintiffs respond that they have not applied to or sought the assistance of SCDSS or any CPA other than Miracle Hill Ministries to become foster parents because, having been rejected by the largest state-contracted, government-funded CPA in South Carolina, they expected they would receive the same treatment were they to apply to or seek the assistance of another agency.

*Nell. Shutt*

South Carolina Equality Coalition, Inc.
M. Malissa Burnette (Federal Bar No. 1616)
Nekki Shutt (Federal Bar No. 6530)
BURNETTE SHUTT & MCDANIEL, PA
912 Lady Street, 2nd floor
P.O. Box 1929
Columbia, SC 29202
(803) 850-0912
mburnette@burnetteshutt.law
nshutt@burnetteshutt.law

Susan K. Dunn (Federal Bar No. 647)
AMERICAN CIVIL LIBERTIES UNION
OF SOUTH CAROLINA FOUNDATION
P.O. Box 20998
Charleston, SC 29413
(843) 282-7953
sdunn@aclusc.org

Peter T. Barbur (admitted *pro hac vice*)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000
pbarbur@cravath.com

Leslie Cooper (admitted *pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2633
lcooper@aclu.org

Daniel Mach (admitted *pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th Street NW
Washington, DC 20005
(202) 675-2330
dmach@aclu.org

17

M. Currey Cook (admitted *pro hac vice*)
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
120 Wall Street, 19th Floor
New York, NY 10005
(212) 809-8585
ccook@lambdalegal.org
ccohen@lambdalegal.org

Karen L. Loewy (admitted *pro hac vice*)
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
1776 K Street NW, 8th Floor
Washington, DC 20006-2304
(202) 804-6245
kloewy@lambdalegal.org

*Attorneys for Plaintiffs*

January 25, 2021

Columbia, South Carolina

# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### GREENVILLE DIVISION

| | | |
|---|---|---|
| EDEN ROGERS and | ) | Civil Action No.: 6:19-cv-01567-JD |
| | ) | |
| BRANDY WELCH, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| HEALTH AND HUMAN SERVICES; | ) | |
| | ) | |
| ALEX AZAR, in his official capacity as | ) | |
| Secretary of the UNITED STATES | ) | |
| DEPARTMENT OF HEALTH AND | ) | |
| HUMAN SERVICES; | ) | |
| | ) | **CERTIFICATE OF SERVICE** |
| ADMINISTRATION FOR CHILDREN | ) | |
| AND FAMILIES; | ) | |
| | ) | |
| LYNN JOHNSON, in her official | ) | |
| capacity as Assistant Secretary of the | ) | |
| ADMINISTRATION FOR CHILDREN | ) | |
| AND FAMILIES; | ) | |
| | ) | |
| SCOTT LEKAN, in his official | ) | |
| capacity as Principal Deputy Assistant | ) | |
| Secretary of the ADMINISTRATION | ) | |
| FOR CHILDREN AND FAMILIES; | ) | |
| | ) | |
| HENRY MCMASTER, in his official | ) | |
| capacity as Governor of the STATE OF | ) | |
| SOUTH CAROLINA; and, | ) | |
| | ) | |
| MICHAEL LEACH, in his official | ) | |
| capacity as State Director of the | ) | |
| SOUTH CAROLINA DEPARTMENT OF | ) | |
| SOCIAL SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

I hereby certify that I have served a copy of the following as indicated herein below, by emailing and/or by mailing a copy of same on the date below by email and/or by First Class U.S. Mail, postage pre-paid, addressed to the following:

**DOCUMENT SERVED:**    **PLAINTIFFS' RESPONSES AND OBJECTIONS TO HENRY MCMASTER'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS ROGERS AND WELCH**

**PARTIES SERVED:**

Peter M. McCoy, Jr., Esq.
Joseph H. Hunt, Esq.
Christie V. Newman, Esq.
Christopher A. Bates, Esq.
Michelle Bennett, Esq.
UNITED STATES ATTORNEY OFFICE
1441 Main Street, Suite 500
Columbia, South Carolina 29201
Christie.Newman@usdoj.gov

**ATTORNEYS FOR FEDERAL DEFENDANTS**

James R. Powers, Esq.
Trial Attorney
Federal Programs Branch
U.S. Department of Justice,
Civil Division
1100 L. Street, NW
Washington, DC 20005
james.r.powers@usdoj.gov

**ATTORNEY FOR FEDERAL DEFENDANTS**

Miles E. Coleman, Esq.
NELSON MULLINS RILEY &
SCARBOROUGH, LLP
2 W. Washington Street, 4th Floor
Greenville, South Carolina 29601
miles.coleman@nelsonmullins.com

**ATTORNEY FOR DEFENDANT HENRY MCMASTER**

Jay T. Thompson, Esq.
NELSON MULLINS RILEY &
SCARBOROUGH, LLP
1320 Main Street, 17th Floor
Columbia, South Carolina 29201
jay.thompson@nelsonmullins.com

**ATTORENY FOR DEFENDANT HENRY MCMASTER**

Robert D. Cook, Esq.
South Carolina Solicitor General
OFFICE OF THE ATTORNEY GENERAL
Post Office Box 11549
Columbia, South Carolina 29211
bcook@scag.gov

**ATTORNEYS FOR DEFENDANT HENRY MCMASTER**

William H. Davidson, II, Esq.
Kenneth P. Woodington, Esq.
DAVIDSON, WREN &
DEMASTERS, PA
Post Office Box 8568
Columbia, South Carolina 29202
wdavidson@dml.law.com
kwoodington@dml.law.com

**ATTORNEYS FOR DEFENDANT MICHAEL LEACH**

2 of 3

Jill C. Prater, Legal Assistant
BURNETTE SHUTT & MCDANIEL, PA

January 25, 2021

Columbia, South Carolina