# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| EDEN ROGERS et al.,<br>    Plaintiff<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,<br>    Defendants | Civil Action No. 6:19-cv-01567-JD |

## REPLY OF THE COALITION FOR JEWISH VALUES, THE CALL, LIFELINE CHILDREN'S SERVICES, FAITHBRIDGE FOSTER CARE, AND ELIZABETH KIRK IN SUPPORT OF MOTION FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE*

WAGENMAKER & OBERLY, LLC

Matthew Brown*
145 River Landing Dr., Suite 202
Charleston, SC 29492
Tel: 312-626-1600
matthew@wagenmakerlaw.com

*Admitted *Pro Hac Vice*

MINGLEDORFF & PATTERSON, LLC

Christopher Mingledorff
245 Seven Farms Drive, Suite 310
Charleston, SC 29492
Tel: 843-471-1015
chris@mptrial.com

*Counsel for* Amici Curiae

Four faith-based foster care organizations and an adoption law and policy scholar ("proposed *amici*") respectfully submit this reply in support of their motion for leave to file a brief as *amici curiae* (Dkt. 267; Dkt. 267-1). Courts have the discretion to grant such motions when they are useful and timely. *Waste Mgmt., Inc. v. City of New York*, 162 F.R.D. 34, 36 (M.D. Pa. May 30, 1995). Proposed *amici*'s brief satisfies this standard.

I.     **The proposed *amici*'s brief is entirely useful.**

Courts have broad discretion in allowing the filing of an *amicus* brief and should do so when "the brief will assist the judges by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs." *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003). "The criterion is more likely to be satisfied in a case . . . in which the amicus has a unique perspective or specific information that can assist the court." *Id*. Permitting an *amicus* brief is "advisable" when the *amicus* "can contribute to the [District] court's understanding of the consequences" of the potential outcome of the case. *Harris v. Pernsley*, 820 F.2d 592, 603 (3rd Cir. 1987).

    A.  **The proposed amici's brief presents their unique perspective and specific information to assist the Court in understanding the consequences of this case.**

A key issue in this case is whether South Carolina is prohibited from accommodating the religious beliefs of a faith-based foster care agency as it did for Miracle Hill. This is a question of extreme importance to the proposed *amici*. If the Court determines that the law prohibits states from accommodating an agency's religious beliefs, faith-based agencies will be forced to decide

1

whether to curtail their religious mission or operate inconsistently with their religious beliefs.[1] Proposed *amici* seek to illustrate for the Court the consequences of this decision.

The brief of proposed *amici* explains the deeply-rooted religious motivations for caring for vulnerable children (Dkt. 267-1 at 3-5), the extensive history of faith-based organizations' involvement in foster care and their current need to partner with the state (*Id*. at 6-9), and the unique and irreplaceable role of faith-based organizations in the foster care system (*Id*. at 10-16).

The proposed amici's brief provides this unique perspective and specific information for three reasons. First, it illustrates the difficulty these organizations will have in choosing to uphold their religious beliefs or serve vulnerable children. Second, it provides the "insights, facts, [and] data" that assist the Court in understanding the potential consequences of this case. Finally, it supports the final arguments in *amici*'s brief—that the vulnerable children in foster care will be concretely harmed and people of faith will be excluded if faith-based agencies are required to choose to forgo their religious beliefs to serve these children. (*Id*. at 16-23).

**B. The proposed *amici*'s brief provides historical background useful to the Court's determination of the parties' Establishment Clause arguments.**

Both parties have raised Establishment Clause arguments. (*See* Dkt 242 at 23-36; Dkt. 243 at 32-38). The Supreme Court has said, "In place of *Lemon* and the endorsement test, . . . the Establishment Clause must be interpreted by 'reference to historical practices and understandings.'" *Kennedy v. Bremerton School District*, 142 S. Ct. 2407, 2414 (2022) quoting *Town of Greece v. Galloway*, 572 U.S. 565, 567 (2014). The Supreme Court went on to "stress[]" that "[a]n analysis focused on original meaning and history . . . has long represented

---

[1] Indeed, the United States Supreme Court has unanimously held that the Free Exercise Clause is triggered by such a choice. *Fulton v. City of Philadelphia*, 141 S. Ct 1868, 1876 (2021).

the rule rather than some 'exception' within 'the Court's Establishment Clause jurisprudence.'" *Id.*

Under *Kennedy*, the historical practices of faith-based organizations pioneering the field of care for vulnerable children is directly useful to the Court in resolving the parties' Establishment Clause arguments. Faith-based care organizations served these children according to the organization's religious beliefs prior to and after the state entered the field. (Dkt. 267-1 at 6-9). There is no record of faith-based foster agencies being forced to give up their religious beliefs to participate in the foster care program after the state took over. Plaintiffs would have the Court change this historical relationship under the guise of the Establishment Clause. As proposed *amici* demonstrate, historical practices do not support this argument.

Plaintiffs claim that proposed *amici*'s historical account should not be allowed because it includes facts. (Dkt. 274 at 3-4). However, numerous federal district courts, including in the Fourth Circuit, have stated that they should allow an *amicus* brief when it "will assist the judges by presenting ideas, arguments, theories, insights, *facts, or data* that are not to be found in the parties' briefs.'" *Kadel v. Folwell*, 2022 U.S. Dist. LEXIS 64912 at *6 (M.D.N.C. Apr. 7, 2022) (emphasis in original) quoting *Voices for Choices*, 339 F.3d at 544. *See e.g.*, *Neversink Gen. Store v. Mowi USA, LLC*, 2021 U.S. Dist. LEXIS 258476 at *3 (S.D.N.Y Feb. 9, 2021); *Gray v. McDonald's USA, LLC*, 2012 U.S. Dist. LEXIS 192539 at *4 (W.D. Tenn. Feb. 28, 2012); *Northern Mariana Islands v. United States*, 2009 U.S. Dist. LEXIS 125427 at *3 (D.D.C. Mar. 6, 2009). In *Kadel*, the district court allowed the filing of an amicus brief that developed "a fact-based understanding of what it means to be transgender" and related implications. *Kadel* at 4.

The historical accounts are included here for two reasons. First, they similarly provide the court with a historical, fact-based understanding of the role faith-based organizations have

3

played in the care of vulnerable children. Second, as described above, they demonstrate the importance that religious beliefs and motivations have had and continue to have on those who serve with faith-based foster care organizations.

Accordingly, proposed *amici*'s brief is entirely useful to the Court and leave should be granted to file.

## II.     The proposed *amici*'s brief is timely.

There is no rule or statute outlining the procedure for when to request leave to file an *amicus* brief in a district court. Courts have concluded that even when filed late in the briefing cycle, an *amicus'* motion is still timely when the opposing party has sufficient time to respond before the hearing on the matter.[2] *Pavek v. Simon*, 2020 U.S. Dist. LEXIS 52682 at *10-11 (D. Minn. Mar. 26, 2020). Indeed, a court determined that permitting an *amicus* brief filed three years after the start of a case, one year after motions for summary judgment, and five months after briefing was completed but before judgment was issued would not unnecessarily delay the litigation and was timely.[3] *Anderson v. Leavitt*, 2007 U.S. Dist. LEXIS 59108 at *13-14, 17-18 (E.D.N.Y. Aug. 13, 2007). That court went on to say that permitting the brief would not expend further court resources or be further delayed as the court will have already reviewed the proposed *amicus* brief in ruling on the motion for leave to file. *Id*. at 17-18.

Here, the court has not entered a deadline for the filing of *amicus* briefs. It has not set a hearing on the parties' cross-motions for summary judgment. Nor has it entered judgment. Plaintiffs have sufficient time to respond to proposed *amici*'s brief and have already included

---

[2] Proposed *amici* have no objection to allowing Plaintiffs time to respond.
[3] Plaintiffs cite *Long v. Coast Resorts, Inc.*, 49 F. Supp. 2d 1177 (D. Nev. 1999). However, in that case, the United States requested leave to file a brief as *amicus curiae* two months after the court had decided the motions for summary judgment and six weeks after judgment was issued. *Id.* at 1177. Here, the motions for summary judgment are still pending and no judgment has been issued.

some discussion about the merits in their response to the motion for leave. (Dkt. 274 at 2-4). Proposed *amici*'s brief is timely filed and will not cause unnecessary delay.

## CONCLUSION

For these reasons, proposed *amici* respectfully request that their motion for leave to file a brief as *amici curiae* (Dkt. 267) be granted.


Respectfully submitted,

WAGENMAKER & OBERLY, LLC

By: /s/ Matthew Brown
Matthew Brown*
145 River Landing Dr., Suite 202
Charleston, SC 29492
Tel: (312) 626-1600
Fax: (312) 626-1610
matthew@wagenmakerlaw.com

*Admitted *Pro Hac Vice*


MINGLEDORFF & PATTERSON, LLC

By: /s/ Christopher Mingledorff
Christopher Mingledorff
D.S.C. Bar No: 12034
245 Seven Farms Drive, Suite 310
Charleston, SC 29492
Tel: 843-471-1015
chris@mptrial.com


*Counsel for* Amici Curiae


March 20, 2023
Greenville, South Carolina

5